# _Exhibit "A"_

El Paso County - 327th District Court

Filed 11/17/2017 3:22 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

IN THE 327th JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MIGUEL A. MARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: **2017DCV0917** |
| | § | |
| NGUYEN HUU NGUYEN and | § | |
| TRIGO EXPRESS, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TRIGO EXPRESS, LLC'S
## ORIGINAL ANSWER

**TO THE HONORABLE DISTRICT COURT:**

COME NOW, **NGUYEN HUU NGUYEN and TRIGO EXPRESS, LLC,** Defendant

herein ("**Defendant**"), and timely files this, its Original Answer in reply to the Amended Petition

filed by Plaintiff, Miguel A. Mares ("Plaintiff") in this cause and asserts as follows:

### I.

### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant enters a General

Denial Answer and places all of the matters pled by Plaintiff in this case in issue, demanding strict

proof of all of Plaintiff's allegations made herein by a preponderance of the evidence as required

by the Constitution and laws of the State of Texas.

### II.

Defendant reserves the right to amend its Answer further, if necessary.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **TRIGO EXPRESS, LLC**

prays to the Court that all relief requested by Plaintiff against it in this action be denied in its

15586-106/AALM/1332710                Page 1

entirety, that Plaintiff take nothing by his claims asserted against Defendant and that Defendant be allowed to go hence, without delay and with its costs taxed to Plaintiff and for such other and further relief, legal and equitable, general and special, to which Defendant is justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas 79950-1977
(915) 532-2000
(915) 541-1597 (fax)
almanzan@mgmsg.com

By: _Andy Almanzán_
**Andrés E. Almanzán**
State Bar No. 24001643

Attorneys for Defendants
**NGUYEN HUU NGUYEN and
TRIGO EXPRESS, LLC**

## CERTIFICATE OF SERVICE

I, **Andrés E. Almanzán**, certify on this 17th day of November, 2017, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing procedures action pursuant to the Court's Electronic Filing Procedures, which will electronically send notification of such filing to the following counsel of record at his respective e-mail address as follows: James B. Kennedy, Jr., Esq., James Kennedy, P.L.L.C., 6216 Gateway Blvd., East, El Paso, Texas 79905, Attorneys for Plaintiff.

_Andy Almanzán_
**Andrés E. Almanzán**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy

Page 2

NOV 2 1 2017

Filed 11/16/2017 9:49 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

El Paso County - 327th District Court

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 327TH JUDICIAL DISTRICT

MIGUEL A. MARES

vs

Cause No. 2017DCV0917

NGUYEN HUU NGUYEN; UTILITY
TRAILER MANUFACTURING COMPANY

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 01/30/2018 | 2:00 PM | Status/Scheduling Conference |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear

**If you do not show to court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent power.**

If the above reference case has already been settled, tried or dismissed, please notify my Court Coordinator (Estela Alarcon: (915) 546-2032) upon receipt of this order.

**PLEASE BE ADVISED:** *By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court Order mandating electronic filing of civil matters effective January 1, 2014:* Parties shall provide a courtesy hard copy, **MAILED, OR HAND-DELIVERED,** to the court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellations of the hearing.

Signed on this the 9th day of November, 2017

LINDA Y. CHEW, Judge

**_IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING._**

*Fax:*
JAMES B KENNEDY        915-532-2423
ANDRES E ALMANZAN      915-541-1597



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
NOV 21 2017

El Paso County - 327th District Court

Filed 11/15/2017 12:08 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | |
|---|---|
| MIGUEL A. MARES, §<br>§<br>§<br>PLAINTIFF, §<br>§<br>VS. §<br>§<br>NGUYEN HUU NGUYEN AND TRIGO EXPRESS §<br>LLC, §<br>§<br>DEFENDANTS. § | CAUSE NO.: 2017DCV0917 |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION TO DEFENDANT TRIGO EXPRESS LLC

---

TO:    Defendant TRIGO EXPRESS LLC, by and through its registered agent Thao Nguyen at 9601 Bolsa Ave, in Westminster, CA 92683.

COMES NOW, MIGUEL A. MARES, Plaintiff in the above styled and numbered cause, by and through his attorney of record, James B. Kennedy, Jr. of JAMES KENNEDY, P.L.L.C., 6216 Gateway East, El Paso, Texas 79905 and pursuant to TEXAS RULES OF CIVIL PROCEDURE Rules §§197, 194.2, 198, and 196 serves these Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production upon you, the answers to which shall be made by you, separately and fully, in writing, and under oath.  The responses to these discovery requests shall be served upon the undersigned counsel of record for the Plaintiff within **fifty-one (51)** days after the service hereof upon you.  Remember that you have the ongoing duty to amend and supplement your answers and responses hereto should those answers or responses become false or inaccurate given the discovery of information which was not available to you at the time you made your answers and responses.

hereto.

# I. Definitions and Instructions

(1) As used herein, the terms "you" and "your," as used herein and unless explicitly stated otherwise, shall mean **Trigo Express LLC** and/or your employees, agents, and all other natural persons or business or legal entities acting on your behalf.

(2) The allegations of negligence and the description of claimed injuries and damages contained in Plaintiff's Original Petition are incorporated fully herein, as if stated verbatim.

(3) The term "Subject Accident," as used herein, refers to the occurrence that makes the basis of this suit. This occurrence is more fully described in Plaintiff's Original Petition in "Facts."

(4) The term "Subject Injuries," as used herein, shall mean the injuries Plaintiff claims were incurred as a direct and proximate result of the Subject Accident. These injuries and damages were described in Plaintiff's Original Petition, and same are incorporated fully herein as if stated verbatim.

(5) The term "document," as used herein, shall be used to broadly describe information, data, or imagery that has been recorded in any form (e.g., paper, magnetic tape, magnetic disk, optical disk, USB flash drive, signs, placards, banners, tablets, etc.).

(6) The term "accident files and records," as used herein, is intended to have broad reference to all documents required from you by other organizations, state or federal governmental agencies, which are in any way related to any accident you or your co-drivers have been involved in.

(7) The term "co-driver," as used herein, means any person(s) driving or riding with you on the date of the accident, and who at any time during the trip was driving the truck or was acting as a driver-trainer.

(8) The term "driver's qualification file," as used herein, means those documents specifically required by Title 49 CFR Chapter III, Subtitle B, Parts 382, 383, and 391 created and maintained by your employer relating to you.

(9) The term "trip," as used herein, is defined as the transportation or movement of one load of cargo, regardless of load size or type, from its origin to its final destination and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip or new trip origin.



(10)   The term "operational documents," as used herein, means all of the following:

a.   Your trip reports or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by you, inclusive of daily, weekly or monthly cargo transported, time or distance traveled reports or work records, excluding only those documents known as "driver's daily logs" or "driver's record of duty status."

b.   All receipts for any trip expenses or purchases made by you or your co-driver during a trip, regardless of the types of purchase (e.g., fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or cleaning of equipment, special or oversize permits, bridge or toll roads, loading and unloading cost, and all otherwise described receipts).

c.   All cargo pickup or delivery documents prepared by you, your employer, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported by you or your co-driver.

d.   All written requests, letters, memoranda, instructions, or orders, for transportation of cargo issued to you, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by you or your co-driver.

e.   All bills of lading or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or you. This specifically includes readable and complete copies of bills of lading, manifests, or other signed documents for cargo delivered along with any document that shows dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by you or your co-driver.

f.   All equipment or cargo loading, unloading or detention of equipment documents along with any documents showing cargo pickup or delivery dates and times or delays or detention of equipment relative to the operations of you or your co-driver.

g.   All cargo transported freight bills, PRO's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate the date or time of pick up or delivery of cargo by you or your co-driver.

h.   All written instructions, orders, or advice given to you or your co-driver in

reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by you, shippers, receivers, or any other persons or organizations.

i.    Dispatch or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of you or your co-driver.

j.    Any call-in records or otherwise described documents indicating any communications between you and your employer.

k.    All accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by you or your co-driver for your employer.

l.    All initial or rough trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to you in reference to your trips. This specifically includes any summary type documents showing all payments made to you regardless of the purpose of payment or the period of time for which payment was made.

m.    All motor carrier or driver-created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHEK," or generated for or by you, showing date, time and location of fueling or other purchases by you or your co-driver.

n.    All checks or otherwise described negotiable instruments issued to you or your co-driver given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, owner/operator, or for trip lessors for services, where such are in your possession. Specifically copies of the front and back of each check or comchek issued to you or your co-driver.

o.    All state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories, regardless of the form of the permit. This also includes the receipt

acknowledging payment for the permit issued by any governmental agency that relate to the movements of you or your co-driver.

p.  All trip leases or trip lease contracts involving you or your co-driver along with all related documentation issued to or created or received by you. Specifically, this includes any trip leases negotiated between you and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification and include other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of you or your co-driver.

q.  All information from your satellite tracking system, electronic monitoring system, frame relay system, and electronic data communication systems relating to the location of you or your co-driver. This would include "Qualcomm" or any similar data which is generated for the purposes of periodically recording the geographical position of the truck you or your co-driver were operating.

r.  All other documents created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by you or your co-driver.

(11)  The terms "truck" or "tractor," as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by you or your co-driver at the time of the Subject Accident.

(12)  The term "trailer," as used herein, unless otherwise defined in a specific request herein, means any trailer that may have been attached to the power unit being operated by you at the time of the Subject Accident.

(13)  The term "hours of service records," as used herein, means any and all documents created in reference to Title 49 CFR Chapter III, Subtitle B, Part 395, including, but not limited to, driver's record of duty status, drivers' daily logs, time worked cards or other time worked records or summaries. This term also includes all documents created or maintained by you or your co-driver regarding reprimands, warnings, write-ups, or other disciplinary action taken against you in connection with violations of Title 49 CFR Chapter III, Subtitle B, Part 395.

(14)     The term "maintenance files and records," as used herein, means those documents required to be created or maintained by you in accordance with Title 49 CFR Chapter III, Subtitle B, Part 396, "inspection, repair and maintenance." This includes, but is not limited to, all driver's tractor and trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in your possession or on located in the truck operated by you on the date of the accident.

(15)     The "FOMCHSFO," as used herein, means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the Federal Motor Carier Safety Requires, as is set forth in Title 49 CFR, Chapter III.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify yourself by stating your name, address, telephone number, date of birth, driver's license number and the state in which it was issued, and your social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**
Have you been sued under the correct name? If yes, please so state. If not, please provide your full and correct name, address, and telephone number, and the identity of your registered agent or the person or entity who is authorized to receive service of process.

**ANSWER:**



**INTERROGATORY NO. 3:**
Pursuant to Texas Rules of Civil Procedure §192.3(f), describe any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of judgment that may be entered into this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the person or entity insured, the name and address of the insurer, the limits of applicable coverage and the amounts of any applicable deductibles or self-insured retentions. If any of the applicable insurance policies are aggregate limit policies, please state the applicable limits, whether any claims applicable to such limits have been made, the name, address and phone number of the claimant(s) and his/her attorney(s) and the amount reserved on such claim, state whether any sums have been paid, and if so, state the amount paid, and state the last date upon which a claim can be made against such aggregate limit. Further, please state whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation or rights letter, or any other document or agreement regarding coverage has been signed by or sent or communication to you.

**ANSWER:**

**INTERROGATORY NO. 4:**
State the name, address, telephone number, area of expertise, and the subject matter upon which you consulted any experts whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify which of the Subject Injuries you are asserting were not caused or aggravated by the occurrence of the Subject Accident. Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 6:**
If you are asserting more than just a General Denial (TRCP 92) as to the cause(s) of the Subject Injuries, identify the facts upon which you base your assertion. Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 7:**
Please state whether you were charged with any traffic violations in connection with the Subject Accident and, if so, the final disposition of such traffic charge.

**ANSWER:**



**INTERROGATORY NO. 8:**
Please state whether you have ever been charged with or convicted of any crimes and if so, the date of the accident giving rise to the charge(s), the nature of the offense with which you were charged and the disposition of the charge(s).

**ANSWER:**

**INTERROGATORY NO. 9:**
State the approximate speed of your vehicle at the time of the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 10:**
Please state the purpose of your trip at the time of the Subject Accident.  If you were acting within the course and scope of your employment with any employer whom you were employed with at the time of the Subject Accident, or if you were driving a vehicle owned by any such employer, state the name, address, and phone number of any such employer.

**ANSWER:**

**INTERROGATORY NO. 11:**
State whether you consumed any intoxicating beverages or controlled substances within 24 hours prior to the Subject Accident and, if so, specify the type of beverage or controlled substance, the quantity consumed, the time and place where same was consumed, and the identity and address of each person who was present when the beverage and controlled substance was consumed.

**ANSWER:**

**INTERROGATORY NO. 12:**
Please identify all of your employers for the previous ten years by stating the name, address, and telephone number of the employer, the name of your immediate supervisor, a brief description of the nature of your duties, and beginning and ending dates of employment with same.  Please make an indication for the employer(s) you were acting within the course and scope of your employment with at the time of the Subject Accident, if applicable.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please state any and all addresses you have lived at for the previous ten years.

**ANSWER:**



**INTERROGATORY NO. 14:**
Please state whether you have ever been involved in any other motor vehicle collisions at a time when you were the operator of an involved motor vehicle, exclusive of the Subject Accident, and, if so, the date of such collision, whether any claims or civil actions for personal injuries arose out of such collision and the disposition of such claims or civil actions.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state your educational background including all post-elementary school institutions attended, the dates of such attendance and any degrees, diplomas or citations earned.

**ANSWER:**

**INTERROGATORY NO. 16:**
Please state all medications that you had consumed during the two months prior to the Subject Accident, state the dates of consumption, the dosage consumed and the state whether you were taking such medication pursuant to a prescription.

**ANSWER:**

**INTERROGATORY NO. 17:**
Please state the name and address of any and all health care providers, including optometrists or ophthalmologists, of whom you have been a patient for the ten years preceding the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 18:**
Briefly describe the damage that was done to the vehicle you were operating at the time of the Subject Accident and identify the total charges of the cost of repairs to that vehicle.

**ANSWER:**

**INTERROGATORY NO. 19:**
State your contentions as to how the Subject Accident occurred. If you contend that there was any negligence in connection to the Subject Accident attributable to Plaintiff, please identify any such acts or omissions on his part.

**ANSWER:**



**INTERROGATORY NO. 20:**
If you contend that Plaintiff was negligent at the time of the Subject Accident, and that such negligence was a contributing or proximate cause of the Subject Accident, please identify the actions or omissions committed by Plaintiff that you contend were negligent and caused or contributed to cause the Subject Accident. You may attach all descriptive aids as you deem necessary to clarify your answer.

Answer:

**INTERROGATORY NO. 21:**
Please describe any physical pain, injury, or mental anguish you experienced in connection with the Subject Accident. If you reported any of these conditions to your employer at the time of the Subject Accident, please so state. If you missed any work as a result of these conditions, please so state.

**ANSWER:**

**INTERROGATORY NO. 22:**
In the event your company's written policies regarding the hours of service are different from Title 49 CFR Chapter III, Subtitle B, Part 395, please state verbatim your company's written policies regarding the hours of service of your drivers. In lieu thereof, simply attaching these written policies to your answers is sufficient.

**ANSWER:**

**INTERROGATORY NO. 23:**
With respect to the hours of service records and the entries as they are recorded therein for the forty-eight- hour-period immediately preceding the Subject Accident, for each change in duty status of you (e.g., driving, resting, off-duty, etc.), please state the time of day, and the effective status of duty for you. In lieu thereof, produce the hours of service records for the forty-eight hour period immediately preceding the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 24:**
Describe any negative employment-related actions taken against you by your employer in connection with the Subject Accident.

**ANSWER:**



**INTERROGATORY NO. 25:**
Please state the number of citations you have received in connection with violations of 49 CRF Chapter III, Subtitle B, Part 395 - hours of service of drivers, since the date of the start of your performing driving services on your employer's behalf continuing up to either the date of your termination of driving services on your employer's behalf, if applicable, or present date.

**ANSWER:**

**INTERROGATORY NO. 26:**
Since the date of the Subject Accident, have you complained about any physical pain and suffering, or mental anguish to your employer or its compensation carrier? If so, please identify the date the complaint(s) first occurred, how many times you have complained of same, and state whether you have been given any time off from work in connection with said complaints.

**ANSWER:**

**INTERROGATORY NO. 27:**
Did you file for workers compensation in connection with the Subject Accident? If so, please state the date you went on workers compensation, the duration of workers compensation (if it is continuing, please so state), and when you are anticipated to return to work.

**ANSWER:**

## REQUESTS FOR DISCLOSURE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose the information set out within §194.2, subsections (A) through (L).

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
You have been sued by your correct name.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
You have been sued in the correct capacity.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 3:**
Venue is proper in the county in which the Petition was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
This Court has proper jurisdiction for all matters brought to issue by the Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
You had liability automobile insurance at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
You were at least 50% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
You were 100% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
You were issued one or more citations in connection with the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
You were issued a citation for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
You plead guilty to a citation for causing the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 11:**
You have verbally admitted fault for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
You exceeded the speed limit within sixty seconds before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
You saw Plaintiff's vehicle prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
You were aware of the location of Plaintiff's vehicle prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
You were injured as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
You plan on seeking compensation for personal injuries and/or property damage arising from the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
You are not asserting Plaintiff is at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
You did not see Plaintiff's vehicle prior to the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 19:**
You were using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
You consumed prescription drugs within 24 hours before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
You consumed illegal drugs within 24 hours before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Your driver's license has been suspended or revoked in any State prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
You have been arrested or convicted of a DWI or DUI prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
You have been at fault for causing an automobile accident prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
The road conditions did not cause the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
The Subject Accident did not occur as a result of a sudden emergency.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 27:**
You had a suspended drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
You had a revoked drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**
You had permission to drive the vehicle you were driving at the time of the Subject Accident from the owner of the vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
You were acting within the course and scope of your employment at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**
You filed a workers compensation claim as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**
You or your spouse owned a cell phone and/or were in possession of a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
One of the passengers in the vehicle with you at the time of the Subject Accident was using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**
A cell phone was in use in your vehicle at the time of the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 35:**
A cell phone was in the vehicle at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**
You were familiar with the area where the Subject Accident occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**
You were hauling goods or merchandise for your employer at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**
At the time of the Subject Accident, you were returning from a delivery for your employer at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**
Your employer at the time of the Subject Accident is a party to this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**
You kept andr maintained an hours of service records book at the time of the accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**
The hours of service records, in their original form at the time of the Subject Accident, contain no false information.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**
Since the date of the Subject Accident, the hours of service records for the date of the Subject Accident have been altered.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 43:**
You were accompanied by a co-driver at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**
You have identified your co-driver in your response to Request for Disclosure §194.2(e)

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**
At the time of the Subject Accident, you were required by your employer to maintain hours of service records.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**
You kept an hours of service record at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**
You are in possession of the hours of service records for the date of the Subject Accident..

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**
You are or should be in possession of the hours of service records for the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**
The hours of service records for the date of the Subject Accident contains no false information.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 50:**
The hours of service records for the date of the Subject Accident contains entries that document violations of laws, company policies, rules, or regulations in relation to maximum driving time within a 24-hour period, maximum driving distance within a 24-hour period, or maximum time allowed to drive without rest.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**
You caused the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**
The Subject Accident is documented in the hours of service records for the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**
It is your contention you are at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**
You are in possession of documents that suggest you caused, or contributed to cause the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**
You and your employer have discussed the Subject Accident prior to litigation in this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 56:**
You had insurance under which you were a "covered person" at the time of the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 57:**
You are periodically tested for alcohol in your system by your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**
You are periodically tested for illegal drugs in your system by your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 59:**
You have failed one or more tests for the presence of alcohol since the time your employment began with your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**
You have failed one or more tests for the presence of illegal drugs since the time your employment began with your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**
You were tested for the presence of drugs and alcohol within 12 hours prior to or subsequent to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 62:**
You were tested for the presence of drugs and alcohol within two days prior to or subsequent to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 63:**
You tested positive for the presence of alcohol or illegal drugs on the test immediately prior or subsequent to the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 64:**
You complained of physical pain and/or mental anguish in connection with the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:**
You were given time off of work to recover from injuries and/or mental anguish arising from the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:**
Following the Subject Accident, your employment have been terminated voluntarily by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:**
Following the Subject Accident, your employment has been terminated by your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 68:**
Your employer has policies, rules, or regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:**
Your employer has written policies, rules, and regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 70:**
You have violated your employer's policies, rules, or regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period, since the date of the start of your employment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 71:**
You have reviewed Plaintiff's medical records and medical bills arising from the Subject Injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 72:**
You are not contesting the cause of the Subject Injuries.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
True, correct, and complete photocopies of all Depositions upon Written Questions taken of any records custodian in connection with this lawsuit pursuant to Tex. R. Civ. P. Rule §200, together with any and all documents that were:
    (1) produced by the witness;
    (2) marked as exhibits to the deposition; or
    (3) provided to the witness by the deposition officer.
Please supplement your response to this request as necessary throughout the course of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
All photographs or video footage of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Written notice of your intention to use any evidence of prior convictions of felonies or crimes of moral turpitude against Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 4:**
All evidence of prior convictions of felonies or crimes of moral turpitude relating to Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
The materials described by Tex. R. Civ. P. §192.3(e)(6) regarding any consulting experts of yours whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Copy of the front and back of your driver's license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Copy of the title to the vehicle that you were driving at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Any and all photographs or videotapes you have of the vehicles, the parties involved in this case and the scene in question at the time of or following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
A copy of any damage appraisal of your vehicle.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 10:**
Any and all insurance agreement policies, whether basic, umbrella or excess, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If any of these policies is an aggregate limits policy, and claims applicable to the aggregate limit have been made, please attach copies of all correspondence relating to such claims, and, if payments have been made that are chargeable to the aggregate limit, please attach copies of all checks, drafts, or other instruments reflecting such payments, receipts reflecting such payment and any agreements, including releases, relating to such payments. Further, if any person carrying on an insurance business has reserved his/her/its rights relative to the incident giving rise to this case, please provide all correspondence relating to such reservation of rights.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Any photographs, video tapes, drawings, maps, diagrams, graphs, sketches or other graphic representations of the accident, the scene of the accident, the motor vehicles involved in the accident or of the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Copies of any and all (oral, written, or transcribed) statements from any person with knowledge of relevant facts referenced in Plaintiff's Petition. This request includes any statements that would be exempt from discovery under the work product privilege. In lieu of producing documents you may claim to be covered by the attorney client privilege, you are hereby requested to submit same for incamera inspection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Copies of all reports created by a  local, state, or federal governmental agency prepared in conjunction with or as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
A copy of any document that you will proffer as evidence at the trial of this case. This does not include rebuttal evidence, the use of which cannot be reasonably anticipated before trial.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 15:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Any and all local, state, or federal governmental agency document indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
The cell phone records for the date of the accident, for any cell phone in your vehicle that would either tend to prove or tend to disprove that a cell phone was in use in your vehicle at the time of the accident. This request should not be construed as a request into the substance or subject matter of any communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any documents you would introduce at trial to show that the Subject Accident occurred as a result of a sudden emergency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries do not exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all local, state, or federal governmental agency document indicating the Subject Injuries do not exist.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 21:**
A true and correct copy of the hours of service records for the month in which the Subject Accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
True and correct copies of any citations you have received within 5 years preceding the Subject Accident while performing in the course and scope of your employment with your employer at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
Complete and clearly readable copies of all trip or operational documents (refer to Definitions and Instructions) pertaining to the movement of cargo by you or your co-driver for the period of time beginning one month prior to the date of the Subject Accident and ending on the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Produce your DOT audits for the preceding two years and the audit for the year in which the subject accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
Produce your safety ratings for the preceding two years and the audit for the year in which the subject accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Complete and clearly readable copies of your driver's personnel file (refer to Definitions and Instructions), or any otherwise titled files on you in reference to services performed for you by you, from initial contract or employment with you to the present date.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 27:**
Complete and clearly readable copies of any state or FOMCSFO (refer to Definitions and Instructions) issued terminal audits, road equipment compliance inspections, driver compliance inspections, warnings of violations, or traffic citations issued in reference to the activities of you or your co-driver, by any city, county, state or federal agency or law enforcement official in your possession. This request specifically includes any documents issued by any governmental agency arising from the activities of you from the date of your initial employment to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in your possession in reference to the Subject Accident excluding only those written documents, materials and objects that can be clearly identified as the work product of the defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by any of the defendants to any other person, organization or governmental entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**
Complete and clearly readable copies of any and all accident files and records (refer to Definitions and Instructions) maintained by you or your employer in reference to any vehicular accident, or accident, prior to the occurrence of the Subject Accident wherein you or your co-driver or driver-trainer were involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**
Complete and clearly readable copies of all hours of service records created by you or your co-driver, for the period of time beginning one month prior to the date of the Subject Accident and ending on the date of the Subject Accident, that are in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**
Complete and clearly readable copies of any and all notices, directives, bulletins, publications, or otherwise company-distributed manuals of any type relating to the day-to-day motor carrier operating and safety procedures given to you by your employer, to be followed by you, in existence and effective in your employer's company on the date of the Subject Accident.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 32:**
Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording" data or records created with QualComm, HighwayMaster, American Mobile Satellite Corp.'s devices, or such other similar technology, where such documents are indicative of the geographical locations of the truck, during the period of time beginning one month prior to the Subject Accident and ending on the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
All documents reflecting or relating to written driving examinations taken by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**
Training videos or other materials used for the training of your company's drivers within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**
Training videos or other material that was used during your training with your employer. If the responsive material is identical to the material that is responsive to the preceding request, please so state in your response.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**
Equipment-related documents for the tractor required by 49 C.F.R. Chapter III, Subtitle B, Part 376 for the last year.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**
All photographs, drawings, diagrams, records of measurements and other depictions and documents reflecting the scene of the occurrence in question and vehicles involved.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 38:**
All reports, memos, correspondence, notes, telephone messages, voice mail recordings, e-mail, and other communications among or between you and other third parties from the time of the Subject Accident until the collection of specimens from you for alcohol and controlled substances testing, only to the extent such communications were concerning the condition, whereabouts, activities, testing and other circumstances concerning you. This request does not seek communications protected by the attorney-client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**
All documents reviewed, prepared, or otherwise utilized in connection with any internal analysis or investigation into the Subject Accident, only to the extent that the analysis was conducted pursuant to your internal safety policies (i.e., this request does not seek the results of investigations conducted by your attorney in preparation of litigation).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**
All documents reviewed, prepared, or otherwise utilized in connection with any internal analysis or investigation into the "vehicle cause and prevention" of all collisions involving your vehicles or drivers over the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**
All "maintenance files and records" for the tractor and trailer that was driven by you on the date of the Subject Accident, for the period from its original purchase or lease by you, regardless of from whom it was obtained, through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**
All lease agreements, use agreements, employment agreements, or other agreements relating to the tractor, trailer or you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**
The registration and title documents for the tractor and trailer.

**RESPONSE:**



PLAINTIFF'S INTERROGATORIES, REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION TO
DEFENDANT TRIGO EXPRESS LLC
PAGE 28 OF 29

**REQUEST FOR PRODUCTION NO. 44:**
All documents relating to the U.S. Department of Transportation surveys and audits conducted on, for, or against you or your employer for the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**
The tractor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**
The trailer.

**RESPONSE:**

<div style="margin-left:40%">

Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By:    */s/ James Kennedy*
      **JAMES B. KENNEDY, JR.**
      State Bar No.: 00791014

</div>

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

NOV 2 1 2017

El Paso County - 327th District Court

Filed 11/15/2017 12:08 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MIGUEL A. MARES, | § | |
| | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CAUSE NO.: 2017DCV0917 |
| | § | |
| NGUYEN HUU NGUYEN AND TRIGO EXPRESS | § | |
| LLC, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW, MIGUEL A. MARES, Plaintiff in the above styled and numbered cause, by and through his attorney of record, JAMES B. KENNEDY, JR. of JAMES KENNEDY, P.L.L.C., and files this, PLAINTIFF'S FIRST AMENDED PETITION, and for cause of action would show the court the following:

### DISCOVERY CONTROL PLAN

1.      Discovery will be conducted under Level III pursuant to Rule §190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### PARTIES TO THIS ACTION

1.      Plaintiff resides in El Paso County, Texas.

2.      Defendant Nguyen Huu Nguyen is an individual who resides and may be served with process at 2158 San Marcos Dr., Yuma, AZ 85365 or anywhere they may be found.

3.      Defendant Trigo Express LLC is a business entity based in California doing regular and systematic business in the state of Texas and who may be served with process through its registered agent, Thao Nguyen, at 9601 Bolsa Ave, Westminter, CA 92683.

### JURISDICTION AND VENUE

Venue is proper in El Paso County, Texas because the incident made the basis of

this lawsuit occurred in El Paso County, Texas.

<div align="center">FACTS</div>

1.     On or about February 23, 2016, Defendant Nguyen Huu Nguyen while acting in the course and scope of his employment/agency/joint venture/joint enterprise/partnership with Defendant Trigo Express, LLC, negligently caused struck Plaintiff with an 18-wheeler tractor-trailer, which resulted in severe injuries and damages to Plaintiff (hereinafter "subject accident").

2.     The negligence of Trigo Express LLC is alleged more fully below.

3.     The subject accident was the proximate cause of the injuries and damages sustained by Plaintiff, which are set forth more fully below.

<div align="center">CAUSE OF ACTION</div>

1.     DEFENDANT NGUYEN HUU NGUYEN proximately caused the subject accident by ways including, but not limited to, the following when he:

    (a)   Failed to use the due care and caution of an ordinary and prudent person in the same or similar circumstances;

    (b)   Failed to take proper evasive action;

    (c)   Failed to keep a proper look-out;

    (d)   Moved the vehicle when it was clearly unsafe and dangerous to do so, which constitutes negligence *per se*, (V.T.C.A., Transp. Code §545.060); and

    (e)   Committed other negligent acts and omissions to be determined during the course of discovery.

2.     The above referenced acts and omissions, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiff. Furthermore, this conduct violates the Transportation Code of Texas as specified above,

PLAINTIFF'S FIRST AMENDED PETITION



which constitutes negligence *per se.*

3.      Nguyen Huu Nguyen was operating his vehicle as an employee, agent, servant, partner, joint venture Defendant Trigo Express, LLC.

4.      At the time of the subject incident, Nguyen Huu Nguyen was acting in the course and scope of his employment/agency/joint-venture/joint-enterprise/partnership with Defendant Trigo Express, LLC.

5.      Alternatively, Nguyen Huu Nguyen was on a mission for Defendant Trigo Express LLC at the time of the subject incident.

6.      Defendant Trigo Express, LLC is also individually liable for the negligent hiring, training, supervision, and retention of Nguyen Huu Nguyen. Under Texas law, claims of negligent hiring/training/supervision/retention are considered unique causes of action that are independent of the *respondeat superior* doctrine. *Dieter v. Baker Serv. Tools, A Div. of Baker Intern, Inc,* 7396 S.W.2d 405, 408 (Tex.App.-Corpus Christi 1987, writ denied).

7.      Defendant Trigo Express LLC knowingly caused a motor vehicle to be operated by an unlicensed and unskilled driver, which violates Texas Transportation Code §521.458 and constitutes negligence which was a proximate cause of the occurrence in question.

8.      The above-mentioned violation of the Texas Transportation Code also constitutes *negligence per se.*

9.      Defendant Trigo Express, LLC negligently entrusted her vehicle to Nguyen Huu Nguyen after it knew, or should have known that Nguyen Huu Nguyen was an unlicensed, incompetent, and/or reckless driver, and Nguyen Huu Nguyen negligently and proximately caused the subject incident.

10.     The above referenced acts and omissions, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiff.

PLAINTIFF'S FIRST AMENDED PETITION



## DAMAGES

1.    As a direct and proximate result of the negligent acts as described above, PLAINTIFF MIGUEL MARES suffered:

    (a)    Physical pain and suffering and mental anguish, past and future;

    (b)    Physical impairment and disfigurement, past and future;

    (c)    Reasonable and necessary medical expenses, past and future;

    (d)    Lost wages and/or loss of wage earning capacity; and

    (e)    Other damages;

2.    PLAINTIFF MIGUEL MARES seeks compensation in whatever amount the Jury determines to be fair and reasonable based upon the evidence, and in an amount that is within the jurisdictional limits of this Court over $200,000 but not more than $1,000,000.

### JURY REQUEST

Plaintiff requests a Trial by Jury on all issues as set forth herein above.

### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a)-194.2(l).

### TRCP 193.7 NOTICE

This paragraph serves as notice under Tex. R. Civ. P. 193.7 that documents produced in response to written discovery requests served by plaintiff will be used against the producing party in any pretrial proceeding and/or trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant Nguyen Huu Nguyen and Trigo Express LLC, be cited to appear and answer, and that on final trial, judgment be entered against Defendant for all relief requested as follows:

PLAINTIFF'S FIRST AMENDED PETITION



1.     Judgment against Defendant for actual damages in an amount that is within the jurisdictional limits of this Court over $200,000 but not more than $1,000,000;

2.     Pre and post-judgment interest, as described by law, until paid;

3.     Costs of suit;

4.     Such other and further relief, general and special, at law or at equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216 Gateway Blvd. East,
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By: _____

**JAMES B. KENNEDY, JR.**
State Bar No.: 00791014

### CERTIFICATE OF SERVICE

    I, James B. Kennedy, Jr., do hereby certify that a true and correct copy of the foregoing document was forwarded to Andres E. Almanzan at Mounce, Green, Myers, Safi, Paxson & Galatzan, PC, 100 North Stanton, Suite 1700, El Paso, TX 79901-1448 on this _____ day of November, 2017 via facsimile.

_____

**JAMES B. KENNEDY, JR.**

PLAINTIFF'S FIRST AMENDED PETITION



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

NOV 2 1 2017

El Paso County - 327th District Court

Filed 11/8/2017 11:32 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

IN THE 327th JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MIGUEL A. MARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. 2017DCV0917** |
| | § | |
| NGUYEN HUU NGUYEN and UTILITY | § | |
| TRAILER MANUFACTURING COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT NGUYEN HUU NGUYEN'S ORIGINAL ANSWER

**TO THE HONORABLE DISTRICT COURT:**

COMES NOW, **NGUYEN HUU NGUYEN**, Co-Defendant herein ("**Defendant**"), and

timely files this, his Original Answer in reply to the Original Petition filed by Plaintiff, Miguel A.

Mares ("Plaintiff") in this cause and asserts as follows:

### I.

### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant enters a General

Denial Answer and places all of the matters pled by Plaintiff in this case in issue, demanding strict

proof of all of Plaintiff's allegations made herein by a preponderance of the evidence as required

by the Constitution and laws of the State of Texas.

### II.

Defendant reserves the right to amend his Answer further, if necessary.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **NGUYEN HUU NGUYEN**

prays to the Court that all relief requested by Plaintiff against him in this action be denied in its

entirety, that Plaintiff take nothing by his claims asserted against this Defendant and that this

AALM/1331386                        Page 1

Defendant be allowed to go hence, without delay and with his costs taxed to Plaintiff and for such other and further relief, legal and equitable, general and special, to which Defendant is justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas 79950-1977
(915) 532-2000
(915) 541-1597 (fax)
almanzan@mgmsg.com
perez@mgmsg.com

By: _Andy Almanzán_____
   Andrés E. Almanzán
   State Bar No. 24001643

Attorneys for Defendant
**NGUYEN HUU NGUYEN**

## CERTIFICATE OF SERVICE

I, **Andrés E. Almanzán**, certify on this 8th day of November, 2017, the foregoing document was electronically filed with the Clerk of the Court using the electronic filing procedures action pursuant to the Court's Electronic Filing Procedures, which will electronically send notification of such filing to the following counsel of record at their respective e-mail addresses as follows: (james@epinjury.com) James B. Kennedy, Jr., James Kennedy, P.L.L.C., 6216 Gateway Blvd., East, El Paso, Texas 79905, Attorneys for Plaintiff.

_Andy Almanzán_____
**Andrés E. Almanzán**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Page 2 _____ Deputy

NOV 2 1 2017

DISTRICT COURTS
EL PASO COUNTY, TEXAS

AALM/1331386



## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 327TH JUDICIAL DISTRICT

MIGUEL A. MARES

vs                                              Cause No. 2017DCV0917

NGUYEN HUU NGUYEN

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 11/06/2017 | 10:45 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear

**If you do not show to court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent power.**

If the above reference case has already been settled, tried or dismissed, please notify my Court Coordinator (Estela Alarcon: (915) 546-2032) upon receipt of this order.

**PLEASE BE ADVISED:** *By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court Order mandating electronic filing of civil matters effective January 1, 2014:* Parties shall provide a courtesy hard copy, **MAILED, OR HAND-DELIVERED,** to the court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellations of the hearing.

**Signed on this the 7th day of August, 2017**

LINDA Y. CHEW, Judge

**_IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING._**

*Fax:*
JAMES B KENNEDY                        915-532-2423

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY: _____ Deputy

NOV 2 1 2017

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                              TIME : 08/07/2017 12:48
                              NAME : 327DC
                              FAX  : 9155462131
                              TEL  : 9155462032
                              SER.# : 000G1N908712
```

```
DATE,TIME              08/07  12:48
FAX NO./NAME           95322423
DURATION               00:00:22
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 327TH JUDICIAL DISTRICT

MIGUEL A. MARES

vs                                               Cause No. 2017DCV0917

NGUYEN HUU NGUYEN

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|---|---|---|
| 11/06/2017 | 10:45 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear

**If you do not show to court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent power.**

If the above reference case has already been settled, tried or dismissed, please notify my Court Coordinator (Estela Alarcon: (915) 546-2032) upon receipt of this order.

**PLEASE BE ADVISED:** *By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court Order mandating electronic filing of civil matters effective January 1, 2014. Parties shall provide a courtesy hard copy,* **MAILED, OR HAND-DELIVERED,** *to the court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellation of the hearing.*

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
### 327TH JUDICIAL DISTRICT

MIGUEL A. MARES

vs                                           Cause No. 2017DCV0917

NGUYEN HUU NGUYEN; UTILITY
TRAILER MANUFACTURING COMPANY

### ORDER SETTING HEARING

The above reference case is **SET** as follows:

| Date | Time | Description |
|------|------|-------------|
| 08/07/2017 | 10:30 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear

**If you do not show to court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent power.**

If the above reference case has already been settled, tried or dismissed, please notify my Court Coordinator (Estela Alarcon: (915) 546-2032) upon receipt of this order.

**PLEASE BE ADVISED:** *By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court Order mandating electronic filing of civil matters effective January 1, 2014:* Parties shall provide a courtesy hard copy, **MAILED, OR HAND-DELIVERED,** to the court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellations of the hearing.

**Signed on this the 28th day of June, 2017**

LINDA Y. CHEW/Judge

**_IF YOU KNOW OF AN ATTORNEY INVOLVED IN THIS CASE AND NOT LISTED, PLEASE PROVIDE HIM/HER WITH A COPY OF THIS SETTING._**

*Fax:*
JAMES B KENNEDY                          915-532-2423

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY                                    Deputy

NOV 21 2017

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 06/29/2017 14:56
                                    NAME : 327DC
                                    FAX  : 9155462131
                                    TEL  : 9155462032
                                    SER.# : 000G1N908712
```

```
DATE,TIME               06/29  14:55
FAX NO./NAME            95322423
DURATION                00:00:16
PAGE(S)                 01
RESULT                  OK
MODE                    STANDARD
                        ECM
```

# IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
## 327TH JUDICIAL DISTRICT

MIGUEL A. MARES

    VS                                    Cause No. 2017DCV0917

NGUYEN HUU NGUYEN; UTILITY
TRAILER MANUFACTURING COMPANY

### <u>ORDER SETTING HEARING</u>

The above reference case is <u>**SET**</u> as follows:

| Date | Time | Description |
|------|------|-------------|
| 08/07/2017 | 10:30 AM | Status Hearing |

Dear Counsel:

The Court requires that counsel appear in person or that arrangements be made for local counsel to appear

**If you do not show to court on the day of your hearing this case will be Dismissed For Want of Prosecution or pursuant to the Court's inherent power.**

If the above reference case has already been settled, tried or dismissed, please notify my Court Coordinator (Estela Alarcon: (915) 546-2032) upon receipt of this order.

**PLEASE BE ADVISED:** By Standing Order in Civil Matters signed and entered by the Council of Judges, pursuant to the Texas Supreme Court Order mandating electronic filing of civil matters effective January 1, 2014: Parties shall provide a courtesy hard copy, **MAILED, OR HAND-DELIVERED,** to the court of motions, responses and pertinent supporting documents, no later than 7 working days before the hearing. Failure to comply with this order may result in cancellations of the hearing

IN THE 327TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

FILED
NORMA FAVELA BARCELEAU
DISTRICT CLERK

2017 JUN 28  AM 11: 12

EL PASO COUNTY, TEXAS

BY _____

| | |
|---|---|
| MIGUEL A. MARES, | § |
| | § |
| | § |
| PLAINTIFF, | § |
| | § |
| VS. | § CAUSE NO.: 2017DCV0917 |
| | § |
| NGUYEN HUU NGUYEN AND UTILITY | § |
| TRAILER MANUFACTURING COMPANY, | § |
| | § |
| DEFENDANT. | § |

## ORDER OF NON-SUIT OF ALL CLAIMS AGAINST DEFENDANT UTILITY TRAILER MANUFACTURING COMPANY WITHOUT PREJUDICE

This matter having come before the Court by way of Plaintiff's Motion for Non-Suit of All

Claims Without Prejudice Against Defendant Utility Trailer Manufacturing Company, the Court

having read the motion and being otherwise fully advised in the premises:

It is hereby ORDERED that Plaintiff's Motion for Non-Suit of All Claims Without Prejudice

Against Defendant Utility Trailer Manufacturing Company be granted and all relief specifically not

granted shall otherwise be denied.

Signed this 28 day of June , 2017.

PRESIDING JUDGE

Respectfully Submitted,

JAMES KENNEDY, P.L.L.C.
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By: _____
JAMES B. KENNEDY, JR.
State Bar No.: 00791015

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

NOV 21 2017

El Paso County - 327th District Court

Filed 6/27/2017 8:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

MIGUEL A. MARES,                        §
                                        §
                                        §
        PLAINTIFF,                      §
                                        §
VS.                                     §    CAUSE NO.: 2017DCV0917
                                        §
NGUYEN HUU NGUYEN AND UTILITY           §
TRAILER MANUFACTURING COMPANY,          §
                                        §
        DEFENDANT.                      §

## PLAINTIFF'S MOTION FOR NON-SUIT OF ALL CLAIMS WITHOUT PREJUDICE AGAINST DEFENDANT UTILITY TRAILER MANUFACTURING COMPANY

PLAINTIFF MIGUEL A. MARES gives written notice of his non-suit of all claims without prejudice in all capacities in which he filed suit against DEFENDANT UTILITY TRAILER MANUFACTURING COMPANY. Plaintiff further requests the Court to sign an Order of Non-Suit on all his claims against DEFENDANT UTILITY TRAILER MANUFACTURING COMPANY.

WHEREFORE, PLAINTIFF MIGUEL A. MARES requests the Court to take notice of this non-suit and enter in an Order as requested above.

Respectfully Submitted,

JAMES KENNEDY, P.L.L.C.
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915)532-2423

By: _____
JAMES B. KENNEDY, JR.
State Bar No.: 00791014

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

NOV 2 1 2017

El Paso County - 327th District Court

Filed 4/10/2017 8:46:15 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **MIGUEL A. MARES,** | § | |
| | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CAUSE NO.: 2017DCV0917** |
| **NGUYEN HUU NGUYEN AND UTILITY** | § | |
| **TRAILER MANUFACTURING COMPANY,** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | |

---

### PLAINTIFF'S NOTICE OF FILING REDACTED MEDICAL RECORDS OF MIGUEL MARES FROM EL PASO DAY SURGERY

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes MIGUEL MARES, Plaintiff, by and through his attorney of record, James B. Kennedy, Jr. of James Kennedy, P.L.L.C. at 6216 Gateway Blvd. East, El Paso, Texas 79905, and hereby file the attached affidavit of Medical Records from *El Paso Day Surgery* for use as evidence in this case. This affidavit is made by **Lizbeth Sotelo,** an employee of *El Paso Day Surgery*.



---

*Plaintiff's Notice of Filing Redacted Medical Records of Miguel Mares from El Paso Day Surgery*

7269

Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By: _____

    **JAMES B. KENNEDY, JR.**
    State Bar: 00791014

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

NOV 2 1 2017



7269

### AFFIDAVIT FOR MEDICAL RECORDS
### PURSUANT TO RULE 902(10)(b)
### OF THE TEXAS RULES OF EVIDENCE

BEFORE ME, the undersigned on this day personally appeared _Lizbeth Sole lo_ who, after being by me dully sworn, upon oath said:

"My name is _Lizbeth Sotelo_ I am of sound mind and capable of making this affidavit.

"I am the custodian of the records for **El Paso Day Surgery**. Attached hereto are _80_ page(s) of records regarding **Miguel Mares**. These said _80_ page(s) are kept by **El Paso Day Surgery** in the regular course of business and it was in the regular course of business of **El Paso Day Surgery** for an employee or representative of **El Paso Day Surgery** with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original"

_____
AFFIANT

SUBSCRIBED AND SWORN to, before me, on this the _9th_ day of _Dec_ , 2016.



MARY ANN ALVARADO
Notary Public, State of Texas
Comm. Expires 01-03-2018
Notary ID 128137?-6

_____
NOTARY in and for
the STATE of TEXAS

My Commission Expires:

_1/3/2018_



**EL PASO DAY SURGERY**
**1380 MURCHISON DR., SUITE 200**
**EL PASO, TX 79902**

**OPERATIVE REPORT**

**PATIENT NAME:** MARES, MIGUEL
**DATE OF SURGERY:** 07/27/16
**PATIENT MRN#:** 24427
**DATE OF BIRTH:** ▓▓▓▓▓▓
**PHYSICIAN:** Terren Klein, M.D.

**PREOPERATIVE DIAGNOSIS:** Torn right rotator cuff.

**POSTOPERATIVE DIAGNOSIS:** Torn right rotator cuff.

**PROCEDURE PERFORMED:** Repair of right rotator cuff tendon.

**ASSISTANT:** Alex Cordova, Certified First Assistant

**ANESTHESIA:** General endotracheal with interscalene block.

**ANESTHESIOLOGIST:** Helena V. Latiff, M.D.

**ESTIMATED BLOOD LOSS:** Less than 30 mL.

**COMPLICATIONS:** None.

**DISPOSITION:** The patient went to recovery room in stable condition.

**INDICATIONS FOR PROCEDURE:** This is a 59-year-old gentleman who injured his right shoulder on February 23, 2016, when he was setting up the spare tire on the back of trailer. He began having pain to the shoulder. The patient underwent therapy, injection, and medications; however, he is continued to experience pain. I explained to him the diagnosis, treatment plan, risks, benefits, potential complications, and alternatives of the surgery as well as risks and benefits of alternatives. After all questions were answered, informed consent was obtained.

**DESCRIPTION OF PROCEDURE:** The patient came to the operating room and received 1 gram of Ancef IV and underwent interscalene block and underwent general anesthesia. The right shoulder and upper extremity was sterilely scrubbed and draped in the usual manner. An incision was made along the anterior aspect of the shoulder. Dissection through the skin and subcutaneous tissue was carried out. The deltoid muscle was split from the anterior acromion distally about 4 cm. Under this, the acromion was noted to be significantly thickened down sloping and impinging upon the underneath tendon and acromioplasty was performed flattening off the underneath aspect and removing any body debris. Saline was used to flush out the joint. There was noted to be tearing of the tendon from the greater tuberosity with no retraction. The edges were debrided. A rasp was used to roughen up the bone bed and then one bioabsorbable interference screw was placed into the bone and then, the tendon was tied back into the bone. Excellent repair was achieved. The shoulder had great range of motion with no impingement.

TK/SN/endovan0355/PST-19404799
D: 07/27/16 08:33 A CST
T: 07/28/16 09:13 A CST



RE:  MARES, MIGUEL
OPERATIVE REPORT
PAGE 2

The deltoid muscle was then repaired with drill holes into the acromion and then, the wound was closed in layers.  The patient was awoken and brought to the recovery room in stable condition.  At which time, the family was informed of the intraoperative events.  He was placed in a shoulder brace.


Terren Klein, M.D.


TX/SN/andevat055/FS2-19404799
D:  07/27/16 08:33 A CST
T:  07/28/16 09:13 A CST



**El Paso Day Surgery, LLC**

**Order Sheet for Controlled Substances**

Date: 7/27/16   OR# 2

NAME: MARES, MIGUEL A
ACT#: 24427
DOB: ▮▮▮▮   AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

| Medications | RX#1 Time: 09 06 30 | | RX#2 Time: | | Time: | | |
|---|---|---|---|---|---|---|---|
| | Ordered | Delivered | Ordered | Delivered | Returned | Used | Wasted |
| Alfenta 1000mcg /2ml | | | | | | | |
| Alfenta 500 mcg /5ml | | | | | | | |
| Cocaine 4% / 4ml | | | | | | | |
| Diazepam 10mg/2ml (Valium) | | | | | | | |
| Hydromorphone 2mg/ml (Dilaudid) | 2mg | 2mg | | | | 0.5mg | 1.5mg |
| Duramorph 10mg/10ml | | | | | | | |
| Fentanyl 100 mcg/1ml (Sublimaze) | | | | | | | |
| Fentanyl 250mcg/5ml (Sublimaze) | 5 ml | 5 ml | | | | 3 ml | 2 ml |
| Meperidine 25mg (Demerol) | | | | | | | |
| Meperidine 50mg (Demerol) | | | | | | | |
| Meperidine 100mg (Demerol) | | | | | | | |
| Midazolam 2mg/2 ml | 2mg | 2mg | | | | 2mg | |
| Midazolam 5mg/1ml | | | | | | | |
| Midazolam 10mg/1ml | | | | | | | |
| Morphine 2mg | | | | | | | |
| Morphine 4mg | | | | | | | |
| Morphine 10 mg | | | | | | | |
| Sufentanil 100 mcg/2ml (Sufenta) | | | | | | | |
| Thiopental 500 mg/ 20ml | | | | | | | |
| | Signature required attesting to ordering and delivering | | Signature required attesting to ordering and delivering | | Signature required attesting to ordering and delivering | | |
| | MD/CRNA | | MD/CRNA | | MD/CRNA | | |
| | *[signature]* | | | | *[signature]* | | |
| | Nurse *[signature]* | | Nurse | | Nurse *[signature]* | | |



# MEDVANTAGE

Ph: (888) 412-6087 • Fax: (888) 522-0355
MedVantage • 1733 South 1100 East • Salt Lake City, UT 84105

**PATIENT DIRECT AGREEMENT**
**DVT PREVENTION SYSTEM**

PLEASE COMPLETE ALL ITEMS IN YELLOW

## Letter of Medical Necessity / Assignment of Benefits

Items Provided to Patient by MedVantage: Intermittent Pneumatic Compression Device and All Accessories

NAME: MARES, MIGUEL A.
ACT#: 24427
DOB: _____  AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

3050

7  VENAFLOW ELITE FOAM CALF CUFF

### 1) Assignment of Benefits (AOB) and Authorization to Release Information

X _Miguel A Mares_                                    7/27/16
Signature of Patient / Responsible Patient Representative              Date

**1 Point Risk Factors**
- Age 41-60 years
- Major Surgery planned
- History of prior Major Surgery
- Varicose Veins
- History of inflammatory bowel disease
- Swollen legs (current)
- Obesity (BMI > 25)
- Acute Myocardial Infarction (<1 month)
- Congestive Heart Failure (< 1 month)
- Sepsis (<1 month)
- Serious lung disease, including Pneumonia (< 1 month)
- Abnormal Pulmonary Function (COPD)
- Medical patient currently at bed rest
- Leg Plaster Cast or Brace
- Use of Tourniquet
- General Anesthesia (>30 minutes)
- Oral Contraceptive or Hormone Replacement Therapy
- Pregnancy or Postpartum (<1 month)
- History of unexplained stillborn infant, recurrent spontaneous abortion (<3), premature birth with toxemia or growth-restricted infant

**2 Point Risk Factors**
- Age 61-74 years
- Major Surgery (> 45 minutes)
- Arthroscopic Surgery
- Laparoscopic Surgery (> 45 minutes)
- Previous Malignancy
- Central Venous Access
- Morbid Obesity (BMI > 40)

**3 Point Risk Factors**
- Age 75 years and over
- Major Surgery lasting 2-3 hours
- BMI > 50 (Venous Stasis Syndrome)
- History of SVT, DVT/PE
- Family History of DVT/PE
- Present Cancer or Chemotherapy
- Positive Factor V Leiden
- Positive Prothrombin 20210A
- Elevated Serum Homocysteine
- Positive Lupus Anticoagulant
- Elevated Anticardiolipin Antibodies
- Heparin-induced Thrombocytopenia (HIT)
- Other Thrombophilia

**5 Point Risk Factors**
- Elective Major Lower Extremity Arthroplasty
- Hip, Pelvis or Fracture (<1 month)
- Stroke (< 1 month)
- Multiple Trauma
- Acute Spinal Cord Injury (Paralysis) (< 1 month)
- Major Surgery lasting over 3 hours

**Surgical Risk Factors**
- Revision Surgery
- Extensive Surgical Dissection
- Previous Major Bleeding
- Difficult-to-Control Bleeding During Current Operative Procedure

**TOTAL RISK FACTOR SCORE:** ____
- High Risk: 3+ Points
- Moderate Risk: 2 Points

Length of Need:  1  (Unit)

_Please Write ICD-10 Codes Here_

### 2) Letter of Medical Necessity / Physician Order

X _____                              8-3-16
Physician Signature                              Date

Printed Name / NPI

Top Copy: MedVantage — Second Copy: Surgery Center — Bottom Copy: Patient

Patient: MARES, MIGUEL  MRN: 0024427  DOS: 07/27/2016  DOB: 03/03/1957  Gender: Male
Physician: KLEIN, TERREN    Section Scanned Doc    Page 2

DISTRICT COURTS  EL PASO COUNTY, TEXAS

# El Paso Day Surgery, LLC
## Physician Admit Orders

```
MARES, MIGUEL A
24427                    59
KLEIN, TERREN D MD
07/27/16
```

**Allergies:** NKA

1. **Admit to El Paso Day Surgery**
2. **Diagnosis:** Supraspinatus Tendon Tear Right Shoulder
3. **Obtain Permit:** Right Shoulder Rotator Cuff Repair

4. **Lab work and diagnostic tests:** ☑ N/A
   - ☐ EKG          ☐ ACCUCHECK          ☐ PREGNANCY TEST

5. **IV Fluids:** ☐ N/A
   - ☑ Lactated ringers 1000 ml      ☐ Bolus of Lactated Ringers 1000 ml/2000 ml
   - ☐ Lactated ringers 500 ml       ☐ D5LR   1000 ml
   - ☐ Normal Saline   500 ml        ☐ D51/2 Normal Saline 1000 ml
   - ☐ Heplock

6. **Lab Work results:** ☐ N/A      ☑ In Chart

7. **Medications:** ☑ N/A
   - ☐ Ancef 1 g IVPB       ☐ Mefoxin 1 g IVPB       ☐ Clindaymycin 600 mg IVPB
   - ☐ Ancef 2 g IVPB       ☐ Mefoxin 2 g IVPB       ☐ Clindaymycin 900 mg IVPB
   - ☐ Cipro 400 mg IVPB    ☐ Afrin nasal 2 sprays each nostril x1
   - ☑ Myadriacyl 1%, Phenylephrine 2.5%, Cyclopentolate 1% 1 eye drop q 5 minutes x3.

**MD Signature:** _____      **Date:** 7.27      **Time:** 062

Give Versed _____ mg po in preop (Dosage 0.6mg/kg po max of 10 mg) ☐ N/A

**V.O.** _____ **CRNA/MD**

**MD/CRNA Signature** _____      **Date:** _____   **Time:** _____

**Noted by RN:** _____      **Date:** 7/27/16   **Time:** 0800



History and Physical

| | |
|---|---|
| **Patient Name:** | Miguel Mares |
| **Patient ID:** | 6013 |
| **Sex:** | Male |
| **Birthdate:** | March 3, 1957 |

**Create Date:** July 27, 2016

## Chief Complaint

- Right shoulder pain

## History Of Present Illness

**HISTORY AND PHYSICAL**

This is a/an 59 year old Caucasian/White, Hispanic or Latino male who comes in complaining of a full rotator cuff tear of the right shoulder. The patient continues to complain of pain, is awakened at night, and pain with lifting. The patient has been through physical therapy, NSAIDS, pain medication, and steroid injections; however symptoms persist. Please refer to my clinic notes for further detail. This patient's condition originated from trauma, not work related 2-23-16 ago. He is admitted for rotator cuff repair.

## Past Medical History

| Disease Name | Date Onset | Notes |
|---|---|---|
| * No Significant Past Medical Hx | -- | - |
| Labral tear of shoulder, left, initial encounter | 05/23/2016 | -- |
| Labral tear of shoulder, right, initial encounter | 05/04/2016 | -- |
| Pain of both shoulder joints | 05/04/2016 | -- |
| Shoulder strain, left, initial encounter | 05/04/2016 | -- |
| Supraspinatus tendon tear, right, initial encounter | 05/04/2016 | -- |

## Past Surgical History

| Procedure Name | Date | Notes |
|---|---|---|
| *No Past Surgical History | -- | -- |

## Medication List

| Name | Date Started | Instructions |
|---|---|---|
| Naprosyn 500 mg oral tablet | 05/06/2016 | take 1 tablet (500 mg) by oral route 2 times per day with food for 30 days |

## Allergy List

| Allergen Name | Date | Reaction | Notes |
|---|---|---|---|
| NO KNOWN DRUG ALLERGIES | -- | -- | -- |

## Family Medical History

| Disease Name | Relative/Age | Notes |
|---|---|---|
| *No Known Family Medical History | / | -- |

## Social History

| Finding | Status | Start/Stop | Quantity | Notes |
|---|---|---|---|---|
| Does not drink | -- | --/-- | -- | -- |
| Does not smoke | -- | --/-- | -- | -- |

## Review of Systems

**Constitutional**
- o Denies : fever, weight loss, weight gain

**Eyes**
- o Denies : impaired vision, changes in vision

**HENT**



NAME: MARES, MIGUEL A
ACT#: 24427
DOB: ~~~~~~~~
DR: KLEIN, TERREN D MD      AGE: 59
DOS: 07/27/16

[Digital Signature Validated]

DISTRICT COURTS
EL PASO COUNTY, TEXAS

---

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▇▇▇  Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc        Page 4

**Cardiovascular**
- o Denies : chest pain, irregular heart beats

**Respiratory**
- o Denies : shortness of breath, cough

**Gastrointestinal**
- o Denies : abdominal pain, blood in stools

**Genitourinary**
- o Denies : dysuria, hematuria

**Integument**
- o Denies : rash, pigmentation changes

**Neurologic**
- o Denies : muscular weakness, incoordination, loss of balance

**Musculoskeletal**
- o Denies : additional symptoms except as noted in the HPI

**Endocrine**
- o Denies : cold intolerance, heat intolerance

**Heme-Lymph**
- o Denies : easy bleeding, easy bruising, lymph node enlargement or tenderness

**Allergic-Immunologic**
- o Denies : frequent illnesses

## Physical Examination

**Constitutional**
- o Appearance : well developed, well nourished, well-groomed, body habitus normal

**Head and Face**
- o Inspection : atraumatic, normocephalic

**Eyes**
- o Pupils and Irises : pupils equally round and respond to light

**Ears, Nose, Mouth and Throat**
- o Ears : grossly normal
- o Nose : grossly normal
- o Throat : grossly normal

**Respiratory**
- o Auscultation of Lungs : lungs clear to auscultation

**Cardiovascular**
- o Heart : regular rate and rhythm

**Gastrointestinal**
- o Abdominal Examination : abdomen soft, nontender

**Right Upper Extremity**
- o Shoulder :
  - ▪ Inspection/Palpation : tenderness to lateral deltoid and anterior acromion, neurovascularly intact distally
  - ▪ Range of Motion : painful arc of motion, decreased motion
  - ▪ Strength : mild decreased strength

**Neurological/Psychiatric**
- o Orientation : patient is alert and oriented

## Assessment

- Shoulder strain, left, initial encounter    840.9/S46.912A
- Supraspinatus tendon tear, right, initial encounter    840.6/S46.811A

## Plan

**Instructions**
- o Due to the persistence of symptoms and failure of conservative treatment, the patient has elected to undergo a rotator cuff repair.
- o I discussed with the patient the risks and benefits of the procedure. The risks include but are not limited to bleeding, pain, infection, damage to tendons, nerves, and arteries, DVT, persistence of same condition, and need for further surgery. All questions have been answered and informed consent has been obtained.

NAME: MARES, MIGUEL A
ACT#: 24427
DOB:               AGE: 59
PH: KLEIN, TERREN D MD
DOS: 07/27/16                                    atedi

Cardiovascular

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :              Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc        Page 5



*(handwritten)* 7·27·16  
06:30

NAME: MARES, MIGUEL A  
ACCT: 24427  
DOB: ▓▓▓▓▓▓   AGE: 59  
DR: KLEIN, TERREN D MD  
VOS: 07/27/16

[Digital Signature Annotated]



08/23/2016 12 03 28   Tenet Health   Page 2 of 2

6013

## The Hospitals of Providence Memorial Campus

2001 N. Oregon Street
El Paso, TX 79902-3320
Diagnostic Imaging Department
Phone (915) 577-5701 Fax (915) 577-7668

Patient Name  MARES, MIGUEL A
DOB/age/Sex.   59 years   Male
MRN   01242996
Acct #   054750837

Encounter Type:  2 - Outpatient
Location.  PRV-XR

### Diagnostic Radiology

Accession #
360-XR-16-039389

Exam Date/Time
6/23/2016 11 45 MDT

Procedure
XR Chest 2 Views

Ordering Physician
KLEIN MD TERREN D

**Report**
Dictation Site: PMH

Chest Radiograph 2 views

Demographics: DOB [redacted] 59 years old Male

History: STRAIN OF OTHER MUSCLES FASCIA AND TENDONS AT SHOULDER AND UPPER ARM LEVEL RT ARM
INITIAL ENCOUNTER

Comparison: None.

Limitations: The sensitivity of the radiographs is much less compared to CT of the thorax for detection of lung nodule and
early lung cancers. If there is a concern of lung nodule, lung cancer or metastasis, then a CT of the thorax is the
recommended test

Guidelines for smokers. The US preventative Task force recommends annual screening for lung cancer with low-dose
computed tomography in adults age 55-80 years old, who have a 30 pack year smoking history and currently smoke or have
stopped within the past 15 years

Findings

Lungs/mediastinum Clear lungs. No pleural effusion. No pneumothorax.

Heart: Normal heart size.

Bones: No acute bony change. Degenerative changes affect the spine

Miscellaneous: No acute findings in the visualized upper abdomen.

Impression

No acute findings

***Final Report***
Dictated 06/23/2016 12 01         Dictated By PRASAD M.D., SHASHANK S
Electronic Signature: 06/23/2016 12:01 pm Signed By PRASAD M D, SHASHANK S

Transcribed 06/23/2016 12 02 pm

Admitting
Consulting   KLEIN MD TERREN D

RA
Ac
Ph

NAME: MARES, MIGUEL A
ACCT: 24427
DO-B: [redacted]   AGE: 59
PHY: KLEIN, TERREN D MD
DOS: 07/27/16

Page 1 of 1

08/23/2016 12 03 28   Tenet Health   Page 2 of 2

Patient: MARES, MIGUEL MRN :0024427 DOS : 07/27/2016 DOB: [redacted] Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc         Page 7



DISTRICT COURTS — EL PASO COUNTY, TEXAS

# The Hospitals of Providence Memorial Campus

2001 N. Oregon Street El Paso, TX 79902-3320
Clinical Laboratory Phone (915) 577-7301/7302 Fax (915) 577-7343
Medical Director(s) Arturo Vargas, MD

Patient Name. MARES, MIGUEL A
DOB/Age/Sex: 59 years Male  Encounter Type 2 - Outpatient
MRN: 01242956  Location, PRV-XR
Acct #: C84760327

## Chemistry

### Routine Chemistry

Collected Date/Time
6/23/2016 12:15 MDT

Specimen Type
Blood

| Procedure | Result | Units. | Reference Range | Verified Date/Time |
|---|---|---|---|---|
| Sodium Lvl | 139 | mmol/L | [135-145] | 6/23/2016 14:39 MDT |
| Potassium Lvl | 4.0 | mmol/L | [3.5-5.3] | 6/23/2016 14:39 MDT |
| Chloride Lvl | 100 | mmol/L | [98-110] | 6/23/2016 14:39 MDT |
| CO2 | 27 | mmol/L | [21-31] | 6/23/2016 14:39 MDT |
| AGAP | 16 | | [11-19] | 6/23/2016 14:39 MDT |
| Calcium Lvl | 9.4 | mg/dL | [8.5-10.5] | 6/23/2016 14:39 MDT |
| BUN | 11 | mg/dL | [6-20] | 6/23/2016 14:39 MDT |
| Creatinine Lvl | 0.82 | mg/dL | [0.30-1.20] | 6/23/2016 14:39 MDT |
| BUN/Creat | 13.4 | | [10.0-20.0] | 6/23/2016 14:38 MDT |
| GFR African Am | 116 | mL/min/1.73m2 | [>=60] | 6/23/2016 14:39 MDT |
| GFR Non African Am | 96 | mL/min/1.73m2 | [>=60] | 6/23/2016 14:40 MDT |
| Glucose Level | 62 *H | mg/dL | [70-110] | 6/23/2016 14:39 MDT |

Legend: A = Abnormal, H = High, L = Low, I = Critical, f = footnote, r = reference, o = corrected, I = interpretation

Ordering n/a

Admitting KLEIN MD,TERREN D
Consulting

Report Request ID S3422330
Printed 6/23/2016 17:28 CDT
Copy to KLEIN MD,TERREN D

Page 1 of 1

NAME: MARES, MIGUEL A
ACTH: 24427
DOB:  AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16



Page 2 of 3

# The Hospitals of Providence Memorial Campus

2001 N Oregon Street   El Paso TX 79902-3320
Clinical Laboratory   Phone (915) 577 7301/7307 Fax (915); 577 7340
Medical Director(s)   Arturo Vargas, MD

Patient Name:   MARES, MIGUEL A
DOB/Age/Sex:   59 years   Male   Encounter Type   2 - Outpatient
MRN:   01242996   Location   PRC-XR
Acct #:   084750927

## Hematology

### CBC

Collected Date/Time
6/23/2016 12 15 MDT   Specimen Type
Blood

| Procedure | Result | Units | Reference Range | Verified Date/Time |
|---|---|---|---|---|
| WBC | 10 58 | 10e3/mm3 | [4 50-11 00] | 6/23/2016 15 03 CDT |
| RBC | 5 08 | 10e6/mm3 | [4 20-5 40] | 6/23/2016 15 03 CDT |
| Hgb | 15 7 | g/dL | [13 0-16 0] | 6/23/2016 15 03 CDT |
| Hct | 45 3 | % | [37 0-52 0] | 6/23/2016 15 03 CDT |
| MCV | 89 2 | fL | [82 0-95 0] | 6/23/2016 15 03 CDT |
| MCH | 30 9 | pg | [27 0-31 0] | 6/23/2016 15 03 CDT |
| MCHC | 34 7 | g/dL | [32 0-36 0] | 6/23/2016 15 03 CDT |
| RDW-CV | 14 3 | % | [11 6-14 4] | 6/23/2016 15 03 CDT |
| RDW-SD | 46 6H | fL | [35 1-43 9] | 6/23/2016 15 03 CDT |
| Platelet Count | 250 | 10e3/mm3 | [130-400] | 6/23/2016 15 03 CDT |
| MPV | 10 3 | fL | [7 0-11 0] | 6/25/2016 15 03 CDT |
| NRBC Auto Abs | 0 00 | 10e3/mm3 | [0 00-0 01] | 6/23/2016 15 03 CDT |
| NRBC Auto Rel | 0 0 | | | 6/23/2016 15 03 CDT |

### Automated Differential

Collected Date/Time
6/23/2016 12 15 MDT   Specimen Type
Blood

| Procedure | Result | Units | Reference Range | Verified Date/Time |
|---|---|---|---|---|
| Neutrophil Rel | 77 3 | % | | 6/23/2016 15 03 CDT |
| Lymphocyte Rel | 13 8 | % | | 6/23/2016 15 03 CDT |
| Monocyte Rel | 6 0 | % | | 6/23/2016 15 03 CDT |
| Eosinophil Rel | 1 8 | % | | 6/23/2016 15 03 CDT |
| Basophil Rel | 0 5 | % | | 6/23/2016 15 03 CDT |
| Imm Gran Rel | 0 6 | % | | 6/23/2016 15 03 CDT |
| Neutrophil Abs | 8 19H | 10e3/mm3 | [1 80-7 70] | 6/23/2016 15 03 CDT |
| Lymphocyte Abs | 1 46 | 10e3/mm3 | [1 00-4 80] | 6/23/2016 15 03 CDT |
| Monocyte Abs | 0 63 | 10e3/mm3 | [0 00-0 80] | 6/23/2016 15 03 CDT |
| Eosinophil Abs | 0 19 | 10e3/mm3 | [0 00-0 45] | 6/23/2016 15 03 CDT |

Legend A = Abnormal, H = High L = Low  l = Critical, f = footnote, r = reference, c = corrected, I = interpretation

Ordering   n/a

Admitting   KLEIN MD,TERREN D
Consulting

Repeat Request ID   98412786
Printed   6/23/2016 15 28 CDT
Copy to   KLEIN MD,TERREN D

Page 1 of 2

NAME: MARES, MIGUEL A
ACCT: 24427
DOB:   AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

Patient : MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB :        Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc   Page 9



Page 3 of 3

## The Hospitals of Providence Memorial Campus

2001 N. Oregon Street   El Paso, TX 79902-3320
Clinical Laboratory   Phone (915) 577-7307/7332 Fax (915) 577-7340
Medical Director(s)   Arturo Vargas, MD

Patient Name: MARES, MIGUEL A
DOB/Age/Sex:             59 years   Male   Encounter Type:   2 - Outpatient
MRN:   01232996   Location.   PRV-XR
Acct #:   C84750427

### Hematology

**Automated Differential**

Collected Date/Time:
6/23/2016 12:15 MDT   Specimen Type
Blood

| Procedure | Result | Units | Reference Range | Verified Date/Time |
|---|---|---|---|---|
| Basophil Abs | 0.05 | 10e3/mm3 | [0.00-0.20] | 6/23/2016 15:03 CDT |
| Imm Gran Abs | 0.06 | 10e3/mm3 | [0.00-0.09] | 6/23/2016 15:03 CDT |

Interpretive Data
i1   Imm Gran Abs:
ALERT: NEW ANALYTE METHODOLOGY IN PLACE   SEPTEMBER 15, 2015

Legend: A = Abnormal, H = High, L = Low, I = Critical, f = footnote, r = reference, c = corrected, i = interpretation

Ordering:   n/a
Attending:   KLEIN MD,TERREN O
Resulting

Report Request ID:   93412139
Printed   6/23/2016 15:28 CDT
Copy to:   KLEIN MD,TERREN O

NAME: MARES, MIGUEL A.
ACT#: 24427
DOB:             AGE: 59
DR: KLEIN, TERREN D MD
DOB: 07/27/16

Page 2 of 2

Patient : MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB :             Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc   Page 10



[Progress Note] [Miguel Mares] [6013]                              [Date Printed:07/18/2016] Page 1 of 4

# Progress Note

| | | | |
|---|---|---|---|
| **Patient Name:** | Miguel Mares | **Visit Date:** | June 6, 2016 |
| **Patient ID:** | 6013 | **Provider:** | Terren D. Klein, MD |
| **Sex:** | Male | **Location:** | Terren Klein MD PA |
| **Birthdate:** | ▓▓▓▓▓▓ | **Location Address:** | 1300 Murchison Dr Ste 310 |
| | | | El Paso, TX 79902-0847 |
| | | **Location Phone:** | (915) 838-1888 |

## Chief Complaint

- right shoulder sprain/strain

## History Of Present Illness

Referred by: REFERRED BY Type of Visit: (subbdy and DOI: 02/23/2016

This is a 59 year old Caucasian/White, Hispanic or Latino male who's last visit was 05/23/2016, the symptoms have not changed. We are actively TREATING the condition of Labral tear of shoulder, right, initial encounter, Pain of both shoulder joints, Shoulder strain, left, initial encounter, and Supraspinatus tendon tear, right, initial encounter. Currently the pain is located in his right shoulder and left shoulder. He had sustained an injury. The INITIAL INJURY occured to the right shoulder and left shoulder 02/23/2016 ago.

The current symptoms are pain with motion and weakness ; the severity of the symptoms are moderate and the quality is sharp and throbbing. This problem is related to an injury.

LAST VISIT we administered an injection. The injection did not help reduce the pain.

The initial complaint were as follows:
Clicking with throwing or overhead activities yes'

Patient is a 18 wheeler mechanic and injured himself on 02/23/2016, when he was setting up the spare tire in the back of the trailer. He told the driver of the trailer to not move however, the driver did not listen and reversed into the patient. We will be treating patient for his shoulders.
MRI of the right shoulder done on 04/13/2016 indicates a tear involving the superior labrum. There probably is an adjacent superior glenoid full thickness chondral fissure with resultant superior glenoid subchondral cyst. Moderate supraspinatus tendinosis with posterior substance low grade articular surface partial thickness tear versus severe tendinosis.  Mild subscapularis tendinosis.  Metal susceptibility artifact noted in the posterior lateral shoulder subcutaneous tissue.

XRAYS of the right shoulder done today show no significant abnormalities.
XRAYS of the left shoulder done today show no significant abnormalities.
I am going to order a MRI of the left shoulder and have him follow up in 3 weeks.  We may consider an injection if symptoms persist.
5-23-16 MRI lt shoulder on 5-16-16 partial tckines tear supraspinatus, suspected sunperior labral tear. will inject bilateral shoulders. f/u 2 wks for surgical consult rm
06/06/2016 Patient feels that his left shoulder is doing better but his right shoulder is still a problem.  The injection helped with his left shoulder but not his right shoulder.  I am going to recommend a right shoulder rotator cuff repair at this time.  We discussed the risks, benefits and alternatives to surgery and his questions were answered in detail. He would like to proceed with surgery at this time.  Plan on open RC repair due to persistent weakness on d pain to r shoulder.

## Past Medical History

| Disease Name | Date Onset | Notes |
|---|---|---|
| * No Significant Past Medical Hx | | ↔ |
| Labral tear of shoulder, left, initial encounter | 05/23/2016 | ↔ |
| Labral tear of shoulder, right, initial encounter | 05/04/2016 | ↔ |
| Pain of both shoulder joints | 05/04/2016 | ↔ |
| Shoulder strain, left, initial encounter | 05/04/2016 | ↔ |
| Supraspinatus tendon tear, right, initial encounter | 05/04/2016 | ↔ |

NAME: MARES, MIGUEL A
ACT#: 24427
DOB: ▓▓▓▓▓▓   AGE: 59
PRV: KLEIN, TERREN D. MD
DOS: 07/27/16

[Digital Signature Validated]



[Progress Note] [Miguel Mares] [6013]

## Past Surgical History

| Procedure Name | Date | Notes |
|---|---|---|
| *No Past Surgical History | | |

## Medication List

| Name | Date Started | Instructions |
|---|---|---|
| Naprosyn 500 mg oral tablet | 03/06/2016 | take 1 tablet (500 mg) by oral route 2 times per day with food for 30 days |

## Allergy List

| Allergen Name | Date | Reaction | Notes |
|---|---|---|---|
| NO KNOWN DRUG ALLERGIES | | | |

## Family Medical History

| Disease Name | Relative/Age | Notes |
|---|---|---|
| *No Known Family Medical History | / | |

## Social History

| Finding | Status | Start/Stop | Quantity | Notes |
|---|---|---|---|---|
| Does not drink | -- | --/-- | -- | -- |
| Does not smoke | -- | --/-- | -- | -- |

## Review of Systems

   **Constitutional**
      o Denies : fever, weight loss, weight gain
   **Eyes**
      o Denies : impaired vision, changes in vision
   **HENT**
      o Denies : headaches, vertigo
   **Cardiovascular**
      o Denies : chest pain, irregular heart beats
   **Respiratory**
      o Denies : shortness of breath, cough
   **Gastrointestinal**
      o Denies : abdominal pain, blood in stools
   **Genitourinary**
      o Denies : dysuria, hematuria
   **Integument**
      o Denies : rash, pigmentation changes
   **Neurologic**
      o Denies : muscular weakness, incoordination, loss of balance
   **Musculoskeletal**
      o Denies : additional symptoms except as noted in the HPI
   **Endocrine**
      o Denies : cold intolerance, heat intolerance
   **Heme-Lymph**
      o Denies : easy bleeding, easy bruising, lymph node enlargement or tenderness
   **Allergic-Immunologic**
      o Denies : frequent illnesses

## Physical Examination

   **Constitutional**
      o Appearance : well-developed, well-nourished, well-groomed, body habitus normal
   **Cervical Spine/Neck**
      o Musculoskeletal Examination : no tenderness, no swelling, range of motion is full, no pain with clinical range of motion, no acute spasms
   **Right Upper Extremity**
      o Shoulder :

PNT: MARES, MIGUEL A
MRN: 24427
DOB:                    AGX: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

Patient : MARES, MIGUEL   MRN : 0024427   DOS : 07/27/2016   DOB :          Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc      Page 12



[Progress Note] [Miguel Mares] [6013]                    [Date Printed:07/18/2016] Page 4 of 4

- Pain of both shoulder joints    719.41/M25.511
- Supraspinatus tendon tear, right, initial encounter    840.6/S46.811A
- Labral tear of shoulder, right, initial encounter    840.8/S43.431A
- Shoulder strain, left, initial encounter    840.9/S46.912A
- Labral tear of shoulder, left, initial encounter    840.8/S43.432A

Plan
  Instructions
      ○ After considering all options, the patient has elected to proceed with surgery. I have discussed the risks, benefits, potential complications, alternatives to surgery, and risks and benefits of the alternatives. All questions were answered. Informed consent was obtained.
      ○ The patient will proceed with surgery. He/She will be sent for pre-op scheduling, pre-op labs, and pre-op visit.
      ○ Awaiting surgery approval.
      ○ I have discussed with the patient the diagnosis, prognosis, treatment plan, and alternatives. All questions were answered.
      ○ I have instructed the patient to call immediately if the condition worsens or to go to the ER.
      ○ Patient Info: Visit www.orthoinfo.org for further info on your diagnosis.
  Disposition
      ○ Return Visit Request t/on 4 weeks +/- 7 days (12810).

Electronically Signed by: Terren D. Klein, MD -Author on June 30, 2016 06:34:00 PM

NAME: MARES, MIGUEL A
ACT#: 24427
JOB:                  AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16
                    (Original Signature Validated)

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :            Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc        Page 13



**El Paso Day Surgery**
**Post Operative Orders**

NAME: MARES, MIGUEL A
Acct#: 24427
DOB: _____         Age: 59
Dr.: KLEIN, TERREN D. MD
DOS: 07/27/16

Admit to Recovery

Diagnosis: *R. R.C. tear*

Allergy: None /

Diet: Liquids, advance as tolerated / Other: _____

Meds: Toradol 30 mg IVP q 6 hours prn pain

☐ Other: _____

Discharge Medications:

☐ Vicodin 1-2 tablets po q4 hours prn pain

☐ Other _____ *Meds given to patient* _____

*Shoulder Brace*

Activity:

☐ Ice, Elevate, Crutches, Walker

☒ ~~Do not remove dressing~~ *Do not remove dressing*

☐ Weight bearing: as tolerated, touchdown weight bearing, no weight bearing, partial weight bearing

☒ ~~May remove the dressing in 48 hours and clean incisions with Hydrogen Peroxide or Normal Saline. Cover with band aids.~~

☐ You may shower after 2 days, do not soak

☐ Other _____

2. Follow up with Dr. Klein in _____ *This Friday*

3. Call MD for worsening pain, bleeding, fever, nausea/vomiting or questions.

4. Discharge home when anesthesia criteria met.

_____     7.27.16
Terren Klein, M.D.     Date/Time  0730



El Paso Day Surgery

(MJT)AR 1327DCAJ
Suture Anchor,
BioComposite™ Corkscrew FT, Vented
5.5 x 14.7 mm
(DC) 1303779J

Arthrex

Pre-Op Dx: _Tom R. RC._

Post-Op Dx: _sam_

Procedure: _Rigau R. RC. Roder_

Surgeon(s): _Klay Aigut Endera CRA_

Anesthesia: _GETTG intovialy Latyy_

Blood Loss: _< 30 cc_

Packs; Drain: _0_

Condition: _Stuck_    Dictation # _19404799_

**PHYSICIAN'S ORDERS, PROGRESS NOTES:**

Discharge home when anesthesia criteria met.

Physician Signature: _[signature]_    Date/Time: _7-27-16  0730_

NAME: MARES, MIGUEL A
ACT#: 24427
ROB#
DR: KLEIN, TERREN D. MD
DOB: 07/27/16    AGE: 59

Updated 08/18/2015

Page 1 of 1



Version 5 2.10 0

## Discharge Instructions

Instructions Used : KLEIN DISCHARGE INSTRUCTIONS SPANISH

### Activity:

- Usar el sosten de hombro para su comodidad.

### Bathing:
- No remoje las heridas y no remover las bendas.

### Diet:
- Avanzar dieta como sea tolerada. Empezando con liquidos y avanzar a dieta regular.

### Driving:
- No debe tratar de manejar, usar herramientas eléctricas, ni tomar ninguna decisión importante hasta que hayan pasado 24 horas después de la cirugia, y puede hacer esto entonces solo si usted se siente perfectamente normal y alerta.

### Educational:
IMPORTANTE: En caso de una emergencia, llamar a 911 o ir a la sala de emergencias más cercana de usted para examen o tratamiento.

### Medication:
- Tomar medicamentos como están recetados.

### Notifications:
- Dr. Klein      TEL.: (915) 838-3888
- Llamar al Dr. Klein para dolor ó sangrado sin control, fiebre arriba de 101°F, nauseas/vomitó severo o preguntas.
- Si tiene un dolor desmesurado o persistente, hinchazón, hemorragia, nausea, vomito, o cualquier otro problema, usted debe llamar primero a su cirujano para que

Patient: MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB : 03/31/1957 Gender : Male
Physician : KLEIN, TERREN     Section Discharge     Page 1




le aconseje. Si no se puede poner en contacto con su cirujano, solicite ayuda de la sala de emergencias de un hospital.

uundCare:

* NO remueva los vendajes.

## Follow up Appointment(s):

Type: Surgeon

Provider: Dr. Klein

Date: 07/29/2016

Time: 09.00 AM

X _____ "Daughter"

RN Signature:    electronically signed by HERNANDEZ, JUAN on 07/27/2016 08:29

Signature of Patient or Patient Representative

Patient: MARES, MIGUEL   MRN : 0024427   DOS : 07/27/2016   DOS : ████████   Gender: Male
Physician : KLEIN, TERREN   Section Discharge        Page 2



Patient : MARES, MIGUEL   MRN : 0024427   DOS : 07/27/2016   DOB : ████████   Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc       Page 17



Paica

NAME: MARES, MIGUEL A
ACCT: 24427
LOC:
BY: KLEIN, TERREN D MD          AGE: 59
DOS: 07/27/16



# EL PASO DAY SURGERY  ANESTHESIA RECORD

DATE:

PROCEDURE:

NAME: MARES, MIGUEL A
No: 24427
MR#: _____   AGE: 59
OR: KLEIN, TERREN D MD
DOS: 07/27/16

SURGICAL DIAGNOSIS:

PRE-ANESTHESIA NOTE

ANESTHESIOLOGIST (ANESTHETIST)   SURGEON   ASSISTANT

PREMEDICATION   MEDICATION

PREANESTHETIC NOTE

DATE & TIME:
SEE CHART
ALLERGIES: NKDA
PLAN OF ANES CARE / See Technique

AMES COMPLD □ YES □ NO □ NA
LOCAL HX □ ___   LABS □ ___

ADVANCED DIRECTIVE   □ N/A
□ DNR/consent      □ Power Atty
□ In Place         □ Reassessed
                   □ See Progress Note

ANESTHESIA RISKS, BENEFITS, ALTERNATIVES
DISCUSSED AND PT/FAMILY WISHES TO PROCEED

POST - ANESTHESIA EVALUATION
☑ VITAL SIGNS REVIEWED
☑ ALDRETE SCORES REVIEWED
☑ PATIENT MEETS DISCHARGE CRITERIA
☑ DISCHARGE PATIENT TO ___

IV Fluid In: ___ cc   EBL ___ cc   UO ___ cc

Signature ___   Date ___   Time ___

DISTRICT COURTS · EL PASO COUNTY, TEXAS

**Anesthesia**
# PHYSICIAN ORDERS
**Post Operative**
All physician orders must be written
in ink (dated, timed and signed)

NKDA

NAME: MARES, MIGUEL A
MRN#: 24427
DOB:                    AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

| Allergies: | HT. 5'7" | WT. 175 lb | All Medications dispensed in accordance with facility formulary |
|---|---|---|---|

| Date/Time: | 1. Patient may be discharged from PACU Phase 1, II when discharge criteria met |
|---|---|
| 7/27/16 7:11 | 2. The following medications may be given as needed to control: |
| | a) Pain |
| | Phase I __ Dilaudid 0.2 mg IV prn up to 2 mg |
| | __ Morphine ___ mg IV prn up to ___ mg |
| | Phase II __ Hydrocodone 5/325mg 1 tablet PO   __ Hydrocodone elixir ___ ml PO |
| | __ Tylenol #3  1 tablet PO        __ Tylenol #3 elixir ____ ml PO |
| | __ Tylenol tab/elixir per weight/age   __ Ibuprofen tab/elixir per weight/age |
| | b) Nausea and or vomiting |
| | Phase I __ Zofran 2-4mg IV prn max ___ mg   __ Zofran 4mg ODT |
| | __ Phenergan 3mg-25mg IV prn      __ Reglan 10 mg IV prn |
| | __ Decadron 4 mg IV prn           __ Scop patch w/Instructions |
| | Phase II __ Dramamine ___ mg IV prn    __ Benadryl 25 mg IV prn |
| | c) Blood Pressure __ Labetolol 2.5mg-5mg q 5min. up to 10 mg IV prn  3 sets (VSA) 07/47 |
| | __ Hydralazine 5mg up to ___ mg IV prn |
| | d) Heart Rate |
| | 3. Continue same IV fluid until patient stable and tolerating PO fluids unless otherwise |
| | ordered by surgeon or managing physician. |
| | 4. Initiate oxygen protocols if indicated |
| | 5. A glucose check will be done on all known diabetic patients |
| | 6. May use a Bair hugger to warm patient |
| | 7. ____ Demerol 12.5 – 25mg IV prn shivering |
| | 8. |
| | 9. I may be reached at: |
| | Signature: [signature] MD |

El Paso Day Surgery

Anesthesia

Patient: MARES, MIGUEL   MRN : 0024427  DOS : 07/27/2016  DOB :            Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc   Page 20



**Pre-Operative Nursing Assessment Sheet**

Date: 7/27/16   Time: 1550

Emergency Contact: Ana

Relationship: daughter

Phone: 253-7848   Lobby:

Procedure:

NAME: MARES, MIGUEL A
AGE#: 24427
FC:
DR: KLEIN, TERREN D MD : 59
DT: 07/27/16.

**ibel**

| NPO: Fluids- | Meal-1930 Meds-D,H/S N/A | Home/Medication/Pain | Dosage | Frequency | Last Taken |
|---|---|---|---|---|---|
| Allergies: NKDA☐ Allergic to: | | none | | | |
| Reaction☐ NA | | | | | |
| Latex allergy: Yes ☐ NO☐ | | | | | |
| Allergy bracelet in place: Yes/NA | | | | | |
| Cubicle: A  B  C  D  E  F  G | IMMUNIZATION CURRENT?  Yes ☐  No ☐  NA ☐ | | | | |

| Height: 5 | | Weight LBS 176 KGS | Ⓛ Hernd | | |
| Inches: 5 | | | | | |
| Temp: 98.6 | Pulse: 82 | | | | |
| Respirations: 18 | Blood Pressure: | | | | |
| SaO2: 91 | 131/96 | Personal / family history of problems with anesthesia? | | | |

☑ Negative History
☐ Migraines
☐ Seizures/Last One ____
☐ CVA/TIA
☐ Motion Sickness
☐ Paralysis
☐ Dizziness/Vertigo
☐ Alzheimer's / Parkinson's
☐ Other ____

☐ Negative History
☐ UTI
☐ CRF/Dialysis Days:
☐ Enlarged prostate
☐ Kidney stones/insufficiency
☐ UTI ____ type
☐ Postmenopausal
☐ Hysterectomy
☐ Incontinence
☐ Other: ____

☐ Does Not Apply
☐ C.P.
☐ Delay
☐ Down Syndrome
☐ Full term/Pre-term wks ____
☐ Other: ____

☑ Negative History
☐ Limb Alert: Right/Left
☐ Type: ____
☐ Chemo/Rad: ____

☐ Negative History
☐ HTN
☐ CHF
☐ CAD / Cholesterol
☐ LE
☐ PVD/Poor Circulation
☐ Angina
☐ Murmur
☐ Pacemaker/Defibrillator
☐ CABG
☐ Arrhythmia
☐ Hx of DVT, PE
☐ Cardiac stents
☐ Other:

☐ Negative History
☐ GERD
☐ Gastric
☐ IBS
☐ Hernia
☐ C-Diff
☐ Ulcers
☐ Diarrhea/Diaper rash
☐ Diverticulosis
☐ Other:

Additional Info:

☑ Negative History
☐ Recent Cold
☐ Seasonal Allergies
☐ Asthma/Induced by:
☐ COPD/O2
☐ Chronic Bronchitis
☐ Sleep Apnea/CPAP/BPAP
☐ Emphysema
☐ Inhaler/Neb

☑ Negative History
☐ HIV
☐ Hepatitis/Type:
☐ MRSA / VRE
☐ Other:BBP precautions ____

☑ Negative History
☐ Fatty
☐ Jaundice
☐ Cirrhosis
☐ Other:

☑ Negative History
☐ Depression
☐ Anxiety Disorder
☐ ADD / ADHD
☐ Autistic
☐ Other:/PTSD

☐ Negative History
☐ IDDM
☐ NIDDM/Diet Controlled/Borderline
☐ THYROID: Hypo/Hyper
☐ Steroid Use
☐ Immunosuppressed

☐ Negative History
☐ Received Metal
☐ Muscle Weakness:R/L/B
☐ Muscular Dystrophy
☐ Arthritis
☐ Back Pain
☐ Neck Pain
☐ Other:

☐ Wheel Chair
☐ Walker/Requires
☐ N/A
☐ Cane/Crutches/Requires
☐ Fall Risk

☐ English
☐ Spanish
☐ Religious Preferences
☐ Smoke ____
☐ Alcohol ____
☐ Illegal Drugs ____
☐ Other ____

☑ Negative History
☐ Yes/Type ____
☐ Blood thinner taken: ____

| LEFT MSG ☐ | WRONG # ☐ | Discharge Planning | ☐ Lab Location: |
|---|---|---|---|
| Pre-op Instructions  RN Signature | | Name: | ☐ EKG/Chest X-Ray |
| NPO after: ____  Clothing ☐  Jewelry ☐ | | Relationship: | ☐ Placed on Chart |
| Arrival Time: ____  per MD Bring MD orders | | Cell Phone #: | ☐ N/A |
| Pre-op MEDs: ____ | Favorite Toy ☐ | Accommodations/Hotel | ☐ Physician Notified / Abnormalities |

**PAGE ONE**

DISTRICT COURTS
EL PASO COUNTY, TEXAS

| General WNL ☑ | Obese, malnourished, poor hygiene, jaundice, rashes, bruises, abrasions, wounds Other | GI WNL ☑ | Abnormal bowel sounds, abdomen, distended, tender, firm, hernias, vomiting, ostomy, Other | HCG: POS NEG |
| | | | | Insulin Given: |
| HEAD NECK WNL ☐ | Loose teeth, edentulous, dentures, partials, upper, lower, limited ROM, dysphagia, hearing aid, defick, contact lenses, glasses Other | MUSCULO-SKELETAL WNL ☑ | Limited ROM, edema, assistive devices, prosthesis, deformity, atrophy, Other | FBS: _____ |
| | | | | Time: |
| | | | | Initials: |
| | | NEURO-VASCULAR WNL ☑ | Confused, dizziness, slurred speech, forgetful, poor historian, numbness, Other | Size: _____ |
| | | | | Gauge: _____ |
| CARDIAC WNL ☑ | Abnormal rate, rhythm murmur, cyanosis, abnormal capillary refill Other | Child: 0 1 2 3 4 5 | | Attempts: _____ |
| | | | | Solution: _____ |
| RESPIRATORY WNL ☑ | Cough productive, non productive, wheezing, rales, rhonchi, labored breathing, Other | Adult 0 1 2 3 4 5 6 7 8 9 10 | | Rate: _____ |
| | | Instructed on Use of Pain Scale: Yes ☑ No ☐ | | Saline Lock: ☐ |
| | | | | Time: _____ |

Head/neck: eyes sclera: Clear white, no drainage. Ears: no tinnitus, drainage Nose: without congestion, epistaxis or drainage. Throat: without soreness, mucous membranes moist Hygiene: normal Oral: tongue and mucous membranes pink and moist, Integumentary: good skin turgor, no skin breakdown or rash, Skin: warm and dry, color natural. Neuro: Alert oriented to time, place and person, obeys commands, spontaneous eye opening, normal sensation, swallow without difficulty, PEERLA, CV: Peripheral pulses strong and regular, capillary refill < 3 seconds, Edema: absent, no pitting, Resp: Quiet, rate greater than 10 and less 20 minutes, lung fields, clear, nail beds and membranes pink and moist, bilateral chest expansion. GI: Abdomen soft with bowel sounds in all 4 quadrants, no pain, nausea, or vomiting. GU: voids without difficulty. Musculoskeletal: moves all extremities without difficulty, weakness or pain.

| MEDICATION / DOSE | Route | Time | Initials |
| --- | --- | --- | --- |
| none | | | |
| | | | |
| | | | |

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| H.A.P. on Chart ☑ | | Hearing Aid | Yes ☑ | NA ☑ | Removed ☐ |
| Consent signed and witnessed ☑ | | Voided: Time: | Yes ☑ | NA ☐ | |
| Ted Hose on H/SCD form ☐ NA | | ID Bracelet | Yes ☑ | NA ☐ | R/L ☐ |
| Valuables Locked Yes ☐ NA ☑ Locker # | | Surgical Site Marked by MD Yes ☐ | NA ☑ | | |
| Body Piercings Yes ☐ NA ☑ Removed ☐ | | Patient Shaved | Yes ☐ | NA ☑ | Sr. |
| Dentures Yes ☐ NA ☑ Removed ☐ | | | | | |
| Contact Lens Yes ☐ NA ☑ Removed ☐ | | MARK: MARES, MIGUEL A | | | |
| | | ACCT#: 24427 | | | |
| SEE ELECTRONIC CHART | | DOB: 03/03/57     AGE: 59 | | | |
| | | DR: KLEIN, TERREN D MD | | | |
| | | ADM: 07/27/16 | | | |

| Potential for wellness, education | Instruction in self breast exams and self testicular exams, immunizations | Patient will verbalize understanding | Goal Met: Yes ☑ No ☐ |
| --- | --- | --- | --- |
| Potential for anxiety R/T surgical procedure | Orient patient to Surgical Center, initiate discharge instruction | Patient will verbalize decreased anxiety | Goal Met: Yes ☑ No ☐ |
| Knowledge deficit R/T surgical procedure | Assess level of understanding Initiate perioperative instruction | Patient will verbalize understanding of surgical procedure | Goal Met: Yes ☑ No ☐ |
| Potential for infection R/T surgical procedure | Check lab work if ordered by Dr. Monitor vital signs Teach on signs / symptoms of infection | Patient will be free of signs and symptoms of infection in the pre-operative area | Goal Met: Yes ☑ No ☐ |

RN Signature: _____   Date: 7/27/16   Time: 0600



Patient: MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : _____  Gender : Male
Physician : KLEIN, TERREN     Section Scanned Doc     Page 22

# El Paso Day Surgery

## DIVULGACIÓN Y CONSENTIMIENTO

### PROCEDIMIENTOS MÉDICOS Y QUIRÚRGICOS

**AL PACIENTE:** Usted tiene el derecho, como paciente, de estar informado sobre su afección y sobre el procedimiento quirúrgico, médico o diagnóstico recomendado a seguir, para que usted pueda tomar una decisión, si usted desea o no someterse al procedimiento después de saber cuáles son los riesgos y peligros que conllevan. El propósito de esta divulgación no es asustarlo ni inquietarlo, es simplemente para que esté mejor informado al decidir si va a dar o no, su consentimiento al procedimiento.

De mi propia voluntad, yo solicito al: _Dr. Klein_
como mi médico, y a tales asociados, auxiliares técnicos y otros proveedores de cuidados médicos que estimen necesarios para tratar a mi afección, la cual se me ha explicado a mi como:
_Desgarre del tendon supra espinoso_
_del hombro derecho_

Entiendo que se han planeado los siguientes procedimientos quirúrgicos, médicos y/o diagnósticos para mí, y que yo doy mi consentimiento de mi propia voluntad a estos procedimientos:
_Reparacion del manguito Rotador_
_del hombro derecho_

Entiendo que mi médico puede descubrir otras o diferentes afecciones que podrían requerir procedimientos adicionales o diferentes de los planeados. Autorizo a mi médico, y a tales asociados, auxiliares técnicos y otros proveedores de cuidados médicos para que lleven a cabo tales otros procedimientos, que sean recomendables según su juicio profesional.

Yo (doy) (no doy) mi consentimiento para que se utilice sangre y hemoderivados según sea necesario. _M.A.M._

Entiendo que no se me ha dado ningún tipo de garantía ni seguridad sobre el resultado o cura.

Del mismo modo que pueden existir riesgos o peligros al proseguir con mi actual afección sin ningún tratamiento, también existen riesgos y peligros relacionados con cualquier procedimiento quirúrgico, médico y/o diagnóstico que se haya planeado realizarme. Comprendo que es común que cualquier procedimiento quirúrgico, médico y/o diagnóstico conlleva la posibilidad de infección, coágulos sanguíneos en las venas y pulmones; hemorragia, reacciones alérgicas, o hasta la muerte. También comprendo que los siguientes riesgos y peligros pueden suceder en conexión con este procedimiento en particular.
Los riesgos según me los ha explicado el médico: DAÑO A LOS NERVIOS, LOS TENDONES Y ARTERIA; PERSISTENCIA CON LA MISMA CONDICION, EL SANGRADO, EL DOLOR Y LA NECESIDAD DE MAS CIRUGIAS Y FALLA DE ORTOFIJACIÓN

Entiendo que la anestesia conlleva ciertos riesgos y peligros, pero solicito que se utilicen anestésicos para el alivio y la protección del dolor durante los procedimientos planeados y adicionales. Comprendo que es posible que se tenga que cambiar la anestesia sin que se me dé una explicación.

Entiendo que pueden surgir ciertas complicaciones por el uso de cualquier anestésico, incluyendo problemas respiratorios, reacción a fármacos, parálisis, daño cerebral, o hasta la muerte. Otros riesgos y peligros, que pueden surgir por el uso de anestesia general, varían desde pequeñas molestias hasta lesión a las cuerdas vocales, dientes u ojos. Entiendo que otros de los riesgos y peligros resultantes de anestésicos espinales o epidurales, incluyen los dolores de cabeza y dolor crónico.

Se me ha dado la oportunidad de hacer preguntas sobre mi afección, los diferentes tipos de anestesia y tratamiento, los riesgos de no realizar ningún tratamiento, el procedimiento que se va a seguir, y los riesgos y peligros que conlleva; y acepto que tengo suficiente información para otorgar este consentimiento informado.

Certifico que se me ha explicado plenamente este formulario, y que lo he leído, o que alguien me lo ha leído a mí, que los espacios en blanco se han rellenado, y que comprendo su contenido.

_Kimberly A. Moore_
FIRMA DEL PACIENTE U OTRA PERSONA LEGALMENTE RESPONSABLE     FECHA: _7-27-16  0555_ HORA: A.M./P.M.

Firma de Testigo _[signature]_          _7-27-16_          _0555_     NAME: MARES, MIGUEL A
                                        **Fecha**      **Hora**    ACT#: 24427
                                                                    DOB:                    AGE: 59
Firma de Médico _[signature]_           _7.27.16_               DR: KLEIN, TERREN D, MD
                                                                SDT: 07/27/16

DISTRICT COURTS • EL PASO COUNTY, TEXAS



# El Paso Day Surgery

## CONSENTIMIENTO - ANESTESIA y CONTROL DE DOLOR PERIOPERATORIO

AL PACIENTE: tiene derecho, como paciente, a ser informado sobre su enfermedad y la anestesia/analgesia recomendada que se usará, de modo que usted pueda tomar la decisión de si recibir la anestesia/analgesia o no después de conocer los riesgos y los peligros relacionados. Esta revelación no tiene como fin asustarlo o alarmarlo; es simplemente un esfuerzo por estar mejor informado para que usted pueda dar o negar su consentimiento para la anestesia/analgesia.

Solicito voluntariamente que me administren a mí (el paciente) la anestesia y la atención de control de dolor (analgesia) perioperatoria, según lo indicado a continuación. Entiendo que será administrada por un proveedor de anestesia, el profesional que realice la operación o algún otro proveedor de salud de ese tipo, de ser necesario. Perioperatorio significa el periodo poco antes de, durante y poco después del procedimiento.

Aunque entiendo que la anestesia/analgesia implica riesgos y peligros adicionales, solicito que use anestésicos/analgesia para el alivio de y la protección contra el dolor durante los procedimientos planeados y adicionales. Comprendo que el tipo de anestesia/analgesia podría tener que cambiarse, posiblemente sin darme una explicación.

Entiendo que pueden ocurrir complicaciones graves, pero raras, con todos los métodos anestésicos/analgésicos. Algunos de esos riesgos son problemas de respiración y del corazón, reacciones a la medicina, daño nervioso, paro cardiaco, daño cerebral, parálisis o la muerte.

También entiendo que podrían ocurrir otras complicaciones. Entre esas complicaciones se incluyen: *Marque los métodos de anestesia/analgesia planeados y haga que el paciente/otra persona legalmente responsable ponga sus iniciales.*

____ ANESTESIA GENERAL - lesión a las cuerdas vocales, los dientes, los labios, los ojos; estar consciente durante el procedimiento; disfunción de la memoria/pérdida de la memoria; daño a órganos permanente; daño cerebral.

____ ANESTESIA/ANALGESIA DE BLOQUEO REGIONAL - daño nervioso; dolor persistente; sangrado/hematoma; infección; necesidad médica de usar anestesia general en vez; daño cerebral.

____ ANESTESIA/ANALGESIA ESPINAL - daño nervioso; dolor de espalda persistente; dolor de cabeza; infección; sangrado/hematoma epidural; dolor crónico; necesidad médica de usar anestesia general en vez; daño cerebral.

____ ANESTESIA/ANALGESIA EPIDURAL - daño nervioso; dolor de espalda persistente; dolor de cabeza; infección; sangrado/hematoma epidural; dolor crónico; necesidad médica de usar anestesia general en vez; daño cerebral.

____ ATENCIÓN DE ANESTESIA VIGILADA (MAC) o SEDACIÓN/ANALGESIA - disfunción de la memoria/pérdida de la memoria; necesidad médica de usar anestesia general en vez; daño a órganos permanente; daño cerebral.

Comentarios/riesgos adicionales:

Entiendo que no me han prometido nada con respecto al resultado de los métodos de anestesia/analgesia. Se me ha dado la oportunidad de hacer preguntas sobre los métodos de anestesia/analgesia, los procedimientos que se usarán, los riesgos y los peligros relacionados, y las formas de anestesia/analgesia alternativas. Creo tener suficiente información para dar este consentimiento informado.

Se me han explicado completamente este formulario, lo he leído o me lo han leído, se han rellenado los espacios en blanco, y entiendo el contenido de éste.

PACIENTE/OTRA PERSONA LEGALMENTE RESPONSABLE (se requiere una firma)

| | | |
|---|---|---|
| X _Miguel A Mares Salono_ | _____ 0555 _____ | a.m./p.m. |
| Firma | Fecha   Hora | |

| | | | |
|---|---|---|---|
| _[signature]_ | _Yadira Quinones_ | 7/27/16 | 0555 a.m./p.m. |
| Testigo Firma | Nombre (en letra de molde) | Fecha | Hora |

| | | |
|---|---|---|
| _[signature]_ | 7/27/16 | 0555 a.m./p.m. |
| Firma de Proveedor de anestesia | Fecha | Hora |

NAME: MARES, MIGUEL A
ACCT: 24427
DOB:
DR: KLEIN, TERREN D MD
DOS: 07/27/16
AGE: 59



1. Infección
2. Hematoma, hinchazón, sangrado, inflamación en el lugar de inyección
3. Daño al nervio y/o vaso sánguíneo
4. Disfunción de los intestinos y/o la vejiga
5. Entumecimiento, parálisis, náusea y vómito
6. Disfunción sexual
7. Derrame cerebral, convulsiones
8. Empeoramiento de la afección, sin alivio de dolor
9. Insuficiencia respiratoria y/o paro cardiaco
10. Reacción alérgica a medicamentos/esteroides
11. Hipotensión dificultad pasajera para respirar
12. Dolor durante el procedimiento
13. Riesgos adicionales:

    1. Neumotórax con bloqueo neurolítico intercostals, espinal diferencial, intraarticular, epidural torácico, y del ganglio estrellado: procedimientos con catéter epidural.

    2. Ronquera y síndrome de Horner permanente con un bloqueo neurolítico del ganglio estrellado: El Síndrome de Horner es un dolor de cabeza intenso, agudo, tamaño de pupilas desigual y pérdida sensorial.

    3. Dolor de cabeza con bloqueo del nervio occipital, Inyección de la raíz de nervio cervical.

    4. En procedimientos con catéter, el catéter se puede desviar

    5. Hemorragia nasal, cambios transitorios en la visión, nube os transitorios con bloqueó esfenopalatino.

    Iniciales M.A.M

**Riesgos Relacionados con los procedimientos mencionados abajo:**

Solicito al Dr. Klein

Para que realice:

HX/SI: MARES, MIGUEL A
ACT#: 24427
DOB: 03/03/57    ACH#: 89
DR: KLEIN, TERREN D MD
DOS: 07/27/16

---

Patología: Fotografía, Videograbación, Análisis de sangre

Autorizo a El Paso Day Surgery y/o al patólogo para que tenga a su cargo, o para que se deshagan de cualquier tejido. Doy mi autorización para que se tome cualquier fotografía o para que se grabe cualquier cinta de video que mi médico considere necesaria. Comprendo que son propiedad de mi médico.

Iniciales M.A.M

**Información sobre Anestesia General**

Comprendo que no puedo manejar ningún vehículo, operar ninguna maquinaria, firmar ningún document legal, consumir ninguna bebida alcohólica ni tomar ningún medicamento APARTE DE LOS QUE ME HA RECETADO mi medico cirujano u otro doctor, durante veinticuatro (24) horas después de que se me administre anestesia general. Comprendo que TENGO QUE TENER un adulto responsable que me lleve a mi casa, y que algún adulto se tiene que quedar conmigo pro lo menos veinticuatro (24) horas después de la operación.

Libro de cualquier responsabilidad al centro quirúrgico y a los médico si no cumplo co estas instrucciones.

Iniciales M.A.M

**Revisión Inmunológica**

La ley estatal requiere que a cualquier paciente menor de 18 años de edad (excepto a menores de edad legalmente emancipados), se le revise su historial inmunológico cada vez que sea ingresado en un hospital. Esto incluye ingresos de pacientes hospitalizados y ambulatorios. Certifico que me han dado una copia de la lista de inmunizaciones.

Iniciales MA

**Situación NPO (nada por vía oral)**

Certifico que (yo) (mi hijo/a) no he/ha tomado nada de comer o beber, incluyendo agua, desde 11:45 am (hora). Como tampoco no ha habido ningún cambio en mi/su condición física, tal como un resfriado o una infección.

Iniciales M.A.M



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :　　　　 Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc    Page 25

El Paso Day Surgery
Surgery Scheduling Form

EPDS Scheduling fax (915)225-7702   Ph:(915)225-7682

Date faxed in    07/21/2016         By      Marlene

Surgeon   Terren Klein

Surgery Date  07/27/2016           Time      6:30 AM

Patient's Name   Miguel Mares         Birthdate ▓▓▓▓

SS# ▓▓▓▓         PHONE: ▓▓▓▓

Address ▓▓▓▓

Latex Allergy?   Yes x No ••••••••••••••   Active Infection:   Yes x No

Insurance Co.  Molina Health Care Centenn. ID# 3260276221

Phone #

2nd Insurance                          ID#

Phone #

Procedure   Right Shoulder Rolator Cuff Repair

CPT CODE    23410  23130-59

Diagnosis   Supraspinatus Tendon Tear    ICD-9 Code    S46.811A

Estimated time:    1 Hr

Anesthesia:  x General    Local    IV sedation    Mac    Other

Patient Type:    23 Hour Stay    Extended stay (Discharge same day before 10:00 p.m.)

Equipment:   Ophthomology Microscope   CO2 Laser   Cobulator   Yag laser

   ENT Microscope   Ultra Sound   Other

Implants/Prosthesis:
Vendor:

Any other special requests:

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

    No Auth Required if Provider / facility in network
Fax received

NAME: MARES, MIGUEL A
ACT#: 24427
DOB: ▓▓▓▓      AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓▓▓▓ Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc    Page 26

6013

## SCHEDULING FORM/ PRE-OP ORDERS

☑ El Paso Day Surgery  ☐ El Paso Specialty Hospital  ☐ Del Sol  ☐ SurgCenter

Patient Name: Miguel Mares

DOB: ▓▓▓▓  SS# ▓▓▓▓  Allergies: N/c

Phone Number: 915-867-1031  Alternate Number: _____

Insurance Name: Molina HC Center  Policy ID: 32602 1622  Group#
Authorization # _____  Insurance #: _____

Surgeon Name: KLEIN, MD

Date of Surgery: 7/27/16  Time: 6:30 am  Duration Time: 1 hr

Special Equipment: _____

Vendor Name: _____  Contact Number _____

Pre-op Diag Code(s): 1. S46.811A  2. ___  3. ___  4. ___

Pre-op/Post-op CPT Code(s): 1. 23410  2. 23430-59  4. ___

Operative Procedure/Consent For: rotator cuff repair R shoulder

Pre Op Labs: ☐ UA  ☑ CBC  ☑ BMP  ☐ CMP  ☐ PT  ☐ PTT  ☐ Chest X-ray
☑ EKG ☐ Type & Screen ____ units ☐ Type & Cross ____ units
Other: _____

Preop/Intraop Antibiotic: _____

Special Instructions for patient: _____

Physician's Signature __Klein__  Date: 6-6-16 Time: 1:00

⌣ 104 Antone.
xinlondp. NHS 8063

NAME: MARES, MIGUEL A
ACT#: 24427
DOB: ▓▓▓▓▓  AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16



Molina Healthcare    7/19/2018 2:55:30 PM  PAGE    2/002    Fax Server

Page 1 of 8 recieved on 7/19/2016 3:29:48 PM (Pacific Daylight Time)

07/17/2016 16:30    #534 P.001/008

MOLINA

## Molina Healthcare of New Mexico
## Medicaid and Medicare Prior Authorization Request Form
### Phone: 1 (877) 262-0187

**MEMBER INFORMATION**

| Plan: | ☑ Molina Medicaid<br>Fax: 1 (888) 802-5711 | ☐ Molina Medicare<br>Fax: 1 (505) 924-8258<br>Or 1 (855) 278-0310 | ☐ Other: |
|---|---|---|---|
| Member Name: | Mig CUYKus | DOB: | ▮▮▮▮ |
| Member ID#: | 32 0 02 76 221 | Phone: | ▮▮▮▮ |
| Service Type: | ☑ Elective/Routine | ☐ Expedited/Urgent* | |

**\*Definition of Urgent / Expedited** service request designation is when the treatment requested is required to prevent serious deterioration in the member's health or could jeopardize the enrollee's ability to regain maximum function. Requests outside of this definition should be submitted as routine/non-urgent.

**Referral/Service Type Requested**

| Inpatient | Outpatient | |
|---|---|---|
| ☐ Surgical procedures | ☑ Surgical Procedure | ☐ Home Health |
| ☐ Admissions (all types) | ☐ OT  ☐ PT  ☐ ST | |
| ☐ SNF | ☐ Diagnostic Procedure  ☐ Hyperbaric Therapy | ☑ DME L34UC Shoulder Cradle |
| ☐ LTAC | ☐ Infusion Therapy | ☐ In Office (Non-Par) |
| | ☐ Other: | |

| Diagnosis Code & Description: | S46.811A  Right S Anterius endo tear |
|---|---|
| CPT/HCPC Code & Description: | 23410, 23130-59  Rotor cuff Repair |
| Number of visits requested for code: | 1 vis.* | DOS From 07 03 16 to 07 03 16 |
| Number of visits requested for code: | | DOS From  /  /  to  /  / |
| Number of visits requested for code: | | DOS From  /  /  to  /  / |

## Please send clinical notes and any supporting documentation

**PROVIDER INFORMATION**

| Requesting Provider Name: | Terren Klein M.D. |
|---|---|
| Provider/Facility Providing Service: | El Paso Day Surgery |
| Provider/Facility NPI number: | 1801876133 / 1407807050 |
| Contact at Requesting Provider's office: | Marlene |
| Phone Number: | (915) 838-3884 6133) |  Fax Number: | (915) 838-0110 |

**No Prior Auth Required** 23410, 23130, L3960 When done outpatient with a contracted Facility/ Provider per 1.1.2016 Matrix

NAME: MARES, MIGUEL A
MRN: 2016_PA_Guide  ACCT: 24427
DOB: ▮▮▮▮     AGE: 59   IL_updated
DR: KLEIN, TERREN D MD
DOS: 07/27/16

Molina Healthcare    7/19/2018 2:55:30 PM  PAGE  2/002







Member: MIGUEL A MARES

Identification #: 3260276371
Date of Birth:
Coverage Effective Date: 03.01.2016

**MOLINA** HEALTHCARE

PCP Name: KATHLEEN HALES

PCP Phone: (575) 521-5300
PCP Location: 2525 VOLANT RD SUITE A NO PARK NM 88063

**Patient Responsibilities:**
Office Visit                $0.00
Hospital Inpatient          $3.00        Emergency Room    $0.00
Prescription                $0.00        Urgent Care       $0.00

Ho-no: 3008742-01                        N3 BIN: 004336
                                         RXPCN: ADV
                                         RXGRP: RX0873

*Centenal Care providers as of:*
*we are providers as of:*
*1/1/14*

*Ref is required from PCP*

*Fax Tricina @ 5711*
*888-808-5711*

*10:55am.*
*7/14/16 – Per Tricina @ Molina*
*Centenialcare at 800-377-9594*
*Referral is required per CPT codes*
*23410 & 23130.*
*Advised PT & Daughter – they are charg.*
*PCP to get the referral to IDK for the*
*Preauth.*

NAME: MARES, MIGUEL A
ACT#: 24427
DOB:                    AGE: 59
DR: KLEIN, TERREN D MD:
DOS: 07/27/16

Patient: MARES, MIGUEL  MRN: 0024427  DOS: 07/27/2016  DOB:          Gender: Male
Physician: KLEIN, TERREN    Section Scanned Doc.        Page 29



Member: [illegible text]
Behavioral Health: [illegible text]
Long Term Care: [illegible text]
Self Direction: [illegible text]
Pharmacy: [illegible text]
Transportation: [illegible text]
[illegible text]
For more information regarding these services [illegible text]
[illegible text] Member Services or visit our website at [illegible text]
their member directory.

Emergency Services: Call 911 or go to the nearest emergency room.

Claims: [illegible text]

Claims Information: [illegible text]

www.[illegible text]

800-
327-9594

NAME: MARES, MIGUEL A
MR#: 24427
SSN: [redacted]        AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16



Member MIGUEL A MARES

Identification #: 5260216221
Date of Birth
Coverage Effective Date 06/01/2016

**MOLINA**

PCP Name: KATHLEEN MALES

PCP Phone (575) 521-5370
PCP Location 2625 MCNUTT RD SUNLAND PARK NM 83063

Patient Responsibility
| Office Visit | $0.00 | Emergency Room | $0.00 |
| Hospital Inpatient | $0.00 | Urgent Care | $0.00 |
| Prescription | $0.00 | | |

RXBIN: 004336
RXPCN: ADV
RXGRP: Rx0813

**NEW MEXICO** — DRIVER'S LICENSE

License #: _____ ISSUED 04/17/2013
Date of Birth: _____ EXPIRES 04/03/2021

MARES
MIGUEL A

SEX: M          HEIGHT: 5'05"
WEIGHT: 168     EYES BRO
CLASS: D        ENDORSEMENTS NONS
                RESTRICTIONS NONE

Member ...
Behavioral Health ...
Long Term Care ...
Self Direction ...
Pharmacy ...
Transportation ...
Nurse Advice Line: Per Day CA ...
For more information ...
Service plans ...
(800) ...

Emergency Services: Call 911 or go to the nearest emergency room

Provider: ...
Claims Address: PO Box ..., Long Beach, CA 90801

www.molinahealthcare.com

NAME: MARES, MIGUEL A
ACT#: 24427
DOB: _____          AGE: 59
DR: KLEIN, TERREN D, MD
DOS: 07/27/16



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : _____  Gender : Male
Physician : KLEIN, TERREN    Section :Miscellaneous    Page 2

# Preferencias de comunicación del paciente sobre su PHI

**Preferencias de comunicación por teléfono**

\# de Casa _____

\# de Trabajo _____

\# de Celular (915) 727-1034

Otro _____

```
NAME: MARES, MIGUEL A
...: MRN: 24427
TOB:                    : 59
FN: KLEIN, TERREN D MD
DOS: 07/27/16
```

**Preferencias de comunicación por correo electrónico**

Dirección de correo electrónico _____

Con el fin de servir mejor a nuestros pacientes y comunicarnos con ellos sobre sus servicios y obligaciones financieras usaremos todos los métodos de comunicación proporcionados para agilizar esas necesidades. Al proporcionar la información arriba, acepto que El Paso Day Surgery o uno de sus agentes legales o asociados pueda usar los números telefónicos proporcionados para enviarme una notificación por texto, llamar usando un mensaje de voz artificial/pre-grabado por medio del uso de un servicio automatizado de marcación o dejar un mensaje de voz en una contestadora telefónica.
Si se ha proporcionado una dirección de correo electrónico, El Paso Day Surgery o uno de sus agentes legales o asociados puede contactarme con una notificación por correo electrónico sobre mi cuidado, nuestros servicios, o mi obligación financiera.

**Preferencias de comunicación por correo**

¿Podemos enviar correo a la dirección de su hogar? (Si no, por favor proporcione una dirección postal alterna abajo.)    Sí

Además de usted, su compañía de seguros y personal médico involucrado en el cuidado de su salud, ¿con quién podemos hablar sobre la información del cuidado de su salud? (Marque todos los que apliquen)

| | Nombre | Teléfono |
|---|---|---|
| Esposo(a) | _____ | _____ |
| Cuidador | _____ | _____ |
| ✓ Hijo(a) | Aric Mares | 253-784? |
| Padre/Madre | _____ | _____ |
| Otro | _____ | _____ |

Reconozco que se me ha dado la oportunidad de solicitar restricciones sobre el uso y/o la divulgación de mi información protegida de salud.

Reconozco que se me ha dado la oportunidad de solicitar medios alternativos de comunicación de mi información protegida de salud.

_I. miguel A. Mares_
**Firma del paciente o del representante personal**

_7-27-16_
**Fecha**

_Miguel A. Mares_
**Nombre:**

_____
**Relación con el paciente**

14(LLS-Spanish/0078X00ANOTICEOFPRIVACY)

## ACUSE DE RECIBO DE LA NOTIFICACIÓN DE PRÁCTICAS DE PRIVACIDAD (NPP)

Se entrega una Notificación de prácticas de privacidad (NPP, *Notice of Privacy Practices*) a todos los pacientes. Esta Notificación de prácticas de privacidad identifica: 1) el modo en que puede usarse o divulgarse su información médica; 2) sus derechos a acceder a ella, modificarla, solicitar un detalle de las divulgaciones que se hubieran hecho sobre la información médica y solicitar restricciones adicionales sobre los usos y divulgaciones que hagamos respecto de la misma; 3) sus derechos a presentar quejas, en caso de que estime que se han violado sus derechos de privacidad; y 4) nuestras obligaciones de mantener la privacidad de su información médica.

El signatario certifica que ha leído el documento que antecede, que recibió una copia de la Notificación de prácticas de privacidad (NPP) y que es el paciente o el representante personal del mismo.

_X Miguel AMARES_
Nombre del paciente

_Miguel A Mares_
Firma del paciente

_9 27 16_
Fecha de la firma

_____
Nombre del representante personal del paciente

_____
Firma del representante personal del paciente

_____/_____/_____
Fecha de la firma

### FOR INTERNAL USE ONLY

_Estela Garcia_
Name of Employee

_____
Signature of Employee

If applicable, reason patient's written acknowledgement could not be obtained:

☐ Patient was unable to sign.
☐ Patient refused to sign.
☐ Other _____

_____-_____ (Version: As noted on NPP)          _____/_____/_____ (Date: As noted on NPP)

**NOTICE OF PRIVACY
PRACTICES (NPP)
ACKNOWLEDGEMENT**

PATIENT ID

NAME: MARES, MIGUEL A
ACCT: 24427
DOB: ▓▓▓▓▓▓▓        AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

WHITE = MEDICAL RECORD     CANARY = PATIENT     PINK = ADMITTING



Patient: MARES, MIGUEL   MRN : 0024427   DOS : 07/27/2016   DOB : ▓▓▓▓▓▓   Gender : Male
Physician : KLEIN, TERREN   Section Scanned Doc   Page 32

# EL PASO DAY SURGERY

### ACKNOWLEDGEMENT OF PATIENT RESPONSIBILITY
### RECONOCIMIENTO DE RESPONSABILIDAD DEL PACIENTE

PLEASE PROVIDE NAME AND PHONE NUMBER OF PERSON THAT WILL
BE TAKING THE PATIENT HOME.

NAME: _____ PH #: _____

*THE PERSON MENTIONED ABOVE IS EXPECTED TO STAY WITHIN OUR
FACILITY DURING THE SURGERY UNTIL THE PATIENT HAS BEEN
RELEASED.*

SIGNATURE_____

POR FAVOR DE PROPORCIONAR EL NOMBRE Y EL NUMERO DE
TELEFONE DE LA PERSONA QUE VA A TRANSPORTAR AL PACIENTE A LA
CASA.

NAME: *Ana Mares* PH #: 253-7843

*ES ESPERADO QUE LA PERSONA MENCIONADA ANTERIORMENTE
PERMANEZCA DENTRO DE NUESTRAS INSTALACIONES DURANTE LA
CIRUGIA HASTA QUE EL PACIENTE HAYA SIDO DADO DE ALTA.*

FIRMA *Y Miguel A. Mores*

NAME: MARES, MIGUEL A
MRN: 24427
DOB:
DR: KLEIN, TERREN D MD      AGE: 59
DOS: 07/27/16

Patient: MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓▓▓▓  Gender : Male
Physician: KLEIN, TERREN     Section Scanned Doc     Page 33

# EL PASO DAY SURGERY

```
Pa NAME: MARKS, MIGUEL A
ACCT: 24427
...                    ... 59
... KLEIN, TERREN D MD
... : 07/27/16
```

## EBOLA VIRUS DISEASE (EVD) SCREENING TOOL FOR REGISTRATION DEPARTMENT

Ebola Virus Disease (EVD) Screening

1. Have you traveled to or been in contact with anyone who has traveled to an Ebola-affected area (West Africa: Guinea, Liberia, Nigeria, Senegal, Sierra Leone) in the past 3 weeks.
   Yes _____   No  X

2. Had close contact with someone who recently traveled to West Africa or was ill
   Yes _____   No  X

3. Had close contact with bats, rodents, or primates from West Africa  Yes_____   No  X

4. And if you have had a FEVER  Yes_____   No  X

5. If answer is yes, contact Pre-op Nurse to come to registration to question patient further regarding signs/symptoms of Ebola.

6. If signs/symptoms for Ebola present, Pre-op nurse will take patient to isolation area, using proper protocol and contact Administrator/Nurse Manager

Administrator/Nurse Manager Responsibilities

1. The Administrator/Nurse Manager will contact Infection Prevention (through Texas Department of State Health Services at (915) 771-5702

2. El Paso CDC at (915)834-5950 / 24hr access (866)638-9753

3. Notify the patient's Physician.

4. Kathy Munoz, Tenet VP Patient Safety & Risk Management at (469) 893-2114

_____
Administrator/Nurse Manager Signature/Date/Time (To be signed if Notification Necessary)

Rev. October 13, 2014



Patient: MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : _____  Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc        Page 34

## FORMULARIO DE AUTORIZACION

### DIVULGACIÓN DE INFORMACIÓN:

Yo autorizo que el Centro pueda revelar mi "información protegida referente a la salud " (IPS) exigido por la ley de Privacidad Federal de la denominada de la información sobre la Salud (HIPAA). Disposiciones de la Privacidad cuales incluyen mi historial médico a una tercera parte los contribuyentes, incluyendo, pero no limitado a los aseguradores de salud, planes del cuidado de salud los organismos estatales y federales, compensación a los trabajadores transportistas fabricantes requeridos por la FDA en la vía depositarios médicos u mi empleador. Esto incluye una adecuada liberación de y revelación de mis registros médicos exigidos por las Disposiciones de la Privacidad a mis médicos y otros proveedores de atención de salud cuando sea necesario para el tratamiento y la salud en general. Estando en el centro para tratamiento y atención, la planta tiene permiso para revelar información pertinente a los miembros de la familia los amigos, o designados cuidadores que estén presentes. Yo entiendo que si no estoy presente en la instalación, mi información personal de salud no será divulgada a menos que esté de acuerdo con la revelación.

### RESPONSABILIDAD FINANCIERA:

estoy de acuerdo en pagar al Centro bajo sus condiciones y tarifas regulares, tales como el copago, coaseguro, deducible que se tiene en el momento que los servicios son prestados. Tengo entendido que el monto a pagar percibido en el momento de servicio es una estimación y gastos adicionales pueden ser acumulados durante el tiempo de servicio. Entiendo los cargos no cubiertos por mi seguro y mi responsabilidad. Incumplimiento con pagos a su balance puede ocasionar que su cuenta sea entregada a una agencia de cobros.

Términos  30 días a partir de la fecha de factura, a menos que se indique lo contrario. Colecciones deben de ser necesarias, responsabilidad a pagar está de acuerdo con los gastos de recaudación adicional, y a todos los honorarios legales de la recaudación incluidos los honorarios de abogados, costos judiciales y honorarios de inscripción.

### ASIGNACIÓN DE LAS PRESTACIONES DEL SEGURO:

Yo autorizo pago directo al centro de cualquier beneficio de seguro. Yo entiendo que soy responsable de los cargos no pagados por mi compañía aseguradora y estoy de acuerdo en pagar los saldos pendientes en tu cuenta no más de 90 días después de la fecha de servicio.

### DIVULGACIÓN DE LA PROPIEDAD:

El médico que se refiere a nuestro Centro de Cirugía puede tener unos bienes de propiedad en esta planta. Usted es libre de elegir un instalación para que reciba servicios. Ha sido informado de esta relación tanto por escrito como oralmente antes de la fecha de servicio.

### POLITICA DE DIRECTIVAS MEDICAS POR ADELANTADO:

Yo entiendo que hay diferentes tipos de directivas por adelantado, las dos formas más comunes son testamentos de vida y poder legal de otro para el cuidado de la salud. Tengo entendido que en el entorno de cuidado ambulatorio, si sufro un paro cardíaco o respiratorio u otra situación que pone en peligro la vida, la firma de este documento otorga el consentimiento para la resucitación y traslado a un nivel superior de atención. Consecuentemente exigido por la ley Federal, el Centro le avisa de que no se ejecutaran las directivas medicas por avanzado firmadas personalmente, pero lo remitirá al centro receptor si se le transfiere. Si esto no es aceptable para usted, usted debe tratar este tema con su médico y anestesiólogo o anestesista. Ha sido informado de nuestra política las Directivas Medicas por Adelantado tanto por escrito como oralmente antes de la fecha de servicio y entender nuestra política.

### AVISO DEL ACTO DE LA PRIVACIDAD HIPAA:

Firmo que he recibido el servicio de aviso del acto de la privacidad HIPAA he tenido la oportunidad de revisar su contenido.

NMBR: MARES, MIGUEL A.
ACCT #: 24427
DOB:                          AGE: 59
DR: KLEIN, TERREN D. MD.
DOS: 07/27/16

Patient : MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB : 03/03/1957 Gender : Male
Physician : KLEIN TERREN    Section Consents    Page 1



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :        Gender : Male
Physician : KLEIN, TERREN    Section Scanned Doc    Page 35

—

## FORMULARIO DE AUTORIZACION

**DERECHOS DE LOS PACIENTES Y RESPONSABILIDADES:**
Hemos que he recibido mis derechos de los pacientes y las responsabilidades por escrito y he comprendido lo que he leido

Iico que he sido informado de los siguientes elementos
Divulgación de Propiedad
Política de Directivas Médicas por Adelantado
Aviso de la Privacidad HIPPA
Derechos de los Pacientes y Responsabilidades

Firma del paciente o Tutor

X _Miguel A. Mares_

Parentesco con el paciente ( en caso necesitado)

Testigo:
Signature :   7-27-16

SCAN: MARES, MIGUEL A
MCRF: 24427
DOB: ▮▮▮▮    Age: 59
DR: KLEIN, TERREN D (D)
VIS: 07/27/16

Patient: MARES, MIGUEL MRN: 0024427 DOS: 07/27/2016 DOB: 03/09/1957 Gender: Male
Physician: KLEIN TERREN    Section Clinicians    Page 1



Clinical Research Study Questionnaire

Date [ 3F 27 2016 ]

Medical Record No [ 0024427 ]

1. Are you participating in a research study?

Check one ☒ No ☐ Unknown ☐ Yes

2. If yes, please complete the required information below:

Study Name [                                                    ]

Name of physician conducting study [                              ]

Physician contact info

Address [                                    ]

Phone Number [                        ]


Signature of Patient or Legally Designated Representative

X _~M~ Miguel A Mores_

7-27-16

NAME: MARES, MIGUEL A
MRN: 24427
DOB: ████████        AGE: 59
DR: KLEIN, TERREN D MD
DOS: 07/27/16

Patient: MARES, MIGUEL MRN: 0024427 DOS: 9R27/2016 DOS ██████ Gender: Male
Physician: KLEIN, TERREN   Section Consents   Page 1

Patient: MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB : ██████ Gender : Male
Physician : KLEIN, TERREN   Section Scanned.Doc   Page 37



Version 5.2.9.0

## Allergies

[X] No alergies    [ ] Unknown Alergies    Reason: [                    ]

Reviewed By:        electronically signed by HERNANDEZ, YVETTE, RN on 07/27/2016 08:23

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :▆▆▆▆  Gender : Male
Physician : KLEIN, TERREN    Section Allergies      Page 1



Home Medication List

Version 5.2.0.1

☐ Admission Reconciliation Completed

☐ Discharge Reconciliation Completed

☒ No Home Medications

No Home Medications



Version 4.4.4.0

Reviewed By

## Reviewed By

| Review Type | Staff | Area | Date | Time |
|---|---|---|---|---|
| Allergy | HERNANDEZ, YVETTE | PreOp | 07/27/2016 | 06:23 |
| Comment | | | | |



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ████  Gender : Male
Physician : KLEIN, TERREN    Section Medications        Page 3

Version 5.2.9.0

**Medication List**

☐ Discharge Reconciliation Complete

| | | | | | | |
|---|---|---|---|---|---|---|
| **Patient:** | MARES, MIGUEL | **DOB:** | ▮▮▮ | | | |
| **Address:** | | **Height:** | 0.0 | Cm | **Height:** | 0.0 | In |
| | | **Weight:** | 0 | Kg | **Weight:** | 0 | Lbs |
| | | **BMI:** | 0.0 | | | |

**Allergies:** No Known Allergies

Continue - Not Applicable.

Changed - Not Applicable.

New - Not Applicable.



Version 5.2.10.5

Vitals

Heighl (in.)   Weight (lbs.)   BMI

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 07:42 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 155/96 | 83 | 24 | 98.3 | Temporal-T | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 94 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 07:45 | 07/27/2015 | HERNANDEZ, JUAN | PACU1 | 152/97 | 84 | 20 | | | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 97 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 07:50 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 136/84 | 84 | 19 | | | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 98 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 07:55 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 143/93 | 75 | 18 | | | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 98 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 08:00 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 133/88 | 72 | 20 | | | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 98 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 08:15 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 149/99 | 74 | 20 | | | 10 |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Mask | 97 | | 0 | | | | | | |
| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
| 08:30 | 07/27/2016 | HERNANDEZ, JUAN | PACU2 | 137/88 | 72 | 18 | | | |
| **O2 Source** | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/INR** | **HGB** | **GLU** | | | |
| Room Air | 93 | | 0 | | | | | | |

*See Footnote #1*

Reviewed By:

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▮▮▮▮  Gender : Male
Physician : KLEIN, TERREN    Section PreOp        Page 1
Footnote Information follows on page 2



PreOp / Vitalsv42 - Footnote Information:

| | Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|---|---|---|---|---|---|---|---|---|---|---|
| 1) | 08:55 | 07/27/2016 | HERNANDEZ, JUAN | PACU2 | 131/82 | 68 | 20 | 96 | Temporal-T | |

| O2 Source | O2 Sat | End Tidal CO2 | Pain Ind... | PT / INR | HGB | GLU |
|---|---|---|---|---|---|---|
| Room Air | 95 | | 0 | | | |

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ████████  Gender : Male
Physician : KLEIN, TERREN    Section PreOp      Page 2
End of Footnote Information



### Pre-Operative Assessment – Page 1

Admission Time: **05:39**      PreOp Staff: **HERNANDEZ, YVETTE**

PreOp Start Time: **05:50**      PreOp End Time: **06:37**

**Patient Identification**

☐ Accompanied by Responsible Adult

ID Verified/Band On  ☐ Yes  ☐ No      Allergy(s) Band On  ☐ Yes  ☐ NA

**NPO**

**Nursing Assessment**

Mental Status

Level of Consciousness

Ambulatory Status:  ☐ Gait Steady  ☐ Other

Cardiovascular:  ☐ WNL  ☐ EKG  ☐ NSR  ☐ Other

☐ Pacemaker  ☐ AICD

Respiratory:  ☐ Breath Sounds Clear to Auscultation  ☐ Other

Pain Scale:      Pain Location:

**Communication**

Language      ☐ Hearing Impaired   Special Needs

**Skin:**

☐ Intact  ☐ Eczema  ☐ Skin Cancer  ☐ Psoriasis  ☐ Body Jewelry

☐ Other



## Pre-Operative Assessment - Page 2

**Gastrointestinal:** ☐ Abdomen Soft/Non Distended   ☐ Other _____

**Musculoskeletal History** ☐ WNL
☐ Arthritis   ☐ Limited ROM   ☐ Neck Problems   ☐ Amputations _____ ☐ Paralysis
☐ Back Problems   ☐ Prosthesis _____   ☐ Other _____

**Genitourinary:** ☐ Not Applicable   **Last Void Time** _____

Last Menstrual Period _____ ☐ Not Applicable   hCG ☐   POS ☐   NEG ☐

**Endocrine Assessment**
Blood Sugar ☐ Not Applicable _____ Taken By ☐ Patient   ☐ Staff
Diabetes ☐ Type I   ☐ Type II   ☐ Hypoglycemia   ☐ Thyroid Disease   ☐ Steroid Therapy

**Surgical Site**
☐ Surgical Site Hair Removal   Type of Hair Removal _____

| IV Start | | Piggy Back Line | ☐ Not Applicable |
|---|---|---|---|
| Time Inserted | 06:05 | Time Started | |
| Inserted By | HERNANDEZ, YVETTE | Solution | |
| IV Site | ☐ Right  [X] Left | Medication Added | |
| | Hand | Time Ended | |
| | | | |
| Catheter Gauge | 20G | | |
| | | | |
| Attempts | 1 | | |
| Attempt Sites | | | |
| Solution | LR | | |
| Size | 1000mL | | |
| Other Meds | | | |
| | ☐ NS Loc | | |



Patient: MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▉▉▉▉  Gender : Male
Physician : KLEIN, TERREN   Section PreOp        Page 4

## Pre-Operative Assessment – Page 3

**Anesthetic:** [X] Not Applicable

[ ] Block by: [_____]        Block Completed At [_____]

Site [_____]        Block Time Out [_____]

Oxygen Applied Via [_____]  O2 L/min [_____]

[ ]

**Patient Belongings**

[ ] Glasses [_____]

[ ] Contacts [_____]

[ ] Hearing Aids [_____]

[ ] Dentures [_____]

[ ] Jewelry [_____]

[ ] Prosthesis [_____]

[ ] Other [_____] [_____]

**To OR Via**

[X] Stretcher   [ ] Ambulatory   [ ] Carried   [ ] Other [_____]

**PreOp RN**

Signature:        electronically signed by HERNANDEZ, YVETTE, RN on 07/27/2016 06:22

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : [____]  Gender : Male
Physician : KLEIN, TERREN    Section PreOp    Page 5

Surgical Safety Checklist Pre Op - Page 1

**Preoperative Area**

| | |
|---|---|
| H & P ≤ 30 Days | ☒ |
| OR Consent ≤ 30 Days | ☒ |
| Anesthesia Consent | ☒   ☐ N/A |
| Conscious Sedation Consent | ☐   ☒ N/A |
| Surgery Orders | ☐ N/A   ☒ ≤ 30 Days |
| Labs/EKG/X-Rays | ☐ N/A   ☒ On chart |
| Antibiotics | ☒ N/A   ☐ Ordered |
| Site | ☐ N/A   ☒ Marked   ☐ Wristband |
| Patient Ready for OR | ☒ |

**Pre-Op RN**

Signature:          electronically signed by HERNANDEZ, YVETTE, RN on 07/27/2016 06:22

Sign In - Before Induction of Anesthesia

☒ Confirm about patient, ID x 2, surgeon, consent, procedure, site/side

Site:   ☐ N/A   ☒ Marked

☒ Wristband   ☒ Allergies Reviewed   ☒ Anesthesia Safety Check   ☒ Airway Issues Addressed

☒ Implants / Special Equipment / Blood

**Circulator RN**

Signature:          electronically signed by SOSA, ROSA on 07/27/2016 07:21

Hard Stop Time Out - Before Skin Incision

Time Out Time:   | 07:02 |

☒ All team members introduce themselves by name and role

☒ All team members verbally confirm Patient, procedure, site, with mark visible within draped field; pm

☒ Fire risk evaluated - Alcohol prep evaporated; high risk potential reviewed   ☐ N/A

☐ VTE Risk evaluated   ☐ N/A   ☒ SCDs in place

☒ Hypothermia risk, warmer in place   ☐ N/A

   Anticipated Critical Events:

      ☒ Surgeon: Critical steps; Expected operative duration, Anticipated EBL, Specimens

      ☒ Anesthesia: Patient-specific concerns

      ☒ Nursing; Issues or concerns, Drugs/solutions labeled, sterility confirmed, equipment functioning properly.

Preoperative prophylactic antibiotics:   ☐ N/A   ☒ Given within 60 minutes and documented accurately

Essential Imaging:   ☒ N/A   ☐ Displayed

**Circulator RN**

Signature:          electronically signed by SOSA, ROSA on 07/27/2016 07:21

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▇▇▇▇  Gender : Male
Physician : KLEIN, TERREN    Section PreOp        Page 6

Intake and Output                                    Version 4.4.7.0

Patient   MARES, MIGUEL                    Case   07/27/2016

Intake

| Date | Time | Area | Intake (mL) | Type |
|------|------|------|-------------|------|
| 07/27/2016 | 07:42 | IntraOp | Intravenous (1400) | LR |
| 07/27/2016 | 08:18 | PACU2 | Oral (100) | ice water |
| 07/27/2016 | 08:40 | PACU2 | Intravenous (300) | lr |

Intake Totals

Pre-OP Total : 0

Intra-OP Total : 1400

PACU1 Total : 0

PACU2 Total : 400

Extended Care Total : 0

PAT Total : 0

24 Hour Total : 1800



## PreOp Nurse Notes

Refer to paper chart for complete chart.

RN Signature:

Signature:       electronically signed by HERNANDEZ, YVETTE, RN on 07/27/2016 12:38

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ███████  Gender : Male
Physician : KLEIN, TERREN   Section PreOp       Page 8



## Surgical Safety Checklist Intra Op - Page 1

Preoperative Area

Reg # / XDept [X]

ID, Sensitive Location [X]

Surgical Consent (H&P) [X]   [ ] N/A

Conscious Sedation Consent [ ]   [X] N/A

Surgery Orders [ ] N/A   [X] ≤ 30 Days

Labs/Dx & XRays [ ] N/A   [X] On chart

Antibiotics [X] N/A   [ ] Ordered

Site [ ] N/A   [X] Marked   [ ] Statford

Patient Ready for OR [X]

**Pre-Op RN**

Signature:   electronically signed by HERNANDEZ, YVETTE, RN on 07/27/2016 05:23

Sign In - Before Induction of Anesthesia:

[X] Confirm about patient: ID x 2, surgeon, consent, procedure, site/side

    Site: [ ] N/A   [X] Marked

[X] Wristband   [X] Allergies Reviewed   [X] Anesthesia Safety Check   [X] Airway Issues Addressed

[X] Implants / Special Equipment / Blood

**Circulator RN**

Signature:   electronically signed by SOSA, ROSA on 07/27/2016 07:21

Hard Stop/ Time Out - (Before Skin Incision

Time Out Time:   07:02

[X] All team members introduce themselves by name and role

[X] All team members verbally confirm: Patient, procedure, site, with mark visible within draped field, pm

[X] Fire risk evaluated - Alcohol prep evaporated, high risk potential reversed   [ ] N/A

[ ] VTE Risk evaluated   [ ] N/A   [X] SCDs in place

[X] Hypothermia risk, warmer in place   [ ] N/A

    Anticipated Critical Events:

       [X] Surgeon: Critical steps, Expected operative duration, Anticipated EBL, Specimens

       [X] Anesthesia: Patient specific concerns

       [X] Nursing: Issues or concerns, Drugs/solutions labeled, sterility confirmed, equipment functioning properly

Preoperative prophylactic antibiotics: [ ] N/A   [X] Given within 60 minutes and documented accurately

Essential Imaging: [X] N/A   [ ] Displayed

**Circulator RN**

Signature:   electronically signed by SOSA, ROSA on 07/27/2016 07:21

Patient : MARES, MIGUEL   MRN : 0024427   DOS : 07/27/2016   DOB : ▮▮▮▮   Gender : Male
Physician : KLEIN, TERREN   Section IntraOp   Page 1



Implants                                                                    Version 4.5.11.0

| Description | Site | Key | Qty Sched | Qty Used | Qty Returned | Qty Wasted | Serial# | Lot# | Exp. Date |
|---|---|---|---|---|---|---|---|---|---|
| IMPLANT SUT ANCHOR, BIOCOMPOSITE 5.5MM (AR-1927BCNF) | R Right Shoulder | AR-1927BCN F | 0 | 1 | 0 | 0 | | 100277 07 | 01/31/2018 |

**Comments**

ARTHREX REF AR1927BCNF



## Surgical Safety Checklist Intra Op – Page 2

**Before patient leaves OR**

☒ Confirm diagnosis and procedure performed

☒ All final counts correct                    ☐ Counts not applicable for procedure

☐ Specimens- how labeled and disposition      ☒ N/A

☐ Equipment problems to be addressed          ☒ N/A

☒ Surgery, anesthesia and nursing review concerns re: transfer/mgmt in PACU/Other

**Circulator RN:**

Signature:          electronically signed by SOSA, ROSA on 07/27/2016 07:22

Anesthesiology Transfer to PACU/Other

☒ Patient identity, name, age, weight

☒ Surgical procedure diagnosis

☒ Medical history

     Significant cardiac conditions

     Medications, allergies

☒ Anesthetic management              ☐ N/A

     Sedatives, narcotics, reversal agents

     Muscle relaxants, recovery

     Antiemetics and prophylaxis (time)

☒ Summary of fluid balance           ☐ N/A

     EBL and urine output

     Fluids and blood components

☒ Intra Care:

     Pulse ox, BP, EKG, temp

     Resp: airway, oxygenation, ventilation

     Hemodynamics, fluids, vasopressors

     Expected vital signs and LOC

     Pain assessment and plan of care

     Critical values / pending lab tests

     Disposition: Home, floor, other

**PACU RN**

Signature:          electronically signed by HERNANDEZ, JUAN on 07/27/2016 07:56



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▮▮▮▮  Gender : Male
Physician : KLEIN, TERREN    Section IntraOp      Page 3

Intra-Operative Assessment - Page 1

**Pre-Operative Diagnosis:**

S46 811A  STRAIN OF OTHER MUSCLES FASCIA AND TENDONS AT SHOULDER AND UPPER ARM LEVEL RIGHT ARM INITIAL ENCOUNTER.

**Post-Operative Diagnosis:**

SAME

**Scheduled Operative Procedure:**

Rt Shoulder Rotator Cuff Repair - Right, ACROMIOPLASTY OR ACROMIONECTOMY, PARTIAL, WITH OR WITHOUT CORACOACROMIAL LIGAMENT RELEASE;

**Performed Operative Procedure:**

OPEN RIGHT SHOULDER ROTATOR CUFF REPAIR

| | | | |
|---|---|---|---|
| Date: | 07/27/2016 | OR#: | OR#2 |
| Pt. in Room: | 06:38 | Pt. Out of Room: | 07:42 |
| Procedure Start: | 07:02 | Procedure Finish: | 07:35 |
| Anes. Start: | 06:38 | Anes. Finish: | 07:46 |

Anesthesia Type:  General Adult         ASA  2

Anesthesiologist/CRNA:  VADI-LATIFF, HELENA

Surgeon:  KLEIN, TERREN         Assistant:  A CORDOVA LSA

| | | | | | |
|---|---|---|---|---|---|
| Circulator I: | SOSA, ROSA | In Time: | 06:38 | Out Time: | 07:42 |
| Circulator II: | | In Time: | | Out Time: | |
| Scrub I: | GALLARDO, FRANK | In Time: | 06:38 | Out Time: | 07:42 |
| Scrub II: | ORTEGA, ELISA | In Time: | 06:38 | Out Time: | 07:42 |

To OR via:  ☒ Stretcher   ☐ Ambulatory   ☐ Carried   ☐ Other

NPO                              Comments

Level of Consciousness:  Sedated



Patient: MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓▓▓▓  Gender : Male
Physician : KLEIN, TERREN    Section IntraOp      Page 4

## Intra-Operative Assessment Pg2

### Musculoskeletal Status

[X] WNL  [ ] Traction  [ ] Paralysis  [ ] Prosthesis  [ ] Recent surgery affecting positioning  [ ] Limited ROM
[ ] Amputation  [ ] Use of assisted device  [ ] Other [ ]

### Position

[ ] Supine  [ ] Prone  [ ] Trendelenberg  [X] Beach Chair  [ ] Lateral  [ ] Right  [ ] Left
[ ] Jackknife  [X] Safety Strap Applied  Location: [ ] Arms  [ ] Calf  [X] Thighs  [ ] Torso
[ ] Other [ ]

### Position Tools  [ ] Not Used

[ ] Padded Arm Boards  [ ] Right  [ ] Left
[ ] Ulnar Protectors  [ ] Right  [ ] Left
[ ] Arms Tucked  [ ] Right  [ ] Left
[ ] Shoulder Rolls  [ ] Chest Rolls
[ ] Pillows, Towels, Blankets  UNDER KNEES
[ ] Sandbags [ ]
[X] Foam Pads  *See Footnote #2*
[ ] Hand Table  [ ] Arthroscopy Knee Holder  [ ] Right  [ ] Left
[ ] Other [ ]

Positioned By: DR KLEIN AND A CORDOVA

[ ] Finger Traps  [ ] Right  [ ] Left
[ ] U Shaped Arm Holder
[ ] Shoulder Traction  [ ] Right  [ ] Left [ ] lbs
[ ] Arm Abducted <90 degrees  [ ] Right  [ ] Left
[X] Head Rest
[ ] Axillary Roll
[ ] Bean Bag
[ ] Footboard
[ ] Beach Chair Table
[ ] Lateral Post  [ ] Right  [ ] Left
[ ] Prone Pillow
[ ] Forked Thigh

### IV Start  [X] IV Not Applicable

Time Inserted [ ]
Inserted By [ ]
IV Site  [ ] Right  [ ] Left
[ ]
[ ]
Catheter Gauge [ ]
Attempts [ ]
Attempt Sites [ ]
Solution [ ]
Size [ ]
Total Amount Infused [ ]
[ ] NS Loc

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓▓▓▓  Gender : Male
Physician : KLEIN, TERREN    Section IntraOp    Page 5
Footnote information follows on page 6



IntraOp / EPSOIntraOpOrthoPg2v2 - Footnote Information:

2)      UNDER HEELS AND ANKLES, ARM CRADLE TO LEFT ARM



## Intra-Operative Assessment – Page 3

**Risk for Infection** ☐ Not Applicable
☒ Skin Intact Pre-Op  ☐ Other [_____]  ☒ Skin Intact Post-Op  ☐ Other [_____]

**Skin Prep** ☐ Not Applicable  **Skin Prep Completed By** [SOSA, ROSA]
☐ Betadine Solution  ☐ Alcohol  ☒ Chlorhexidene Gluconate  ☐ Prevail  ☐ Betadine Scrub  ☐ Hibiclens
☐ Other [_____]  **Prep Site** [RIGHT SHOULDER AND ARM]

**Wound Classification** [____] I: Clean  II: Clean - Contaminated  III: Contaminated  IV: Dirty - Infected

**Risk for Hypothermia** ☐ Not Applicable
☐ Warming Blanket Applied  ☐ Warm IV Fluid  ☐ Warm Irrigation
☒ Other [WARM BLANKETS APPLIED]

**Risk for Injury**
**VTE Prophylaxis** ☐ Not Used
TED Stockings   ☐ Yes  ☒ No
Sequential Stockings  ☒ Yes  ☐ No
Unit # [E48405]
☐ Other [_____]

**Electrical Equipment** ☐ Not Used
Electrosurgical Unit # [04HGE008]
Bipolar [____]
Settings  Cut [40]  COAG [40]
Monopolar [____]  Blend [____]
☒ Grounding Pad Site [LEFT THIGH]
Lot # [201684194]
Applied By [SOSA, ROSA]

[_____]  [_____]
[_____]  [_____]
[_____]  [_____]

**Tourniquet #1** ☒ Not Used
☐ Tourniquet Unit # [_____]
Pressure At [_____]
Location:  Arm   ☐ Right  ☐ Left
          Thigh  ☐ Right  ☐ Left
          Ankle  ☐ Right  ☐ Left
☐ Other [_____]
Up [_____]  Down [_____]

**Tourniquet #2** ☒ Not Used
☐ Tourniquet Unit # [_____]
Pressure At [_____]
Location:  Arm   ☐ Right  ☐ Left
          Thigh  ☐ Right  ☐ Left
          Ankle  ☐ Right  ☐ Left
☐ Other [_____]
Up [_____]  Down [_____]
C-Arm Unit  ☐ A  ☐ B
Fluoro Time [_____] min [_____] sec
Patient/Staff Protection  ☐ Yes  ☐ No

| Counts: | 1st Count | 2nd Count | 3rd Count | | |
|---|---|---|---|---|---|
| Sponge | ☒ Correct | ☒ Correct | ☐ Correct | ☐ Incorrect | ☐ Not Applicable |
| Sharps | ☒ Correct | ☒ Correct | ☐ Correct | ☐ Incorrect | ☐ Not Applicable |
| Needles | ☒ Correct | ☒ Correct | ☐ Correct | ☐ Incorrect | ☐ Not Applicable |
| Instruments | ☐ Correct | ☐ Correct | ☐ Correct | ☐ Incorrect | ☐ Not Applicable |

☐ Surgeon Notified of Counts  RN [SOSA, ROSA]  Scrub [GALLARDO, FRANK]
If Counts Incorrect: X-Ray Taken  ☐ Yes  ☐ No
[_____]



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : [■■■■]  Gender : Male
Physician : KLEIN, TERREN  Section IntraOp  Page 7

Intra-Operative Assessment Pg4

**Drains/Catheters**  [X] Not Used

Type:                    Size:              Inserted By:              Drain Location:

[ ] Foley

[ ] Jackson Pratt

[ ] Penrosa

[ ] Other Drain

**Dressings**  [ ] Not Applicable

[X] 4 x 4  [X] ABD  [ ] Ace Wrap  [ ] Adaptic  [ ] Brace/Immobilizer  [ ] Coban  [ ] Cold Therapy Unit  [ ] Conform

[ ] Cotton Ball  [ ] Dermabond  [ ] Fluffs  [ ] Immobilizer  [ ] Kerlix/Kling  [ ] Mastisol  [ ] Sling  [ ] Splint/Cast  [ ] Steri-Strips

[X] Tape  [ ] Tegaderm  [ ] Soft Roll  [X] Xeroform  [ ] Other

Packing:   [ ] Yes  [ ] No  Site:              Type:

**Irrigation**  [ ] Not Used

Type  0.9% NACL                    Amount  500mL

**OR Discharge Assessment:**

[X] Patient's surgery/procedure performed using aseptic technique and in a manner to prevent cross-contamination.

[X] Skin remains smooth, intact, non-reddened, non-irritated, free of bruising.

[X] Core body temperature remains in expected range.

Patient Discharged To:

[X] PACU  [ ] Other                    Via  Wheelchair

Report Given To:  HERNANDEZ, JUAN

RN:
  Signature:              electronically signed by SOSA, ROSA on 07/27/2016 08:23



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▮▮▮▮  Gender : Male
Physician : KLEIN, TERREN   Section :IntraOp        Page 8

**IntraOp Nurse Notes**

INTERSCALENE BLOCK TO RIGHT SHOULDER DONE BY DR H LATTIFF PRIOR TO INDUCTION.  AFTER INDUCTION POSITIONED
SEMI FOWLERS BY DR KLEIN AND A CORDOVA  LSA. PILLOW UNDER KNEES , FOAM PADS UNDER HEELS AND ANKLES   ARM
CRADLE TO LEFT ARM AND SECURED ACCROSS CHEST W\ TAPE ALL BONEY PROMINENCES PADDED, SAFETY BELT IN PLACE.

RN Signature:

Signature:           electronically signed by SOSA, ROSA on 07/27/2016 07:17



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :▉▉▉▉▉ Gender : Male
Physician : KLEIN, TERREN    Section IntraOp      Page 9

Intake and Output

Version 4.4.7.0

Patient **MARES, MIGUEL**          Case **07/27/2016**

Intake

| Date | Time | Area | Intake (mL) | Type |
|------|------|------|-------------|------|
| 07/27/2016 | 07:42 | IntraOp | Intravenous (1400) | LR |
| 07/27/2016 | 08:18 | PACU2 | Oral (100) | ice water |
| 07/27/2016 | 08:40 | PACU2 | Intravenous (300) | lr |

Intake Totals

Pre-OP Total : 0

Intra-OP Total : 1400

PACU1 Total : 0

PACU2 Total : 400

Extended Care Total : 0

PAT Total : 0

24 Hour Total : 1800



**Operative Report**

Patient:   MARES, MIGUEL

Date of Procedure:   07/27/2016

Preoperative Diagnosis:

S46.811A  STRAIN OF OTHER MUSCLES FASCIA AND TENDONS AT SHOULDER AND UPPER ARM LEVEL RIGHT ARM INITIAL ENCOUNTER;

Postoperative Diagnosis:

SAME

Planned Procedure:

Rt Shoulder Rotator Cuff Repair - Right, ACROMIOPLASTY OR ACROMIONECTOMY, PARTIAL, WITH OR WITHOUT CORACOACROMIAL LIGAMENT RELEASE;

Performed Procedure:

OPEN RIGHT SHOULDER ROTATOR CUFF REPAIR

Surgeon:   KLEIN, TERREN

Anesthesiologist:   ☐ N/A   VADI-LATIFF, HELENA

Complications:   ☐ None   ☐ See Dictation   ☐

Signature:

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :▒▒▒▒▒▒  Gender : Male
Physician : KLEIN, TERREN    Section IntraOp        Page 11



**Surgical Safety Checklist PACU - Page 2**

Before patient leaves OR

[X] Confirm diagnosis and procedure performed

[X] At least sponge correct          [ ] Culture not applicable for procedure

[ ] Specimens: how labeled and disposition          [X] N/A

[ ] Equipment problems to be addressed          [X] N/A

[X] Surgery, anesthesia and nursing review concerns re: transferring pt in PACU/Other

Circulator RN

Signature:          electronically signed by SOSA ROSA on 07/27/2016 07:22

## Anesthesiology Transfer to PACU/Other

[X] Patient identity: name, age, weight

[X] Surgical procedure/diagnosis

[X] Medical History:

Significant concomitant disease
Medications, allergies

[X] Anesthetic management:          [ ] N/A

Sedatives, narcotics, reversal agents
Muscle relaxants, recovery
Antiemetics and antibiotics (time)

[X] Summary of fluid balance:          [ ] N/A

EBL and urine output
Fluids and blood components

[X] Initial Care:

Pulse ox, BP, EKG, temp
Resp: airway, oxygenation, ventilation
Hemodynamics; fluids; vasopressors
Expected vital signs and LOC
Pain: assessment and plan of care
Critical values / pending lab tests
Disposition: Home, floor, other

PACU RN

Signature:          electronically signed by HERNANDEZ, JUAN on 07/27/2016 07:56



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB :          Gender : Male
Physician : KLEIN, TERREN    Section PostOp          Page 1

Version 5.2.10.5

## Vitals

Height (in.) [ ]   Weight (lbs.) [ ]   BMI [ ]

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 07:42 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 156/96 | 83 | 24 | 98.3 | Temporal-T | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 94 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 07:45 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 152/97 | 84 | 20 | | | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 97 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 07:50 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 136/84 | 84 | 19 | | | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 98 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 07:55 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 143/93 | 75 | 18 | | | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 96 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 08:00 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 133/86 | 72 | 20 | | | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 98 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 08:15 | 07/27/2016 | HERNANDEZ, JUAN | PACU1 | 149/99 | 74 | 20 | | | 10 |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Mask | | 97 | | 0 | | | | | |

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 08:30 | 07/27/2016 | HERNANDEZ, JUAN | PACU2 | 137/88 | 72 | 18 | | | |
| **O2 Source** | | **O2 Sat** | **End Tidal CO2** | **Pain Ind...** | **PT/ INR** | | **HGB** | **GLU** | |
| Room Air | | 93 | | 0 | | | | | |

*See Footnote #3*

Reviewed By:



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓  Gender : Male
Physician : KLEIN, TERREN    Section PostOp    Page 2
Footnote Information follows on page 3

PostOp / Vitalsv42 - Footnote Information:

3)

| Time | Date | Taken By | Source | BP | Pulse | Resp | Temp | Temp. Method | O2L |
|------|------|----------|--------|-----|-------|------|------|--------------|-----|
| 08:55 | 07/27/2016 | HERNANDEZ, JUAN | PACU2 | 131/82 | 68 | 20 | 98 | Temporal-T | |

| O2 Source | O2 Sat | End Tidal CO2 | Pain Ind... | PT/ INR | HGB | GLU |
|-----------|--------|---------------|-------------|---------|-----|-----|
| Room Air | 95 | | 0 | | | |



## PACU I Assessment - Page 1

PACU I Staff: HERNANDEZ, JUAN    PACU I Start: 07:42    PACU I End: 08:14

[X] Patient Identity Confirmed

Patient Transported to PACU via: Stretcher    Other: _____

Surgeon: KLEIN, TERREN

Anesthesia Provider: VADI-LATIFF, HELENA

Anesthesia Type: General Adult

Performed Procedures

OPEN RIGHT SHOULDER ROTATOR CUFF REPAIR

Estimated Blood Loss: _____    Total Input: _____

Report Received From: SOSA, ROSA

### Aldrete Evaluation / Score

| | | 07:42 | 07:50 | 08:14 | | |
|---|---|---|---|---|---|---|
| Able to move 4 extremities | 2 | 2 | 2 | 2 | | |
| Able to move 2 extremities | 1 | | | | | |
| Able to move 0 extremities | 0 | | | | | |
| Deep breath / Cough Deeply | 2 | 1 | 2 | 2 | | |
| Dyspnea or Limited breathing | 1 | | | | | |
| Apnea | 0 | | | | | |
| BP +/- 20mm of Preanesthesia Level | 2 | 2 | 2 | 2 | | |
| BP +/- 20-50mm of Preanesthesia Level | 1 | | | | | |
| BP +/- 50mm of Preanesthesia Level | 0 | | | | | |
| Fully Awake | 2 | 1 | 1 | 2 | | |
| Arousable on calling | 1 | | | | | |
| Not responding | 0 | | | | | |
| Pink | 2 | 2 | 2 | 2 | | |
| Pale, dusky, blotchy, jaundice | 1 | | | | | |
| Cyanotic | 0 | | | | | |
| Total: | | 8 | 9 | 10 | 0 | 0 |

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ███████  Gender : Male
Physician : KLEIN, TERREN    Section PostOp    Page 4



## PACU I Assessment - Page 2

| Time | 07:42 | 07:50 | 08:14 | | |
|---|---|---|---|---|---|
| Airway | Nasal | Patent | Patent | | |
| Lung Sounds | CTA | CTA | CTA | | |
| Cardiac Status | NSR | NSR | NSR | | |
| Level of Consciousness | Sedated | Asleep | Awake | | |
| Mental Status | Calm | Calm | Calm | | |
| IV | Intact/Infusing | Intact/Infusing | Intact/Infusing | | |
| Pain Score | 0 | 0 | 0 | | |
| Pain Location | | | | | |
| OP Site I Location | right shoulder | rt shoulder | rt shoulder | | |
| Dressing | CDI | CDI | CDI | | |
| OP Site II Location | | | | | |
| Dressing | | | | | |
| Skin | Warm/Dry | Warm/Dry | Warm/Dry | | |
| GI | ABD Soft/Non-Dis | ABD Soft/Non-Dis | ABD Soft/Non-Dis | | |
| GU | Soft/Non-Dis | Soft/Non-Dis | Soft/Non-Dis | | |
| Nausea | No Complaints | No Complaints | No Complaints | | |
| Normothermia | Warm Blanket | No Intervention | No Intervention | | |
| Pulses | Regular/Bounding | Regular/Bounding | Regular/Bounding | | |
| Pulses Location | | | | | |
| Extremity | | | | | |

### PACU I

[X] Vital Signs Stable   [X] Pain Indicated   [X] Patient ready for discharge to Phase II

Report Given To: HERNANDEZ, JUAN

RN:
Signature:          electronically signed by HERNANDEZ, JUAN on 07/27/2016 08:01

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : [redacted]  Gender : Male
Physician : KLEIN, TERREN    Section PostOp        Page 5



## PACU II Assessment - Page 1

PACU II Staff   HERNANDEZ, JUAN   PACU II Start   08:18   PACU II End   09,05

Report Received From   HERNANDEZ, JUAN

### Aldrete Evaluation / Score

| | | 08:18 | 08:48 |
|---|---|---|---|
| Able to move 4 extremties<br>Able to move 2 extremities<br>Able to move 0 extremties | 2<br>1<br>0 | 2 | 2 |
| Deep breath / Cough Deeply<br>Dyspnea or Limited breathing<br>Apnea | 2<br>1<br>0 | 2 | 2 |
| BP +/- 20mm of Preanesthesia Level<br>BP +/- 20-50mm of Preanesthesia Level<br>BP +/- 50mm of Preanesthesia Level | 2<br>1<br>0 | 2 | 2 |
| Fully Awake<br>Arousable on calling<br>Not responding | 2<br>1<br>0 | 2 | 2 |
| Pink<br>Pale, dusky, blotchy, jaundice<br>Cyanotic | 2<br>1<br>0 | 2 | 2 |
| Total: | | 10 | 10 |

**PACU II**

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▬▬▬  Gender : Male
Physician : KLEIN, TERREN    Section PostOp       Page 6



PACU II Assessment - Page 2

**Operative/Procedure Site**

Site I Location [ right shoulder ]          Site II Location [                    ]

[X] Site I Dry and Intact                    [ ] Site II Dry and Intact

[ ] Site I Drainage Present                  [ ] Site II Drainage Present

Site I Drainage Color [                ]     Site II Drainage Color [                ]

**Discharge Summary**

| Yes | No | N/A | |
|-----|-----|-----|---|
| [X] | [ ] | [ ] | Patient Given Specialty Instruction Sheet |
| [X] | [ ] | [ ] | Patient Denies or Easily Tolerates Pain |
| [X] | [ ] | [ ] | Patient Tolerating PO Fluids Well |
| [X] | [ ] | [ ] | Patient Able to Ambulate/Transfer |
| [X] | [ ] | [ ] | VS Stable |
| [X] | [ ] | [ ] | IV Discontinued: Without Redness/Edema |
| [ ] | [ ] | [X] | Urinary Catheter Removed |
| [X] | [ ] | [ ] | Patient Voided or has not Voided but Comfortable |
| [X] | [ ] | [ ] | Patient Given Discharge Instructions |
| [X] | [ ] | [ ] | Patient/Caregiver Verbalizes Understanding |
| [X] | [ ] | [ ] | Prescription Info Given to Patient/Caregiver |
| [X] | [ ] | [ ] | Dressings Checked |
| [X] | [ ] | [ ] | BS CTA - bilaterally |
| [X] | [ ] | [ ] | Abdomen soft/non-tender |
| [X] | [ ] | [ ] | Limb elevated with normal CMST |
| [ ] | [ ] | [X] | Application of Post op Device |
| [X] | [ ] | [ ] | Crutch Instruction Given |

Discharge Staff [ HERNANDEZ, JUAN ]

Discharge Time [ 09:05 ]     Discharge Date [ 07/27/2016 ]

Discharge Model [ Wheelchair ]          Other [                    ]

Discharge Status [ Home ]

RN:
Signature:        electronically signed by HERNANDEZ, JUAN on 07/27/2016 12:49



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▓▓▓  Gender : Male
Physician : KLEIN, TERREN    Section PostOp      Page 7

Intake and Output                                                 Version 4.4.7.0

Patient  MARES, MIGUEL                          Case    07/27/2016

Intake

| Date | Time | Area | Intake (mL) | Type |
|------|------|------|-------------|------|
| 07/27/2016 | 07:42 | IntraOp | Intravenous (1400) | LR |
| 07/27/2016 | 08:18 | PACU2 | Oral (100) | ice water |
| 07/27/2016 | 08:40 | PACU2 | Intravenous (300) | lr |

Intake Totals

Pre-OP Total : 0

Intra-OP Total : 1400

PACU1 Total : 0

PACU2 Total : 400

Extended Care Total : 0

PAT Total : 0

24 Hour Total : 1800



## PostOp Nurse Notes

0742 PT ARRIVED TO PACU VIA STRETCHER ACCOMPANIED BY DR. V. Latiff AND Rosa RN PT IS SEDATED, AIRWAY PATENT WITH USE OF NPA, 5RESPIRATIONS REGULAR RATE AND RHYTHM, BREATH SOUNDS CLEAR, PT'S SKIN IS WARM, DRY AND INTACT. PT GIVEN A WARM BLANKET. PLACED ON MONITOR, ON OXYGEN 10L/MIN MASK, SIDE RAILS UP X2, VITAL SIGNS STABLE. PT IN VIEW OF NURSING STATION, WILL CONTINUE TO MONITOR

0747 PT MEDICATED WITH LABETOLOL 5MG IVP PER ORDER

0750 NPA TAKEN OUT. AIRWAY PATENT, PT BACK TO SLEEP.

0752 PT'S DAUGHTER AT BEDSIDE: PT STATUS. PLAN OF CARE AND SEQUENCE OF EVENTS GIVEN.

0814 PT WAKING UP, RESTING IN BED, SR UP X2, VSS, IN NAD.

0818 PT GIVEN ICE WATER AND TOLERATED PO FLUIDS, VITAL SIGNS STABLE. PT IN NO APPARENT DISTRESS AND PLACED IN PHASE 2

0830 PT'S DAUGHTER GIVEN DISCHARGE INSTRUCTIONS AND VERBALIZED UNDERSTANDING WITH NO FURTHER QUESTIONS

0838 PT RESTING IN BED, DENIES PAIN, VSS, WILL CONTINUE TO MONITOR.

0900 PT'S IV CATHETER REMOVED, CATHETER TIP INTACT, NO REDNESS, EDEMA OR INFILTRATION NOTED, BANDAID AND GAUZE APPLIED.

0905 PT LEFT PACU VIA WHEELCHAIR AND IN NAD.

RN Signature

Signature:          electronically signed by, HERNANDEZ, JUAN on 07/27/2016 12:48



Patient : MARES, MIGUEL MRN : 0024427 DOS : 07/27/2016 DOB : ▆▆▆▆ Gender : Male
Physician : KLEIN, TERREN   Section PostOp      Page 9

Version 5.2.10.0

Discharge Instructions

Instructions Used : KLEIN DISCHARGE INSTRUCTIONS SPANISH

## Activity:

- Usar el sosten de hombro para su comodidad.

## Bathing:
- No remoje las heridas y no remover las bendas.

## Diet:
- Avanzar dieta como sea tolerada. Empezando con líquidos y avanzar a dieta regular.

## Driving:
- No debe tratar de manejar, usar herramientas eléctricas, ni tomar ninguna decisión importante hasta que hayan pasado 24 horas después de la cirugía, y puede hacer esto entonces solo si usted se siente perfectamente normal y alerta.

## Educational:
**IMPORTANTE:** En caso de una emergencia, llamar a 911 o ir a la sala de emergencias más cercana de usted para examen o tratamiento.

## Medication:
- Tomar medicamentos como están recetados.

## Notifications:
- **Dr. Klein    TEL: (915) 838-3888**
- Llamar al Dr. Klein para dolor o sangrado sin control, fiebre arriba de 101°F, nauseas/vomitó severo o preguntas.
- Si tiene un dolor desmesurado o persistente, hinchazón, hemorragia, nausea, vomito, o cualquier otro problema, usted debe llamar primero a su cirujano para que



le aconseje. Si no se puede poner en contacto con su cirujano, solicite ayuda de la sala de emergencias de un hospital.

## WoundCare:

- NO remueva los vendajes.

## Follow up Appointment(s):

**Type:** Surgeon

**Provider:** Dr. Klein

**Date:** 07/29/2016

**Time:** 09:00 AM

RN Signature:        electronically signed by HERNANDEZ, JUAN on 07/27/2016 08:29

Signature of Patient or Patient Representative



Version 5.2.9.1

## Discharge Patient

**Discharge Status:** Home

**Discharge Mode:** Wheelchair

**Discharge Date:** 07/27/2016

**Discharge Time:** 09:05 AM

**Educational Resources Provided:** No

RN Signature:

Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ███████  Gender : Male
Physician : KLEIN, TERREN    Section Discharge       Page 3



Signature of Patient or Patient Representative



**Post-Operative Call Back**

Telephone # 915-867-1031

**Operative Procedure**

OPEN RIGHT SHOULDER ROTATOR CUFF REPAIR

**Date/Time Called (3 attempts)** 1 | 07/28/2016 | 16:30 | 2 | 07/29/2016 | 16:29

3 | | | **Person spoken to**

**General Condition**

| | Yes | No | N/A | Comments |
|---|---|---|---|---|
| Headache | ☐ | ☐ | ☐ | 1ST CALL ATTEMPT, NO ANSWER AND NO MESSAGE LEFT JH |
| Dizziness | ☐ | ☐ | ☐ | |
| Fever | ☐ | ☐ | ☐ | |
| Redness/swelling of operative site | ☐ | ☐ | ☐ | |

**Pain Control**

| | Yes | No | N/A | Comments |
|---|---|---|---|---|
| Adequate | ☐ | ☐ | ☐ | 2ND CALL ATTEMPT, NO ANSWER AND NO MESSAGE LEFT. JH |

**Activity**

| | Yes | No | N/A | |
|---|---|---|---|---|
| Resting | ☐ | ☐ | ☐ | |
| Return to: | ☐ | ☐ | ☐ | Work / School |

**Dressing**

| | Yes | No | N/A | |
|---|---|---|---|---|
| Dry without drainage | ☐ | ☐ | ☐ | |
| Dressing intact | ☐ | ☐ | ☐ | |

**Complications** ☐ ☐ **Specify:**

**Comments**

Signature: electronically signed by HERNANDEZ, JUAN on 07/29/2016 16:55



Patient : MARES, MIGUEL  MRN : 0024427  DOS : 07/27/2016  DOB : ▮▮▮▮  Gender : Male
Physician : KLEIN, TERREN    Section Discharge    Page 5

Quality Measure                                                    Version 5.2.7.0

**Quality Group**                          **Quality Element**

CMS/QM                                     CMS/QM

**Quality Measure**                        Answer      Comment

**User**

Did A Patient Burn Occur?                  No

Monitor IF
Did a Patient Fall Occur?                  No

Monitor IF
Was the Patient Transferred or Admitted to a    No
Hospital?

Monitor IF
Was There a Wrong Site, Side, Patient Procedure, or    No
Implant Event?

Monitor, IF



El Paso County - 327th District Court

Filed 4/10/2017 11:29:58 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MIGUEL A. MARES, | § | |
| | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | **CAUSE NO.: 2017DCV0917** |
| | § | |
| NGUYEN HUU NGUYEN AND UTILITY | § | |
| TRAILER MANUFACTURING COMPANY, | § | |
| | § | |
| **DEFENDANT.** | § | |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION TO DEFENDANT NGUYEN HUU NGUYEN

---

TO:   Defendant NGUYEN HUU NGUYEN, 2158 San Marcos Dr., in Yuma, AZ 85365.

COMES NOW, MIGUEL A. MARES, Plaintiff in the above styled and numbered cause, by and through his attorney of record, James B. Kennedy, Jr. of JAMES KENNEDY, P.L.L.C., 6216 Gateway East, El Paso, Texas 79905 and pursuant to TEXAS RULES OF CIVIL PROCEDURE Rules §§197, 194.2, 198, and 196 serves these Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production upon you, the answers to which shall be made by you, separately and fully, in writing, and under oath. The responses to these discovery requests shall be served upon the undersigned counsel of record for the Plaintiff within **fifty-one (51)** days after the service hereof upon you. Remember that you have the ongoing duty to amend and supplement your answers and responses hereto should those answers or responses become false or inaccurate given the discovery of information which was not available to you at the time you made your answers and responses hereto.

### I. DEFINITIONS AND INSTRUCTIONS

(1)     As used herein, the terms "you" and "your," as used herein and unless explicitly stated otherwise, shall mean NGUYEN HUU NGUYEN and/or your employees, agents, and all other natural persons or business or legal entities acting on your behalf.

(2)    The allegations of negligence and the description of claimed injuries and damages contained in Plaintiff's Original Petition are incorporated fully herein, as if stated verbatim.

(3)    The term "Subject Accident," as used herein, refers to the occurrence that makes the basis of this suit. This occurrence is more fully described in Plaintiff's Original Petition in "Facts."

(4)    The term "Subject Injuries," as used herein, shall mean the injuries Plaintiff claims were incurred as a direct and proximate result of the Subject Accident. These injuries and damages were described in Plaintiff's Original Petition, and same are incorporated fully herein as if stated verbatim.

(5)    The term "document," as used herein, shall be used to broadly describe information, data, or imagery that has been recorded in any form (e.g., paper, magnetic tape, magnetic disk, optical disk, USB flash drive, signs, placards, banners, tablets, etc.).

## INTERROGATORIES

### INTERROGATORY NO. 1:
Please identify yourself by stating your name, address, telephone number, date of birth, driver's license number and the state in which it was issued, and your social security number.

ANSWER:

### INTERROGATORY NO. 2:
Have you been sued under the correct name? If yes, please so state. If not, please provide your full and correct name, address, and telephone number.

ANSWER:

### INTERROGATORY NO. 3:
Pursuant to Texas Rules of Civil Procedure §192.3(f), describe any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of judgment that may be entered into this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the person or entity insured, the name and address of the insurer, the limits of applicable coverage and the amounts of any applicable deductibles or self-insured retentions. If any of the applicable insurance policies are aggregate limit policies, please state the applicable limits, whether any claims applicable to such limits have been made, the name, address and phone number of the claimant(s) and his/her attorney(s) and the amount reserved on such claim, state whether any sums have been paid, and if so, state the amount paid, and state the last date upon which a claim can be made against such aggregate limit. Further, please state whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation or rights letter, or any other document or agreement regarding coverage has been signed by or sent or communication to you.

ANSWER:



**INTERROGATORY NO. 4:**
State the name, address, telephone number, area of expertise, and the subject matter upon which you consulted any experts whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify which of the Subject Injuries you are asserting were not caused or aggravated by the occurrence of the Subject Accident.  Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 6:**
If you are asserting more than just a General Denial (TRCP 92) as to the cause(s) of the Subject Injuries, identify the facts upon which you base your assertion.  Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 7:**
Please state whether you were charged with any traffic violations in connection with the Subject Accident and, if so, the final disposition of such traffic charge.

**ANSWER:**

**INTERROGATORY NO. 8:**
Please state whether you have ever been charged with or convicted of any crimes and if so, the date of the accident giving rise to the charge(s), the nature of the offense with which you were charged and the disposition of the charge(s).

**ANSWER:**

**INTERROGATORY NO. 9:**
State the approximate speed of your vehicle at the time of the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 10:**
Please state the purpose of your trip at the time of the Subject Accident.  If you were acting within the course and scope of your employment with any employer whom you were employed with at the time of the Subject Accident, or if you were driving a vehicle owned by any such employer, state the name, address, and phone number of any such employer.

**ANSWER:**



**INTERROGATORY NO. 11:**
State whether you consumed any intoxicating beverages or controlled substances within 24 hours prior to the Subject Accident and, if so, specify the type of beverage or controlled substance, the quantity consumed, the time and place where same was consumed, and the identity and address of each person who was present when the beverage and controlled substance was consumed.

**ANSWER:**

**INTERROGATORY NO. 12:**
Please identify all of your employers for the previous ten years by stating the name, address, and telephone number of the employer, the name of your immediate supervisor, a brief description of the nature of your duties, and beginning and ending dates of employment with same. Please make an indication for the employer(s) you were acting within the course and scope of your employment with at the time of the Subject Accident, if applicable.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please state any and all addresses you have lived at for the previous ten years.

**ANSWER:**

**INTERROGATORY NO. 14:**
Please state whether you have ever been involved in any other motor vehicle collisions at a time when you were the operator of an involved motor vehicle, exclusive of the Subject Accident, and, if so, the date of such collision, whether any claims or civil actions for personal injuries arose out of such collision and the disposition of such claims or civil actions.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state your educational background including all post-elementary school institutions attended, the dates of such attendance and any degrees, diplomas or citations earned.

**ANSWER:**

**INTERROGATORY NO. 16:**
Please state all medications that you had consumed during the two months prior to the Subject Accident, state the dates of consumption, the dosage consumed and the state whether you were taking such medication pursuant to a prescription.

**ANSWER:**

**INTERROGATORY NO. 17:**
Please state the name and address of any and all health care providers, including optometrists or ophthalmologists, of whom you have been a patient for the ten years preceding the Subject Accident.

**ANSWER:**



**INTERROGATORY NO. 18:**
With regard to the Subject Accident, please briefly describe any injuries you received in connection with same, if any, identify the date(s) you recovered from said injuries, and identify by name and address any and all health care providers you sought treatment with in connection with said injuries. If you are still suffering from any injury received in connection with the Subject Accident, please identify those injuries.

**ANSWER:**

**INTERROGATORY NO. 19:**
Briefly describe the damage that was done to the vehicle you were operating at the time of the Subject Accident and identify the total charges of the cost of repairs to that vehicle.

**ANSWER:**

**INTERROGATORY NO. 20:**
State your contentions as to how the Subject Accident occurred. If you contend that there was any negligence in connection to the Subject Accident attributable to Plaintiff, please identify any such acts or omissions on his part.

**ANSWER:**

**INTERROGATORY NO. 21:**
If you contend that Plaintiff was negligent at the time of the Subject Accident, and that such negligence was a contributing or proximate cause of the Subject Accident, please identify the actions or omissions committed by Plaintiff that you contend were negligent and caused or contributed to cause the Subject Accident. You may attach all descriptive aids as you deem necessary to clarify your answer.

Answer:

**INTERROGATORY NO. 22:**
Please state the name, address and telephone number of the owner(s) of the vehicle you were operating at the time of the Subject Accident and state if you had said owner(s) permission to operate the vehicle.

**ANSWER:**

## REQUESTS FOR DISCLOSURE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose the information set out within §194.2, subsections (A) through (L).

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
You have been sued by your correct name.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 2:**
You have been sued in the correct capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Venue is proper in the county in which the Petition was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
This Court has proper jurisdiction for all matters brought to issue by the Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
You had liability automobile insurance at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
You were at least 50% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
You were 100% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
You were issued one or more citations in connection with the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
You were issued a citation for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
You plead guilty to a citation for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
You have verbally admitted fault for causing the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 12:**
You exceeded the speed limit within sixty seconds before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
You saw Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
You were aware of the location of Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
You were injured as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
You plan on seeking compensation for personal injuries and/or property damage arising from the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
You are not asserting Plaintiff is at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
You did not see Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
You were using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
You consumed prescription drugs within 24 hours before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
You consumed illegal drugs within 24 hours before the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 22:**
Your driver's license has been suspended or revoked in any State prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
You have been arrested or convicted of a DWI or DUI prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
You have been at fault for causing an automobile accident prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
The road conditions did not cause the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
The Subject Accident did not occur as a result of a sudden emergency.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**
You had a suspended drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
You had a revoked drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**
You had permission to drive the vehicle you were driving at the time of the Subject Accident from the owner of the vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
You were acting within the course and scope of your employment at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**
You filed a workers compensation claim as a result of the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 32:**
You or your spouse owned a cell phone and/or were in possession of a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
One of the passengers in the vehicle with you at the time of the Subject Accident was using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**
A cell phone was in use in your vehicle at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**
A cell phone was in the vehicle at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**
You were familiar with the area where the Subject Accident occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**
You have reviewed Plaintiff's medical records and medical bills arising from the Subject Injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**
You are not contesting the cause of the Subject Injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**
You have been convicted of a crime prior to the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**
You have been convicted of a felony prior to the occurrence made the basis of this suit.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 41:**
You have been convicted of a crime of moral turpitude prior to the occurrence made the basis of this suit.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
True, correct, and complete photocopies of all Depositions upon Written Questions taken of any records custodian in connection with this lawsuit pursuant to Tex. R. Civ. P. Rule §200, together with any and all documents that were:
>    (1) produced by the witness;
>    (2) marked as exhibits to the deposition; or
>    (3) provided to the witness by the deposition officer.
Please supplement your response to this request as necessary throughout the course of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
All photographs or video footage of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Written notice of your intention to use any evidence of prior convictions of felonies or crimes of moral turpitude against Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
All evidence of prior convictions of felonies or crimes of moral turpitude relating to Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
The materials described by Tex. R. Civ. P. §192.3(e)(6) regarding any consulting experts of yours whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Copy of the front and back of your driver's license.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 7:**
Copy of the title to the vehicle that you were driving at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Any and all photographs or videotapes you have of the vehicles, the parties involved in this case and the scene in question at the time of or following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
A copy of any damage appraisal of your vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Any and all insurance agreement policies, whether basic, umbrella or excess, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  If any of these policies is an aggregate limits policy, and claims applicable to the aggregate limit have been made, please attach copies of all correspondence relating to such claims, and, if payments have been made that are chargeable to the aggregate limit, please attach copies of all checks, drafts, or other instruments reflecting such payments, receipts reflecting such payment and any agreements, including releases, relating to such payments.  Further, if any person carrying on an insurance business has reserved  his/her/its rights relative to the incident giving rise to this case, please provide all correspondence relating to such reservation of rights.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Any photographs, video tapes, drawings, maps, diagrams, graphs, sketches or other graphic representations of the accident, the scene of the accident, the motor vehicles involved in the accident or of the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Copies of any and all (oral, written, or transcribed) statements from any person with knowledge of relevant facts referenced in Plaintiff's Petition. This request includes any statements that would be exempt from discovery under the work product privilege.  In lieu of producing documents you may claim to be covered by the attorney client privilege, you are hereby requested to submit same for incamera inspection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Copies of all reports created by a  local, state, or federal governmental agency prepared in conjunction with or as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
A copy of any document that you will proffer as evidence at the trial of this case. This does not include rebuttal evidence, the use of which cannot be reasonably anticipated before trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Any and all local, state, or federal governmental agency document indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
The cell phone records for the date of the accident, for any cell phone in your vehicle that would either tend to prove or tend to disprove that a cell phone was in use in your vehicle at the time of the accident. This request should not be construed as a request into the substance or subject matter of any communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any documents you would introduce at trial to show that the Subject Accident occurred as a result of a sudden emergency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries do not exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all local, state, or federal governmental agency document indicating the Subject Injuries do not exist.

**RESPONSE:**



Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216 Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By:    /s/ James B. Kennedy
       **JAMES B. KENNEDY, JR.**
       State Bar No.: 00791014

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY
Deputy
NOV 2 1 2017

El Paso County - 327th District Court

Filed 4/10/2017 11:29:58 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV0917

## IN THE 327TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MIGUEL A. MARES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CAUSE NO.: 2017DCV0917 |
| | § | |
| NGUYEN HUU NGUYEN AND UTILITY | § | |
| TRAILER MANUFACTURING COMPANY, | § | |
| | § | |
| DEFENDANT. | § | |

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR DISCLOSURE, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION TO DEFENDANT UTILITY TRAILER MANUFACTURING COMPANY

TO:   Defendant UTILITY TRAILER MANUFACTURING COMPANY, by and through its registered agent at 1111 South 1000 West, Clearfield, UT 84015 .

COMES NOW, MIGUEL A. MARES, Plaintiff in the above styled and numbered cause, by and through his attorney of record, James B. Kennedy, Jr. of JAMES KENNEDY, P.L.L.C., 6216 Gateway East, El Paso, Texas 79905 and pursuant to TEXAS RULES OF CIVIL PROCEDURE Rules §§197, 194.2, 198, and 196 serves these Interrogatories, Requests for Disclosure, Requests for Admission and Requests for Production upon you, the answers to which shall be made by you, separately and fully, in writing, and under oath. The responses to these discovery requests shall be served upon the undersigned counsel of record for the Plaintiff within **fifty-one (51)** days after the service hereof upon you. Remember that you have the ongoing duty to amend and supplement your answers and responses hereto should those answers or responses become false or inaccurate given the discovery of information which was not available to you at the time you made your answers and responses hereto.

### I. DEFINITIONS AND INSTRUCTIONS

(1)   As used herein, the terms "you" and "your," as used herein and, unless explicitly stated otherwise, shall mean UTILITY TRAILER MANUFACTURING COMPANY and

your employees, agents, and all other natural persons or business or legal entities acting on your behalf.

(2)     The allegations of negligence and the description of claimed injuries and damages contained in Plaintiff's Original Petition are incorporated fully herein, as if stated verbatim.

(3)     The term "Subject Accident," as used herein, refers to the occurrence that makes the basis of this suit. This occurrence is more fully described in Plaintiff's Original Petition in "Facts."

(4)     The term "Subject Injuries," as used herein, shall mean the injuries Plaintiff claims were incurred as a direct and proximate result of the Subject Accident. These injuries and damages were described in Plaintiff's Original Petition, and same are incorporated fully herein as if stated verbatim.

(5)     The term "document," as used herein, shall be used to broadly describe information, data, or imagery that has been recorded in any form (e.g., paper, magnetic tape, magnetic disk, optical disk, USB flash drive, signs, placards, banners, tablets, etc.).

(6)     The term "accident files and records," as used herein, is intended to have broad reference to all documents required from you by other organizations, state or federal governmental agencies, which are in any way related to any accident you or your co-drivers have been involved in.

(7)     The term "co-driver," as used herein, means any person(s) driving or riding with you on the date of the accident, and who at any time during the trip was driving the truck or was acting as a driver-trainer.

(8)     The term "driver's qualification file," as used herein, means those documents specifically required by Title 49 CFR Chapter III, Subtitle B, Parts 382, 383, and 391 created and maintained by your employer relating to you.

(9)     The term "trip," as used herein, is defined as the transportation or movement of one load of cargo, regardless of load size or type, from its origin to its final destination and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip or new trip origin.

(10)    The term "operational documents," as used herein, means all of the following:

a.      Your trip reports or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by you, inclusive of daily, weekly or monthly cargo transported, time or distance traveled reports or work records, excluding only those documents known as "driver's daily logs" or "driver's record of duty status."

b.      All receipts for any trip expenses or purchases made by you or your co-driver during a trip, regardless of the types of purchase (e.g., fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or cleaning of equipment, special or oversize permits, bridge or toll roads Charging, and

unloading cost, and all otherwise described receipts).

c.      All cargo pickup or delivery documents prepared by you, your employer, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported by you or your co-driver.

d.      All written requests, letters, memoranda, instructions, or orders, for transportation of cargo issued to you, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by you or your co-driver.

e.      All bills of lading or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or you. This specifically includes readable and complete copies of bills of lading, manifests, or other signed documents for cargo delivered along with any document that shows dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by you or your co-driver.

f.      All equipment or cargo loading, unloading or detention of equipment documents along with any documents showing cargo pickup or delivery dates and times or delays or detention of equipment relative to the operations of you or your co-driver.

g.      All cargo transported freight bills, PRO's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate the date or time of pick up or delivery of cargo by you or your co-driver.

h.      All written instructions, orders, or advice given to you or your co-driver in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by you, shippers, receivers, or any other persons or organizations.

i.      Dispatch or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of you or your co-driver.

j.      Any call-in records or otherwise described documents indicating any communications between you and your employer.

k.      All accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by you or your co-driver for your employer.

l.      All initial or rough trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to you in reference to your trips.  This specifically includes any summary type documents showing all payments made to you regardless of the purpose of payment or the period of time for which payment was made.

m.      All motor carrier or driver-created trip fuel mileage and purchase reports or records.  This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHEK," or generated for or by you, showing date, time and location of fueling or other purchases by you or your co-driver.

n.      All checks or otherwise described negotiable instruments issued to you or your co-driver given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, owner/operator, or for trip lessors for services, where such are in your possession.  Specifically copies of the front and back of each check or comchek issued to you or your co-driver.

o.      All state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories, regardless of the form of the permit.  This also includes the receipt acknowledging payment for the permit issued by any governmental agency that relate to the movements of you or your co-driver.

p.      All trip leases or trip lease contracts involving you or your co-driver along with all related documentation issued to or created or received by you.  Specifically, this includes any trip leases negotiated between you and any other motor carrier or their drivers inclusive of all related documentation thereto.  Basically, "related documentation" consists of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification and include other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of you or your co-driver.

q.      All information from your satellite tracking system, electronic monitoring system, frame relay system, and electronic data communication systems relating to the location of  you or your co-driver.  This would include "Qualcomm" or any similar data which is generated for the purposes of periodically recording the geographical position of the truck you or your co-driver were operating.

r.      All other documents created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by you or

your co-driver.

(11)  The terms "truck" or "tractor," as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by you or your co-driver at the time of the Subject Accident.

(12)  The term "trailer," as used herein, unless otherwise defined in a specific request herein, means any trailer that may have been attached to the power unit being operated by you at the time of the Subject Accident.

(13)  The term "hours of service records," as used herein, means any and all documents created in reference to Title 49 CFR Chapter III, Subtitle B, Part 395, including, but not limited to, driver's record of duty status, drivers' daily logs, time worked cards or other time worked records or summaries. This term also includes all documents created or maintained by you or your co-driver regarding reprimands, warnings, write-ups, or other disciplinary action taken against you  in connection with violations of Title 49 CFR Chapter III, Subtitle B, Part 395.

(14)  The term "maintenance files and records," as used herein, means those documents required to be created or maintained by you in accordance with Title 49 CFR Chapter III, Subtitle B, Part 396, "inspection, repair and maintenance." This includes, but is not limited to, all driver's tractor and trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in your possession or on located in the truck operated by you on the date of the accident.

(15)  The "FOMCHSFO," as used herein, means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations," which is the federal agency having jurisdiction and field enforcement responsibilities for the Federal Motor Carier Safety Requires, as is set forth in Title 49 CFR, Chapter III.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify yourself by stating your name, address, telephone number, date of birth, driver's license number and the state in which it was issued, and your social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**
Have you been sued under the correct name? If yes, please so state. If not, please provide your full and correct name, address, and telephone number, and the identity of your registered agent or the person or entity who is authorized to receive service of process.

**ANSWER:**



**INTERROGATORY NO. 3:**
Pursuant to Texas Rules of Civil Procedure §192.3(f), describe any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of judgment that may be entered into this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name and address of the person or entity insured, the name and address of the insurer, the limits of applicable coverage and the amounts of any applicable deductibles or self-insured retentions. If any of the applicable insurance policies are aggregate limit policies, please state the applicable limits, whether any claims applicable to such limits have been made, the name, address and phone number of the claimant(s) and his/her attorney(s) and the amount reserved on such claim, state whether any sums have been paid, and if so, state the amount paid, and state the last date upon which a claim can be made against such aggregate limit. Further, please state whether or not notice of the incident was given, and whether or not a non-waiver agreement, reservation or rights letter, or any other document or agreement regarding coverage has been signed by or sent or communication to you.

**ANSWER:**

**INTERROGATORY NO. 4:**
State the name, address, telephone number, area of expertise, and the subject matter upon which you consulted any experts whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**
Identify which of the Subject Injuries you are asserting were not caused or aggravated by the occurrence of the Subject Accident. Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 6:**
If you are asserting more than just a General Denial (TRCP 92) as to the cause(s) of the Subject Injuries, identify the facts upon which you base your assertion. Please supplement this answer as necessary.

**ANSWER:**

**INTERROGATORY NO. 7:**
Please state whether you were charged with any traffic violations in connection with the Subject Accident and, if so, the final disposition of such traffic charge.

**ANSWER:**

**INTERROGATORY NO. 8:**
Please state whether you have ever been charged with or convicted of any crimes and if so, the date of the accident giving rise to the charge(s), the nature of the offense with which you were charged and the disposition of the charge(s).

**ANSWER:**



**INTERROGATORY NO. 9:**
State the approximate speed of your vehicle at the time of the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 10:**
Please state the purpose of your trip at the time of the Subject Accident.  If you were acting within the course and scope of your employment with any employer whom you were employed with at the time of the Subject Accident, or if you were driving a vehicle owned by any such employer, state the name, address, and phone number of any such employer.

**ANSWER:**

**INTERROGATORY NO. 11:**
State whether you consumed any intoxicating beverages or controlled substances within 24 hours prior to the Subject Accident and, if so, specify the type of beverage or controlled substance, the quantity consumed, the time and place where same was consumed, and the identity and address of each person who was present when the beverage and controlled substance was consumed.

**ANSWER:**

**INTERROGATORY NO. 12:**
Please identify all of your employers for the previous ten years by stating the name, address, and telephone number of the employer, the name of your immediate supervisor, a brief description of the nature of your duties, and beginning and ending dates of employment with same.  Please make an indication for the employer(s) you were acting within the course and scope of your employment with at the time of the Subject Accident, if applicable.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please state any and all addresses you have lived at for the previous ten years.

**ANSWER:**

**INTERROGATORY NO. 14:**
Please state whether you have ever been involved in any other motor vehicle collisions at a time when you were the operator of an involved motor vehicle, exclusive of the Subject Accident, and, if so, the date of such collision, whether any claims or civil actions for personal injuries arose out of such collision and the disposition of such claims or civil actions.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state your educational background including all post-elementary school institutions attended, the dates of such attendance and any degrees, diplomas or citations earned.

**ANSWER:**



**INTERROGATORY NO. 16:**
Please state all medications that you had consumed during the two months prior to the Subject Accident, state the dates of consumption, the dosage consumed and the state whether you were taking such medication pursuant to a prescription.

**ANSWER:**

**INTERROGATORY NO. 17:**
Please state the name and address of any and all health care providers, including optometrists or ophthalmologists, of whom you have been a patient for the ten years preceding the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 18:**
Briefly describe the damage that was done to the vehicle you were operating at the time of the Subject Accident and identify the total charges of the cost of repairs to that vehicle.

**ANSWER:**

**INTERROGATORY NO. 19:**
State your contentions as to how the Subject Accident occurred. If you contend that there was any negligence in connection to the Subject Accident attributable to Plaintiff, please identify any such acts or omissions on his part.

**ANSWER:**

**INTERROGATORY NO. 20:**
If you contend that Plaintiff was negligent at the time of the Subject Accident, and that such negligence was a contributing or proximate cause of the Subject Accident, please identify the actions or omissions committed by Plaintiff that you contend were negligent and caused or contributed to cause the Subject Accident. You may attach all descriptive aids as you deem necessary to clarify your answer.

Answer:

**INTERROGATORY NO. 21:**
Please describe any physical pain, injury, or mental anguish you experienced in connection with the Subject Accident. If you reported any of these conditions to your employer at the time of the Subject Accident, please so state. If you missed any work as a result of these conditions, please so state.

**ANSWER:**

**INTERROGATORY NO. 22:**
In the event your company's written policies regarding the hours of service are different from Title 49 CFR Chapter III, Subtitle B, Part 395, please state verbatim your company's written policies regarding the hours of service of your drivers. In lieu thereof, simply attaching these written policies to your answers is sufficient.

**ANSWER:**

**INTERROGATORY NO. 23:**
With respect to the hours of service records and the entries as they are recorded therein for the forty-eight-hour-period immediately preceding the Subject Accident, for each change in duty status of you (e.g., driving, resting, off-duty, etc.), please state the time of day, and the effective status of duty for you. In lieu thereof, produce the hours of service records for the forty-eight hour period immediately preceding the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 24:**
Describe any negative employment-related actions taken against you by your employer in connection with the Subject Accident.

**ANSWER:**

**INTERROGATORY NO. 25:**
Please state the number of citations you have received in connection with violations of 49 CRF Chapter III, Subtitle B, Part 395 - hours of service of drivers, since the date of the start of your performing driving services on your employer's behalf continuing up to either the date of your termination of driving services on your employer's behalf, if applicable, or present date.

**ANSWER:**

**INTERROGATORY NO. 26:**
Since the date of the Subject Accident, have you complained about any physical pain and suffering, or mental anguish to your employer or its compensation carrier? If so, please identify the date the complaint(s) first occurred, how many times you have complained of same, and state whether you have been given any time off from work in connection with said complaints.

**ANSWER:**

**INTERROGATORY NO. 27:**
Did you file for workers compensation in connection with the Subject Accident? If so, please state the date you went on workers compensation, the duration of workers compensation (if it is continuing, please so state), and when you are anticipated to return to work.

**ANSWER:**

## REQUESTS FOR DISCLOSURE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose the information set out within §194.2, subsections (A) through (L).

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
You have been sued by your correct name.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 2:**
You have been sued in the correct capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Venue is proper in the county in which the Petition was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
This Court has proper jurisdiction for all matters brought to issue by the Petition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
You had liability automobile insurance at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
You were at least 50% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
You were 100% at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
You were issued one or more citations in connection with the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
You were issued a citation for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
You plead guilty to a citation for causing the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
You have verbally admitted fault for causing the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 12:**
You exceeded the speed limit within sixty seconds before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
You saw Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
You were aware of the location of Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
You were injured as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
You plan on seeking compensation for personal injuries and/or property damage arising from the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
You are not asserting Plaintiff is at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
You did not see Plaintiff prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
You were using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
You consumed prescription drugs within 24 hours before the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
You consumed illegal drugs within 24 hours before the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 22:**
Your driver's license has been suspended or revoked in any State prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
You have been arrested or convicted of a DWI or DUI prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
You have been at fault for causing an automobile accident prior to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
The road conditions did not cause the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
The Subject Accident did not occur as a result of a sudden emergency.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**
You had a suspended drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
You had a revoked drivers license at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**
You had permission to drive the vehicle you were driving at the time of the Subject Accident from the owner of the vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
You were acting within the course and scope of your employment at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**
You filed a workers compensation claim as a result of the Subject Accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 32:**
You or your spouse owned a cell phone and/or were in possession of a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
One of the passengers in the vehicle with you at the time of the Subject Accident was using a cell phone at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**
A cell phone was in use in your vehicle at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**
A cell phone was in the vehicle at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:**
You were familiar with the area where the Subject Accident occurred.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**
You were hauling goods or merchandise for your employer at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**
At the time of the Subject Accident, you were returning from a delivery for your employer at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**
Your employer at the time of the Subject Accident is a party to this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**
You kept andr maintained an hours of service records book at the time of the accident.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 41:**
The hours of service records, in their original form at the time of the Subject Accident, contain no false information.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**
Since the date of the Subject Accident, the hours of service records for the date of the Subject Accident have been altered.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 43:**
You were accompanied by a co-driver at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 44:**
You have identified your co-driver in your response to Request for Disclosure §194.2(e)

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 45:**
At the time of the Subject Accident, you were required by your employer to maintain hours of service records.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 46:**
You kept an hours of service record at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 47:**
You are in possession of the hours of service records for the date of the Subject Accident..

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 48:**
You are or should be in possession of the hours of service records for the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 49:**
The hours of service records for the date of the Subject Accident contains no false information.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 50:**
The hours of service records for the date of the Subject Accident contains entries that document violations of laws, company policies, rules, or regulations in relation to maximum driving time within a 24-hour period, maximum driving distance within a 24-hour period, or maximum time allowed to drive without rest.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**
You caused the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**
The Subject Accident is documented in the hours of service records for the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**
It is your contention you are at fault for the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**
You are in possession of documents that suggest you caused, or contributed to cause the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**
You and your employer have discussed the Subject Accident prior to litigation in this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 56:**
You had insurance under which you were a "covered person" at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 57:**
You are periodically tested for alcohol in your system by your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**
You are periodically tested for illegal drugs in your system by your employer.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 59:**
You have failed one or more tests for the presence of alcohol since the time your employment began with your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**
You have failed one or more tests for the presence of illegal drugs since the time your employment began with your employer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**
You were tested for the presence of drugs and alcohol within 12 hours prior to or subsequent to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 62:**
You were tested for the presence of drugs and alcohol within two days prior to or subsequent to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 63:**
You tested positive for the presence of alcohol or illegal drugs on the test immediately prior or subsequent to the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 64:**
You complained of physical pain and/or mental anguish in connection with the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 65:**
You were given time off of work to recover from injuries and/or mental anguish arising from the Subject Accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 66:**
Following the Subject Accident, your employment have been terminated voluntarily by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 67:**
Following the Subject Accident, your employment has been terminated by your employer.

**RESPONSE:**



**REQUEST FOR ADMISSION NO. 68:**
Your employer has policies, rules, or regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 69:**
Your employer has written policies, rules, and regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 70:**
You have violated your employer's policies, rules, or regulations that prohibit driving while under the influence of drugs and alcohol, prohibit driving while fatigued or asleep, prohibit driving for longer than a certain amount of time without a break, and prohibit driving for longer than a certain amount of time and more than a certain amount of miles in a 24-hour period, since the date of the start of your employment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 71:**
You have reviewed Plaintiff's medical records and medical bills arising from the Subject Injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 72:**
You are not contesting the cause of the Subject Injuries.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
True, correct, and complete photocopies of all Depositions upon Written Questions taken of any records custodian in connection with this lawsuit pursuant to Tex. R. Civ. P. Rule §200, together with any and all documents that were:
    (1) produced by the witness;
    (2) marked as exhibits to the deposition; or
    (3) provided to the witness by the deposition officer.
Please supplement your response to this request as necessary throughout the course of this lawsuit.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 2:**
All photographs or video footage of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Written notice of your intention to use any evidence of prior convictions of felonies or crimes of moral turpitude against Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
All evidence of prior convictions of felonies or crimes of moral turpitude relating to Plaintiff or any person identified by Plaintiff as a person with knowledge of relevant facts or his expert witnesses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
The materials described by Tex. R. Civ. P. §192.3(e)(6) regarding any consulting experts of yours whose mental impressions or opinions have been or will be reviewed by any of your testifying experts in connection with this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Copy of the front and back of your driver's license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Copy of the title to the vehicle that you were driving at the time of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Any and all photographs or videotapes you have of the vehicles, the parties involved in this case and the scene in question at the time of or following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
A copy of any damage appraisal of your vehicle.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 10:**
Any and all insurance agreement policies, whether basic, umbrella or excess, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  If any of these policies is an aggregate limits policy, and claims applicable to the aggregate limit have been made, please attach copies of all correspondence relating to such claims, and, if payments have been made that are chargeable to the aggregate limit, please attach copies of all checks, drafts, or other instruments reflecting such payments, receipts reflecting such payment and any agreements, including releases, relating to such payments.  Further, if any person carrying on an insurance business has reserved his/her/its rights relative to the incident giving rise to this case, please provide all correspondence relating to such reservation of rights.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Any photographs, video tapes, drawings, maps, diagrams, graphs, sketches or other graphic representations of the accident, the scene of the accident, the motor vehicles involved in the accident or of the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Copies of any and all (oral, written, or transcribed) statements from any person with knowledge of relevant facts referenced in Plaintiff's Petition.  This request includes any statements that would be exempt from discovery under the work product privilege.  In lieu of producing documents you may claim to be covered by the attorney client privilege, you are hereby requested to submit same for incamera inspection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Copies of all reports created by a  local, state, or federal governmental agency prepared in conjunction with or as a result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
A copy of any document that you will proffer as evidence at the trial of this case.  This does not include rebuttal evidence, the use of which cannot be reasonably anticipated before trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 16:**
Any and all local, state, or federal governmental agency document indicating that the Subject Injuries were pre-existing, occurred after the Subject Accident, or were otherwise not the result of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
The cell phone records for the date of the accident, for any cell phone in your vehicle that would either tend to prove or tend to disprove that a cell phone was in use in your vehicle at the time of the accident. This request should not be construed as a request into the substance or subject matter of any communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any documents you would introduce at trial to show that the Subject Accident occurred as a result of a sudden emergency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all photographs, videotapes or medical records of the Plaintiff indicating that the Subject Injuries do not exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all local, state, or federal governmental agency document indicating the Subject Injuries do not exist.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
A true and correct copy of the hours of service records for the month in which the Subject Accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
True and correct copies of any citations you have received within 5 years preceding the Subject Accident while performing in the course and scope of your employment with your employer at the time of the Subject Accident.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 23:**
Complete and clearly readable copies of all trip or operational documents (refer to Definitions and Instructions) pertaining to the movement of cargo by you or your co-driver for the period of time beginning one month prior to the date of the Subject Accident and ending on the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Produce your DOT audits for the preceding two years and the audit for the year in which the subject accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
Produce your safety ratings for the preceding two years and the audit for the year in which the subject accident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Complete and clearly readable copies of your driver's personnel file (refer to Definitions and Instructions), or any otherwise titled files on you in reference to services performed for you by you, from initial contract or employment with you to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**
Complete and clearly readable copies of any state or FOMCSFO (refer to Definitions and Instructions) issued terminal audits, road equipment compliance inspections, driver compliance inspections, warnings of violations, or traffic citations issued in reference to the activities of you or your co-driver, by any city, county, state or federal agency or law enforcement official in your possession. This request specifically includes any documents issued by any governmental agency arising from the activities of you from the date of your initial employment to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in your possession in reference to the Subject Accident excluding only those written documents, materials and objects that can be clearly identified as the work product of the defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by any of the defendants to any other person, organization or governmental entity.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 29:**
Complete and clearly readable copies of any and all accident files and records (refer to Definitions and Instructions) maintained by you or your employer in reference to any vehicular accident, or accident, prior to the occurrence of the Subject Accident wherein you or your co-driver or driver-trainer were involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**
Complete and clearly readable copies of all hours of service records created by you or your co-driver, for the period of time beginning one month prior to the date of the Subject Accident and ending on the date of the Subject Accident, that are in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**
Complete and clearly readable copies of any and all notices, directives, bulletins, publications, or otherwise company-distributed manuals of any type relating to the day-to-day motor carrier operating and safety procedures given to you by your employer, to be followed by you, in existence and effective in your employer's company on the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**
Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording" data or records created with QualComm, HighwayMaster, American Mobile Satellite Corp.'s devices, or such other similar technology, where such documents are indicative of the geographical locations of the truck, during the period of time beginning one month prior to the Subject Accident and ending on the date of the Subject Accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
All documents reflecting or relating to written driving examinations taken by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**
Training videos or other materials used for the training of your company's drivers within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**
Training videos or other material that was used during your training with your employer. If the responsive material is identical to the material that is responsive to the preceding request, please so state in your response.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 36:**
Equipment-related documents for the tractor required by 49 C.F.R. Chapter III, Subtitle B, Part 376 for the last year.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**
All photographs, drawings, diagrams, records of measurements and other depictions and documents reflecting the scene of the occurrence in question and vehicles involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**
All reports, memos, correspondence, notes, telephone messages, voice mail recordings, e-mail, and other communications among or between you and other third parties from the time of the Subject Accident until the collection of specimens from you for alcohol and controlled substances testing, only to the extent such communications were concerning the condition, whereabouts, activities, testing and other circumstances concerning you. This request does not seek communications protected by the attorney-client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**
All documents reviewed, prepared, or otherwise utilized in connection with any internal analysis or investigation into the Subject Accident, only to the extent that the analysis was conducted pursuant to your internal safety policies (i.e., this request does not seek the results of investigations conducted by your attorney in preparation of litigation).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**
All documents reviewed, prepared, or otherwise utilized in connection with any internal analysis or investigation into the "vehicle cause and prevention" of all collisions involving your vehicles or drivers over the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**
All "maintenance files and records" for the tractor and trailer that was driven by you on the date of the Subject Accident, for the period from its original purchase or lease by you, regardless of from whom it was obtained, through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**
All lease agreements, use agreements, employment agreements, or other agreements relating to the tractor, trailer or you.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 43:**
The registration and title documents for the tractor and trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**
All documents relating to the U.S. Department of Transportation surveys and audits conducted on, for, or against you or your employer for the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**
The tractor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**
The trailer.

**RESPONSE:**


Respectfully Submitted,

**JAMES KENNEDY, P.L.L.C.**
6216  Gateway Blvd. East
El Paso, Texas 79905
(915) 544-5200
FAX (915) 532-2423

By:   /s/ James B. Kennedy
**JAMES B. KENNEDY, JR.**
State Bar No.: 00791014


A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY_____ Deputy
NOV 2 1 2017

DISTRICT COURTS
EL PASO COUNTY, TEXAS